**INACOM**

PO BOX 7777-W4311
PHILADELPHIA PA 19175-4311

## INVOICE

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 05 25 00 | 11029074 |

| CUSTOMER PO REFERENCE |
|---|
| |

| CUSTOMER REFERENCE |
|---|
| |

| CUSTOMER NUMBER | CONTRACT NUMBER |
|---|---|
| 48018144 | 818897 |

OWENS CORNING                    000513

Attn  Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo OH 43659 1000

FEDERAL TAX ID 47-0681813

RECAP INVOICE # 72236

Please contact your Inacom Customer Service
Representative at 800 301 9068 regarding any
questions on this billing

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 000818897 | | | |
| | | | |
| SERVICE LOCATION 004514968 | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo, OH 43659 - | | | |
| | | | |
| CUSTOMER PO | | | |
| SYSTEMS MAINTENANCE- NO SERIAL (05/22/00) (05/22/00) | | | |
| LCMS-003: ESB/PEOPLESOFT SUPPORT-MAY 2000-29 UNITS @ $100.00 EACH = $2,900.00 | 1.00 | $2,900.00 | $2,900.00 |

| | |
|---|---|
| Subtotal | $2,900.00 |
| Tax | $0 00 |
| Invoice Total ▶ | $2,900.00 |

123

# INVOICE

**Inacom**
*Nurning is everything®*

PO BOX 7777-W4310
PHILADELPHIA, PA 19175-4310

▲ ▲ REMIT TO ▲ ▲

OWENS CORNING
Attn: Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo, OH 43659-1000

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 5/25/00 | 11028076 |

CUSTOMER P O

GSA NUMBER

| CUSTOMER NUMBER | RECAP NUMBER |
|---|---|
| 48018144 | 72236 |

Please contact your Inacom Customer Service
representative at (800) 301-9068 regarding any
questions on this billing
FEDERAL TAX ID: 47-0681613

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 818897 | | | |
| | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo, OH 43659 | | | |
| | | | |
| CLBS-HOCS RLA SUPPORT FOR OC ASIA PACIFIC, 369 SEATS @$3 | 1 00 | 17,935 78 | 17,935 78 |

**TERMS:** Due Upon receipt of invoice

We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6,7, and 12 of the Fair Labor Standards Act, as Amended, and of regulations and orders of the U S Department of labor issued under section 14 thereof

| | |
|---|---|
| SUBTOTAL | 17,935 78 |
| TAX | .00 |
| TOTAL DUE | 17,935 78 |

124

**INACOM**

PO BOX ~~~~ A43~0
PHILADELPHIA PA 19175-43~0

# INVOICE

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 05 25 00 | 11028076 |

| CUSTOMER PO REFERENCE |
|---|
| |

| CUSTOMER REFERENCE |
|---|
| |

| CUSTOMER NUMBER | CONTRACT NUMBER |
|---|---|
| 48018144 | 818897 |

OWENS CORNING                    000910

Attn  Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo OH 43659 1000

FEDERAL TAX ID  47-0681813

RECAP INVOICE # 72236

Please contact your Inacom Customer Service
Representative at 800.301 3068 regarding any
questions on this billing

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 000818897 | | | |
| | | | |
| SERVICE LOCATION 004514968 | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo, OH 43659 · | | | |
| | | | |
| CUSTOMER PO | | | |
| SYSTEMS MAINTENANCE- NO SERIAL (05/22/00) (05/22/00) | 1.00 | $17,935.78 | $17,935.78 |
| CLBS-HDCS: RLA SUPPORT FOR OC ASIA PACIFIC, 369 SEATS @$31.34 EACH-MAY | | | |
| 2000 = $11,564.46. RLA SUPPORT FOR LATIN AMERICA, 98 SEATS-MAY 2000 = $3,071.32. | | | |
| INTEGRATION LAB, 22 APPLICATIONS @$150.00 EACH-MAY 2000 = $3,300.00 | | | |

| | | |
|---|---|---|
| Subtotal | | $17,935.78 |
| Tax | | $0 00 |
| **Invoice Total** ▶ | | $17,935.78 |

# INVOICE

**inacom.**
*Running to everything.™*

PO BOX 7777-W4310
PHILADELPHIA, PA 19175-4310
▲ ▲ REMIT TO ▲ ▲

OWENS CORNING
Attn: Brook Brown
2790 Columbus Rd, Rt 16
Granville, OH 43023-

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 7/10/00 | 11041316 |

| CUSTOMER PO |
|---|

| USA NUMBER |
|---|

| CUSTOMER NUMBER | RECAP NUMBER |
|---|---|
| 48018144 | 73359 |

Please contact your Inacom Customer Service
representative at (800) 301-9068 regarding any
questions on this billing
FEDERAL TAX ID: 47-0681813

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 818897 | | | |
| | | | |
| OWENS CORNING | | | |
| 2790 Columbus Rd, Rt 16 | | | |
| Granville, OH 43023 | | | |
| | | | |
| PO #4500737750  INTEGREX - S77@ 123.10      JUNE 2000 | 1.00 | 71,028.70 | 71,028.70 |

| | | | |
|---|---|---|---|
| **TERMS: Due Upon receipt of Invoice** We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6,7, and 12 of the Fair Labor Standards Act, as Amended, and of regulations and orders of the U S Department of labor issued under section 14 thereof | SUBTOTAL | | 71,028.70 |
| | TAX | | .00 |
| | TOTAL DUE | | 71,028.70 |

126



**inacom**
*Running in everything™*

PO BOX 7777-W4310
PHILADELPHIA, PA 19175-4310

▲ ▲ REMIT TO ▲ ▲

OWENS CORNING
Attn. Brook Brown
2790 Columbus Rd, Rt 16
Granville, OH 43023-

# INVOICE

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 7/10/00 | 11041338 |

CUSTOMER PO

GSA NUMBER

| CUSTOMER NUMBER | RECAP NUMBER |
|---|---|
| 48018144 | 73358 |

Please contact your Inacom Customer Service
representative at (800) 301-9068 regarding any
questions on this billing
FEDERAL TAX ID: 47-0681813

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 818897 | | | |
| | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo, OH 43659 | | | |
| | | | |
| PO#4500744559  ESB/PEOPLESOFT SUPPORT  JUNE 2000  36@ | 1 00 | 3,600 00 | 3,600 00 |

| | | | |
|---|---|---|---|
| **TERMS: Due Upon receipt of Invoice** We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6,7, and 12 of the Fair Labor Standards Act, as Amended, and of regulations and orders of the U S Department of labor issued under section 14 thereof | SUBTOTAL | | 3,600.00 |
| | TAX | | 00 |
| | TOTAL DUE | | 3,600 00 |

127

  

**INVOICE**

Page 1 of 1

PO BOX 7777-W4310
PHILADELPHIA, PA 19175-4310

▲ ▲ REMIT TO ▲ ▲

OWENS CORNING
Attn Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo, OH 43659-1000

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 07/10/2000 | 11041339 |

CUSTOMER P.O.

GSA NUMBER

| CUSTOMER NUMBER | RECAP NUMBER |
|---|---|
| 48018144 | 73358 |

Please contact your Inacom Customer Service
representative at (800) 301-9068 regarding any
questions on this billing
FEDERAL TAX ID: 47-0681813

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 818897 | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo, OH 43659 | | | |
| PO#4500728443 JUNE 2000:5741 SEATS 706,717.10;CHARLESTON S | 1.00 | 705,433.56 | 705,433.56 |

*[handwritten notes:]* 8-11  I tracked entire invoice in error please invoice for 6-1 to 6-16 = 352,716.78

*[handwritten:]* 1/2 Month   352,716.78

| | | |
|---|---|---|
| | SUBTOTAL | 705,433.56 |
| | TAX | .00 |
| | TOTAL DUE: | 705,433.56 |

**TERMS:** Due Upon receipt of Invoice

We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6,7, and 12 of the Fair Labor Standards Act, as Amended, and of regulations and orders of the U.S. Department of labor issued under section 14 thereof

# Inacom
Information Systems

☐ Check Here For Address Change

PO BOX 7777-W4310
PHILADELPHIA, PA 19175-4310

▲ ▲ REMIT TO: ▲ ▲

### REMITTANCE ADVICE - LOCATION

| INVOICE DATE | INVOICE RECAP NUMBER |
|---|---|
| 08.11.00 | 74104 |

| CUSTOMER PO |
|---|
| |

| CUSTOMER NUMBER |
|---|
| 48018144 |

OWENS CORNING
Attn: Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo OH 43659 1000

CCCC09

Please contact your Inacom Customer Service Representative at 800.301.9068 regarding any questions on this billing

FEDERAL TAX ID: 47-0681813

| TOTAL NUMBER OF INVOICES: |
|---|
| 1 |

| INVOICE | LOCATION | CUSTOMER PO | CUSTOMER SALES/COST CENTER | PRE TAX AMOUNT | TAX AMOUNT | INVOICE TOTAL |
|---|---|---|---|---|---|---|
| 11046616 | OWENS CORNI | | | $352,716.78 | $0.00 | $352,716.78 |

RMS: Due upon
receipt of invoice

We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6.7. and 12 of the Fair Labor Standards Act, as amended, and of regulations and orders of the U.S. Department of Labor issued under section 14 thereof.

| SUBTOTAL | $352,716.78 |
|---|---|
| TOTAL TAX | $0.00 |
| TOTAL DUE ▶ | $352,716.78 |
| AMOUNT ENCLOSED | |

## PLEASE RETURN THIS PAGE WITH PAYMENT

129



**PO BOX 7777-W4310**
**PHILADELPHIA, PA 19175-4310**

▲ ▲ **REMIT TO** ▲ ▲

OWENS CORNING
Attn Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo, OH 43659-1000

# INVOICE

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 7/10/00 | 11041340 |

| CUSTOMER P O |
|---|

| GSA NUMBER |
|---|

| CUSTOMER NUMBER | RECAP NUMBER |
|---|---|
| 48018144 | 73358 |

Please contact your Inacom Customer Service
representative at (800) 301-9068 regarding any
questions on this billing
FEDERAL TAX ID: 47-0681813

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 818897 | | | |
| | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo OH 43659 | | | |
| | | | |
| PO#4500749140 JUNE 2000 CANADA SEATS    513@123 10 | 1.00 | 63,150 30 | 63,150 30 |

| | | |
|---|---|---|
| **TERMS: Due Upon receipt of Invoice** We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6,7, and 12 of the Fair Labor Standards Act, as Amended, and of regulations and orders of the U S Department of labor issued under section 14 thereof | SUBTOTAL | 63,150.30 |
| | TAX | .00 |
| | TOTAL DUE | 63,150.30 |

# inacom.
*Knowing is everything™*

## INVOICE

PO BOX 7777-W4310
PHILADELPHIA, PA 19175-4310

▲ ▲ REMIT TO ▲ ▲

OWENS CORNING
Attn Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo, OH 43659-1000

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 7/10/00 | 11041342 |

**CUSTOMER PO**

**USA NUMBER**

| CUSTOMER NUMBER | RECAP NUMBER |
|---|---|
| 48018144 | 73358 |

Please contact your Inacom Customer Service
representative at (800) 301-9068 regarding any
questions on this billing
FEDERAL TAX ID: 47-0681813

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 818897 | | | |
| | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo, OH 43659 | | | |
| | | | |
| PO#4500728544  JUNE 2000· DEPOT NON-RETURNED 1 589 38, BILL | 1 00 | 9,997.12 | 9,997 12 |

| | | |
|---|---|---|
| **TERMS: Due Upon receipt of Invoice** We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6,7, and 12 of the Fair Labor Standards Act, as Amended, and of regulations and orders of the U S Department of labor issued under section 14 thereof | SUBTOTAL | 9,997.12 |
| | TAX | .00 |
| | TOTAL DUE | 9,997.12 |



**INVOICE**

PO BOX 7777-W4310
PHILADELPHIA, PA 19175-4310

▲ ▲ REMIT TO ▲ ▲

OWENS CORNING
Attn  Jeff Damman
Owens Corning
1 Owens Corning Pkwy
Toledo, OH 43659-1000

| INVOICE DATE | INVOICE NUMBER |
|---|---|
| 7/10/00 | 1104/343 |

| CUSTOMER P O |
|---|

| GSA NUMBER |
|---|

| CUSTOMER NUMBER | RECAP NUMBER |
|---|---|
| 48018144 | 73158 |

Please contact your Inacom Customer Service
representative at (800) 301-9068 regarding any
questions on this billing
FEDERAL TAX ID: 47-0681813

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| CONTRACT 818897 | | | |
| | | | |
| OWENS CORNING | | | |
| Owens Corning | | | |
| Toledo, OH 43659 | | | |
| | | | |
| PO#4500728532  RLA SUPPORT OC ASIA PACIFIC   369 SEATS@31 3 | 1 00 | 11,564 46 | 11,564 46 |
| PO#4500728532  RLA SUPPORT LATIN AMERICA    98 SEATS @ 31 3 | 1 00 | 3,071 32 | 3,071 32 |
| PO#4500728532  INTEGRATION LAB - 30 APPLICATIONS @ 150 00 | 1 00 | 4,500 00 | 4,500 00 |

| | | |
|---|---|---|
| TERMS:  Due Upon receipt of Invoice | We hereby certify that these goods and/or services were produced in compliance with all applicable requirements of sections 6,7, and 12 of the Fair Labor Standards Act, as Amended, and of regulations and orders of the U S  Department of labor issued under section 14 thereof | SUBTOTAL  19,135.78 |
| | | TAX  .00 |
| | | TOTAL DUE  19,135.78 |



| | original | outstanding | current | zero to thirty | over30 | over60 | over90 | over120 | over180 | TTL >30 |
|---|---|---|---|---|---|---|---|---|---|---|
| DWARD / $ | 28,937.50 | 4,375.00 | | | | | | | 4,375.00 | 4,375.00 |
| DWARD / $ | 5,000.00 | 5,000.00 | | | | | | | 5,000.00 | 5,000.00 |
| DWARD / $ | 35,287.50 | 17,287.50 | | | | | | | 17,287.50 | 17,287.50 |
| DWARD / $ | 1,650.00 | 1,250.00 | | | | | | 1,250.00 | | 1,250.00 |
| DWARD / $ | 20,833.63 | 7,768.63 | | | | | | 7,768.63 | | 7,768.63 |
| DWARD / $ | (17,288.00) | (17,288.00) | | | | | | (17,288.00) | | (17,288.00) |
| DWARD / $ | 89,468.39 | 80,996.39 | | | | | 80,996.39 | | | 80,996.39 |
| DWARD / $ | (6,681.50) | (6,681.50) | | | | | (6,681.50) | | | (6,681.50) |
| 2WARD / $ | (4,375.00) | (4,375.00) | | | | | (4,375.00) | | | (4,375.00) |
| 2WARD / $ | 4,500.00 | 4,500.00 | | | | 4,500.00 | | | | 4,500.00 |
| 2WARD / $ | 900.00 | 900.00 | | | | 900.00 | | | | 900.00 |
| 2WARD / $ | (904.00) | (904.00) | | | | (904.00) | | | | (904.00) |
| 2WARD / $ | 1,000.00 | 1,000.00 | | | 1,000.00 | | | | | 1,000.00 |
| 2WARD / $ | 4,000.00 | 4,000.00 | | | 4,000.00 | | | | | 4,000.00 |
| 2WARD / $ | 625.00 | 625.00 | | 625.00 | | | | | | |
| 2WARD / $ | 1,945.81 | 1,945.81 | | 1,945.81 | | | | | | |
| 2WARD / $ | 2,473.00 | 2,473.00 | | 2,473.00 | | | | | | |
| 2WARD / $ | 1,650.00 | 1,650.00 | | 1,650.00 | | | | | | |
| XWARD / $ | 1,100.00 | 1,100.00 | | 1,100.00 | | | | | | |
| XWARD / $ | 1,410.89 | 1,410.89 | | 1,410.89 | | | | | | |
| TER D | 500.00 | 500.00 | | 500.00 | | | | | | |
| AWARD / $ | 2,789.15 | 2,789.15 | | 2,789.15 | | | | | | |
| AWARD / $ | 12,728.00 | 12,728.00 | | 12,728.00 | | | | | | |
| AWARD / $ | 2,675.00 | 2,675.00 | | 2,675.00 | | | | | | |
| WARD / $ | 10,125.00 | 10,125.00 | | 10,125.00 | | | | | | |
| ER D | 181,015.50 | 181,015.50 | | 181,015.50 | | | | | | |
| ER D | 19,809.77 | 19,809.77 | | 19,809.77 | | | | | | |
| ER D | 3,500.00 | 3,500.00 | | 3,500.00 | | | | | | |
| AWARD / $ | 3,042.00 | 3,042.00 | | 3,042.00 | | | | | | |
| AWARD / $ | 1,092.00 | 1,092.00 | | 1,092.00 | | | | | | |
| AWARD / $ | 6,125.00 | 6,125.00 | | 6,125.00 | | | | | | |
| WARD / $ | 250.00 | 250.00 | | 250.00 | | | | | | |
| WARD / $ | 250.00 | 250.00 | | 250.00 | | | | | | |
| WARD / $ | 571.20 | 571.20 | | 571.20 | | | | | | |
| WARD / $ | 66.00 | 66.00 | | 66.00 | | | | | | |
| WARD / $ | 423.00 | 423.00 | | 423.00 | | | | | | |

$ 348,963.44

# EXHIBIT 2

Inacom F.O. Box 7777-W6205
PHILADELPHIA, PA 19175

Invoice

500908
28-MAY-99    1 of 1
CCOR103867

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S04605724B    S04605724B

JULIE CORNELL
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: JULIE CORNELL /
TOLEDO OH 43659-1000    WHO JC

28,937.50    1    1    28,937.50    28,937.50

NET    27 JUN 99    JULIE CORNELL

Invoice Description

STYMLER, HARRY    SYSTEMS ENG# SR125.00    231.50
T'LEDO

28,937.50    0.00    0.00    28,937.50
Currency: USD

Inv... P.O. Box 7777-W-205
PHILADELPHIA PA 19175

Invoice

501R97

23 JUL '99    1 of 1

OCOR10410

PKCS BROWN
OWENS CORNING
OWENS CORNING
BESS BROWN BLDG 51
2790 COLUMBUS RD. ROUTE 16
GRANVILLE OH 43023

OWENS CORNING
OWENS CORNING
ATTN:
203 CEDAR ROAD
ERNIS TX 75119

BESS BROWN

30 NET                    22 AUG 99

...Mgmt Charge Edwards 4/5-4/30, 80 hrs @ $125/hr
1...@ 1.00...

| | | | S04605724B  S04605724B |
|---|---|---|---|
| 1 | 1 | 5,000.00 | 5,000.00 |
| | | 5,000.00 | 5,000.00 |

| 5,000.00 | 0.00 | 0.00 | 5,000.00 |
| | | | Currency: USD |

InaCom P.O. Box 77777-W205
PHILADELPHIA PA 19175

Invoice

505293
24-NOV-99    1 of 1
CCOR106448

OWENS CORNING
OWENS CORNING
OWENS CORNING PKWY
TOLEDO OH 43659-1000

GREGORY PF:EPSON
OWENS COPPING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: GREGORY PETERSON
TOLEDO OH 43659-1000

TO RET        26-DEC-99        GREGORY PETER

S046057248    S046057248

| | Invoice Description | | | |
|---|---|---|---|---|
| 1 | Y2K Helpdesk Tool: Todd Pochadt, 9/20-11/5/99. 47.25 hrs @ $125/hr | 1 | 5,906.25 | 5,906.25 |
| 2 | Y2K Helpdesk Tool: Todd Pochadt, 11/9-11/12/99. 3.25 hrs @ $125/hr | 1 | 406.25 | 406.25 |
| 3 | Y2K Helpdesk Tool: Todd Pochadt, 11/15-11/19/99. 5 hrs @ $125/hr | 1 | 625.00 | 625.00 |
| 4 | Y2K Helpdesk Tool: Brian Byczynski, 9/21-10/5/99. 37 hrs @ $100/hr | 1 | 3,700.00 | 3,700.00 |
| 5 | Y2K Helpdesk Tool: Tony Baldwin, 10/2-11/6/99. 85.5 hrs @ $100/hr | 1 | 8,550.00 | 8,550.00 |
| 6 | Y2K Helpdesk Tool: Penny Parton, 9/29-10/19/99. 111 hrs @ $100/hr | 1 | 11,100.00 | 11,100.00 |
| 7 | Y2K Helpdesk Tool: Cynthia Stiemo, 9/22-9/30/99. 33.5 hrs @ $100/hr | 1 | 3,350.00 | 3,350.00 |
| 8 | Y2K Helpdesk Tool: Tony Baldwin, 11/8-11/12/99. 16.5 hrs @ $100/hr | 1 | 1,650.00 | 1,650.00 |

35,287.50        0.00        0.00        35,287.50
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

505796
24-DEC-99    1 of 1
OCOR106793

ACCOUNTS PAYABLE
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY 3/C
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659-1000

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S046057248    S046057248

ACCOUNTS PAYA

Invoice                                23-JAN-00

BROWN, RUTH M        PROJECT LEADER125.00
10.00    TOLEDO            OH

10 NET                                   1

1                    1          1,250.00    1,250.00

1,250.00    0.00    0.00

1,250.00
Currency: USD

138

Inacom P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

505796
24-DEC-99    1 of 1
OCOR106793

S046057248    S046057248

ACCOUNTS PAYABLE
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY 3/C
ATTN: JOHN W. LOINSKY
TOLEDO OH 43659-1000

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

NET    23-JAN-00

Invoice Description

BROWN, PHILIP M
TOLEDO                OH    PROJECT LEADER    125.00    10.00    1,250.00

ACCOUNTS PAYA

1    1    1,250.00    1,250.00

0.00    0.00    1,250.00
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

**Invoice**

507073

21-JAN-00   1 of 1

CCOR107251

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY J/C
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659-1000

Invoice

20-FEB-00

JOHN HOLDINSK

S046057248   S046057248

| | | |
|---|---|---|
| 1 | Guelph: Project Manager: Jesse Edwards: 11/15-12/17/99, 78.5 hrs @ $125/hr | 1 | 9,812.50 | 9,812.50 |
| 2 | Canadian Onsite Engineers: 12/14-12/16/99 103.5 hrs @ $78/hr; 12/17/99 4.5 hrs @ $78/hr = 108 hrs | 1 | 8,424.00 | 8,424.00 |
| 1 | Guelph: Onsite: Jesse Edwards, 12/13): 12/18/99, 20 hrs @ $78/hr | 1 | 1,560.00 | 1,560.00 |
| 4 | Guelph expenses @ cost: Lodging $313.60; Car Rental $624.18; Phone $157.19; Meals $158.06; Parking/Tolls $34.10 | 2 | 1,087.13 | 1,087.13 |

NET   20,883.63   0.00   0.00   20,883.63
Currency: USD

GREGORY PETERSON
OWENS CORNING
OWENS CORNING
ATTN: GREGORY PETERSON
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

GREGORY PETERSON

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

Invoice
P O Box 77
PHILADELPHIA PA 19178

CN?YARD
14 FEB-00    1 of 1
CCOR10644R

SO46057249  SO46057248

IN NET
Invoice                 14-MAR-00                    -1            -1          17,,99.00      117,288.001

250ip Kt Pill Reduct - to reduce inv
$08,239 ..customer agreed to pay $18,000.

117,288.001        0.00        0.00        117,288.001
                                          Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

507639
25-FEB-00    1 of 3
CCOR106917

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT J/E
OWENS CORNING
OWENS CORNING
PAT HELDT J/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT J/E

S04605724B    S04605724B

Invoice    26-MAR-00

| # | Description | | | | |
|---|---|---|---|---|---|
| 1 | COP-Lunch-BILLABLE 35.93Dollars | 1 | 35.93 | 35.93 | 35.93 |
| 2 | COP-Mileage Expense-BILLABLE 422.00Miles | 1 | 126.60 | 126.60 | 126.60 |
| 3 | COP-Park,toll,gas-BILLABLE 116.50Dollars | 1 | 116.50 | 116.50 | 116.50 |
| 4 | COP-Telephone-BILLABLE 29.14Dollars | 1 | 29.14 | 29.14 | 29.14 |
| 5 | MCCORMICK, Ann B ASSOCIATE SYSTS75.00 TOLEDO OH 26.00 | 1 | 1,950.00 | 1,950.00 | (1,950.00) |
| 6 | SAUNDERS, EMILY S [E SYSTEMS ENGINE79.00 TOLEDO OH 34.00 | 1 | 2,652.00 | 2,652.00 | 2,652.00 |
| 7 | ENGINEER, I 85.00 TOLEDO OH 40.00 | 1 | 3,400.00 | 3,400.00 | 3,400.00 |
| 8 | RICHARDS, MARK E ENTERPRISE ENG75.00 TOLEDO OH 106.00 | 1 | 7,950.00 | 7,950.00 | 7,950.00 |
| 9 | Sr Project Manager: Toby Venari 1/10-1/28/00. 144 hrs @ $150/hr | 1 | 21,600.00 | 21,600.00 | 21,600.00 |

88,455.39    0.00    0.00    88,466.39
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

507639
25-FEB-00   2 of 3
CCOR106917

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT 3/E
OWENS CORNING
OWENS CORNING
PAT HELDT 3/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT 3/E

S046057248    S046057248

JO HET    Invoice    25-MAR-00

| Line | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| 10 | Toby Venar expenses @ cost: Air Fare $1,956; Cab $225; Car Rental $589.05; Lodging $877.14; Parking/Tolls $28.29; Meals $236.48; Supplies $54.20 | 1 | 3,966.46 | 3,966.46 |
| 11 | Server/P/W/DNS: Tony McGreevy: 1/17-1/21/00, 40 hrs @ $150/hr | 1 | 6,000.00 | 6,000.00 |
| 12 | GRAHAM, RANDY L   ASSOCIATE SYST 75.00  OH  120.50  TOLEDO | 1 | 9,037.50 | 9,037.50 |
| 13 | POSE, MOLLY, T   SENIOR SYSTEMS 150.00  OH  34.00  TOLEDO | 1 | 5,100.00 | 5,100.00 |
| 14 | DUMONT, AMY E   PROFESSIONAL $75.00  OH  40.00  TOLEDO | 1 | 3,000.00 | 3,000.00 |
| 15 | MCCORMICK, ANN B   ASSOCIATE SYST 75.00  OH  310.25  TOLEDO | 1 | 23,268.75 | 23,268.75 |
| 16 | AMEX-Air Travel-BILLABLE  2,895.36Dollars | 1 | 2,895.36 | 2,895.36 |
| 17 | AMEX-Car Rental-BILLABLE  345.78Dollars | 1 | 345.78 | 345.78 |
| 18 | AMEX-Dinner-BILLABLE  7.62Dollars | 1 | 7.62 | 7.62 |

88,466.39    0.00    0.00    88,466.39
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

507639

25-FEB-00    3 of 3

OCOR106937

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S046057248    S046057249

| | FAT HELDT 3/E | | | |
|---|---|---|---|---|
| Invoice | | | | |
| AMEX-Lodging-BILLABLE | 1 | 1 | 690.29 | 690.29 |
| 690.29Dollars | | | | |
| AMEX-Telephone-BILLABLE | 1 | 1 | 120.64 | 120.64 |
| 120.64Dollars | | | | |
| COP-Breakfast-BILLABLE | 1 | 1 | 5.49 | 5.49 |
| 5.49Dollars | | | | |
| COP-Dinner-BILLABLE | 1 | 1 | 33.33 | 33.33 |
| 33.33Dollars | | | | |
| COP-Lodging-BILLABLE | 1 | 1 | 35.00 | 35.00 |
| 35.00Dollars | | | | |

25-MAR-00

NET

PAT HELDT 3/E
OWENS CORNING
OWENS CORNING
PAT HELDT 3/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

88,466.39    0.00    0.00    88,466.39
Currency: USD

144

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: JOHN HOLDINSKY 3/C
TOLEDO OH 43659-1900

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1900

NET

MAR.00

PHILADELPHIA PA

# Project Search

Report run on  February 15, 2005 4 15 PM

| Project Id | Invoice Number | Customer Number | Customer Name |
|------------|----------------|-----------------|---------------|
| 10878      | 508937         | S046057248      | OWENS CORNING |

Page 1

# INACOM

P.O. Box 1617
Alpharetta, GA 30009-1617

## INVOICES

Report run on    February 15, 2005 4 13 PM

Page 1

Cust Id:    143474
Cust Name:    OWENS CORNING
Cust Num:    504605724B

| Customer Tra Id | Invoice No | Tra Date | Due Date | Invoice Amt | Balance Amt | Payment Amt | Adjustments | Credit Used | Payment Schedule Id | Currency Code | Flag | Name | PO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 337359 | 569124 | 23-FEB-00 | 24-MAR-00 | 4375 | 0 | 0 | 4375 | 0 | 345900 | USD | | 30 NET | CCDR1033367 |
| Subtotal: | | | | 4375 | 0 | 0 | 4375 | 0 | | | | | |
| Total: | | | | 4375 | 0 | 0 | 4375 | 0 | | | | | |

147

Inacom
P.O. Box 77777-W6Z05
PHILADELPHIA PA 19175

Invoice

509526

24-MAR-00    1 of 1

10694B

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

JOHN HOLDINSKI
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: JOHN HOLDINSKY 3/C
TOLEDO OH 43659-1000

JOHN HOLDINSKY

Invoice    23-APR-00

| | | | | | | |
|---|---|---|---|---|---|---|
| PICHARDS, MARK E | ENTERPRISE ENGINEERING | | 1 | 1 | | S046057248  S046057248B |
| 30.00 | TOLEDO OH | | | | | |

4,500.00    4,500.00    4,500.00

0.00    0.00

4,500.00
Currency: USD

30 NET

Invoice

Inacom
P.O. Box 7777-N6205
PHILADELPHIA PA 19175

508559

24-MAR-00    1 of 1

107899

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
ONE OWENS CORNING PKWY 3/E
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659

30 NET

Invoice          23-APR-00          ENTERPRISE ENGI50.00
                                              OH

JOHN HOLDINSKY                    1                    1

RICHARDS, MARK E TOLEDO
4.00

900.00                    S046057248    S046057248

900.00          0.00          0.00          900.00
                                         Currency: USD

149

Inacom
P.O. Box 77777-W6205
PHILADELPHIA PA 19175

Invoice

| | | | |
|---|---|---|---|
| | | 510026 | |
| | | 05-MAY-00  1 of 1 | |
| | | 108132 | |

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43559-1000

JOHN HOLDINSKY

| | | | S046057248   S046057248 B |
|---|---|---|---|

| | 1 | 1 | 1,000.00 | 1,000.00 |

30 NET                    04-JUN-00

Invoice

EDWARDS, JESSE P          SYSTEMS ENGINEERS.00
8.00   TOLEDO             OH

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
ONE OWENS CORNING PKWY 3/E
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659

1,000.00        0.00        0.00        1,000.00
                                        Currency: USD

150

Invoice

Inacom
P. O. Box 7777-W6205
PHILADELPHIA PA 19175

510056
15-MAY-00     1 of 1
DCOR106862

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

STEVE STROBEL
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: STEVE STROBEL
TOLEDO OH 43659-1000

1/2 NET          14-JUN-00

1    Invoice                                                    STEVE STROBEL
     Financial Report System: Paul Howling, 37
     hrs. 1/17/00-1/21/00

                                            1              1        4,000.00     4,000.00

                                                                   SO4605724B    SO4605724B

Rebill to invoice 509179

                              4,000.00      0.00      0.00         4,000.00
                                                                  Currency: USD

Inacom
P.O. Box 77777-W6205
PHILADELPHIA PA 19175

Invoice

530147

26-MAY-00    1 of 1

OCOR106793

ACCOUNTS PAYABLE
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY J/C
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659-1000

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

Invoice          25-JUN-00

16 NET

STOTLER, BARRY A    ENTERPRISE ENG125.00
%.00    TOLEDO    OH

ACCOUNTS PAYA

S046057248    S046057248

625.00    625.00

625.00    0.00    0.00    625.00
Currency: USD

152

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

530169
26-MAY-00    1 of 1

OWENS CORNING
OWENS CORNING
ATTN:
203 CEDAR ROAD
ENNIS TX 75119

S046057248    S046057248

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
BESS BROWN BLDG 53
2790 COLUMBUS RD ROUTE 16
GRANVILLE OH 43023

30 NET

Invoice        25-JUN-00        JOHN HOLDINSK

| | | | |
|---|---|---|---|
| 1 | BROWN, RUTH M      PROJECT LEADER 125.00 | 1 | 1,250.00 | 1,250.00 |
| | 10.00      TX | | | |
| 2 | FRITZ, TIMOTHY J ITI ASSOCIATE SYST 78.00 | 1 | 585.00 | 585.00 |
| | 7.50        ENNIS            TX | | | |
| 3 | COP-Lunch-BILLABLE | 1 | 5.81 | 5.81 |
| | 5.81Dollars | | | |
| 4 | COP-Mileage Expense-BILLABLE | 1 | 105.00 | 105.00 |
| | 350.00Miles | | | |

1,945.91        0.00        0.00        1,945.81
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

**Invoice**

510170

26-MAY-00    1 of 1

107983

OWENS CORNING
OWENS CORNING
402 PERRY RD
CLAREMONT NC 28610

S04605724B    S04605724B

| | | | | | |
|---|---|---|---|---|---|
| PAT HELOT 3/E | | 1 | 1 | 2,340.00 | 2,340.00 |
| OWENS CORNING | | 1 | 1 | 133.00 | 133.00 |
| OWENS CORNING | | | | | |
| PAT HELOT 3/E | | | | | |
| PAT HELOT 3/E | | | | | |
| 1 OWENS CORNING PKWY | | | | | |
| TOLEDO OH 43659-1000 | | | | | |

PAT HELOT 3/E

Invoice    25-JUN-00

NET

1. HOUSER, ROBERT D    SENIOR SYSTEMS79.00
   30.00    CLAREMONT
   NC
   Robert Houser, 1/10-1/14/00, 443.33 miles
   $9.30/mi

                                              2,473.00    0.00    0.00

                                              2,473.00
                                          Currency: USD

154

Inacom
P.O. Box 77777-W6205
PHILADELPHIA PA 19175

Invoice

510173
26-MAY-00   1 of 1
108059

JEFF MADDEN
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: JEFF MADDEN
TOLEDO OH 43559-1000

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43559-1000

S046057248   S046057248

| | | JEFF MADDEN | | | |
|---|---|---|---|---|---|
| 10 NET | | | | | |
| | Invoice | 25-JUN-00 | | | |
| 1 | Home Renovation Pilot: Doug Stricker, 4/9/00 4 hrs @ $100/hr invoice not captured on the April | | 1 | 400.00 | 400.00 |
| 2 | Home Renovation Pilot: Doug Stricker 4/17-20, 9 hrs: 4/28 1 hr: 5/15 2.5 hrs = 12.5 hrs @ $100/hr | | 1 | 1,250.00 | 1,250.00 |
| | | | 1,650.00 | 0.00 | 0.00 | 1,650.00 |

Currency: USD

155

Invoice

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

510178

26-MAY-00    1 of 1

108253

JIM PROSAK

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1009

JIM PROSAK
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: JIM PROSAK
TOLEDO OH 43659-1000

Invoice    25-JUN-00

30 NET

S046057248    S046057248

1    1    1    1.100.00    1.100.00

FaxBackMax-MacData V8: Darrin McQuay, 1/20-
1/21/00, 11 hrs @ $100/hr

1.100.00    0.00    0.00    1.100.00
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

**Invoice**

510385

26-MAY-00    1 of 1

10B509

OWENS CORNING
OWENS CORNING
5625 FULTON INDUSTRIAL BLVD SW
ATLANTA GA 30336-2632

SO46057248  SO46057248R

LEROY HOWE
OWENS CORNING
OWENS CORNING
PO BOX 760
ATTN LEROY HOWE
CLAREMONT NC 28610-0760

LEROY HOWE

:0 NET

Invoice    25-JUN-00

1  KNITZ, TIMOTHY J ITI-SYSTEMS ENGINE79.00  1    1    1,404.00    1,404.00
   16.00    ATLANTA
2  COP-Lunch-BILLABLE            1    1    6.99    6.99
   6.99Dollars                        GA

                    1,410.99    0.00    0.00    1,410.99
                                            Currency: USD

157

Invoice

Intcom
P.O. Box 7777-W4205
PHILADELPHIA PA 19175

510206

26-MAY-00    1 of 1

109120

ACCOUNTS PAYABLE
OWENS CORNING
OWENS CORNING
PO BOX 69043
ATTN: ACCOUNTS PAYABLE
CHARLESTON WV 25334-0043

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

Invoice

25-JUN-00    SYSTEMS ENGINE125.00
OH

ACCOUNTS PAYA      S036057248   S046057248

30 NET

1

1              1     500.00      500.00

EDWARDS, JESSE P
4.00    TOLEDO

500.00      0.00      0.00      500.00
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510207

26-MAY-00    1 of 1

109150

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY 3/C
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659-1000

OWENS CORNING
OWENS CORNING
2790 COLUMBUS RD., RTE 16
INTEGREX
GRANVILLE OH 43023-1200

JOHN HOLDINSK

S046057248    S046057248    S046057248

| | | | | | | |
|---|---|---|---|---|---|---|
| PO NET | | | | | | |
| Invoice | | 25-JUN-00 | | | | |
| 1 | EDWARDS, JESSE P | SYSTEMS ENGINE | 125.00 | 1 | 1 | 2,500.00 | 2,500.00 |
| | 20.00 | GRANVILLE OH | | | | |
| 2 | AMEX-Lodging-BILLABLE | ✓ | 1 | 1 | 289.15 | 289.15 |
| | 289.15Dollars | | | | | |

2,789.15    0.00    0.00

2,789.15
Currency: USD

159

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510209

26-MAY-00   1 of 1

109194

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY 3/C
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659-1000

OWENS CORNING
OWENS CORNING
1401 I ST NW STE 1040
WASHINGTON DC 20005-6554

25-JUN-00

JOHN HOLDINSK

SO#605724B   SO#605724B

| | | | | |
|---|---|---|---|---|
| KINNAPUS, JESSE P   SYSTEMS ENGINEE 25.00<br>60.00   WASHINGTON DC | 1 | 1 | 7,500.00 | 7,500.00 |
| PRITZ, TIMOTHY J (T) ASSOCIATE SYSTICO 00<br>10.00   WASHINGTON DC | 1 | 1 | 3,900.00 | 3,900.00 |
| WILLIAMS, STEVEN M SYSTEMS ENGINEE 78.00<br>17.00   WASHINGTON DC | 1 | 1 | 1,326.00 | 1,326.00 |

12,726.00   0.00   0.00   12,726.00
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510280

26-MAY-00   1 of 1

3450

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1200

S046057248   S046057248

ACCOUNTS PAYABLE
OWENS CORNING
OWENS CORNING
BESS BROWN, BLDG 5)
2790 COLUMBUS RD. ROUTE 16
GRANVILLE OH 43023

Invoice                    25-JUN-00                    ACCOUNTS PAYA

1   KMITZ, TIMOTHY J (TI ASSOCIATE SYST190.00            1      1      2,300.00      2,300.00
    23.00
    STOTLER,   MARY A    ENTERPRISE EMG125.00            1      1        375.00        375.00
    1.00       TOLEDO         OH
               TOLEDO
               OH

10 NET                                                          2,675.00     0.00      0.00      2,675.00
                                                                                       Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510454
26-MAY-00    1 of 1
107350

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

MARK KRISTIE

504605724B    504605724B

Invoice    25-JUN-00

30 NET

MARK KRISTIE
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: MARK KRISTIE - 3/C
TOLEDO OH 43659-1000

STYLLER, BARRY A    ENTERPRISE ENG125.00
$1.00    TOLEDO    OH

| | | | | |
|---|---|---|---|---|
| 1 | 1 | 1 | | 10,125.00 |
| | | | | 10,125.00 |

10,125.00    0.00    0.00    10,125.00
Currency: USD

PAT HELDT J/E
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
PAT HELDT J/E
TOLEDO OH 43659-1000

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

| | | Invoice | | | |
|---|---|---|---|---|---|
| | | 510466 | | | |
| | | 26-MAY-00 | 1 of 10 | | |
| | | 108239 | | | |

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT J/E

S046057248    S046057248

IN NET        25-JUN-00.

Invoice

| | Description | | | | |
|---|---|---|---|---|---|
| 1 | ESB DRS: Ashville: 3/17/00. RB: Lodging $342.64; Car Rental $151.14; Meal $57.17 | 1 | 730.95 | 0.00 | 730.95 |
| 2 | Roxboro: BTA Expenses thru 3/25/00: MDoane. EEllis, REllis, BFrohlich, RBauerschmidt | 1 | 7,561.30 | | 7,561.30 |
| 3 | ESB DRS: Roxboro: 3/19-3/24/00: RB&BF: Lodging $301.92; Travel $1,941.58; Car Rental $184.84; Phone $5; Meals $198.73; P/T/G $23.85 | 1 | 2,855.42 | | 2,855.42 |
| 4 | Raleigh: BTA Expenses thru 4/1/00: MDoane. EEllis, BFrohlich, RBauerschmidt | 1 | 6,129.77 | | 6,129.77 |
| 5 | ESB DRS: Raleigh: 3/26-4/1/00: BF: Travel $979.15; Meals $120.20; P/T/G $55; Phone $1.75 | 1 | 1,058.10 | | 1,058.10 |
| 6 | ESB DRS BTA Expenses: Raleigh: expenses @ cost | 1 | 497.50 | | 497.50 |
| 7 | ESB DRS London: 3/12-3/17/00. Canadian Tech Escalation, 49.5 hrs @ $113/hr | 1 | 5,593.50 | | 5,593.50 |
| 8 | ESB DRS London: 3/12-3/17/00. Canadian Deploy Engineers, 198 hrs @ $75/hr | 1 | 14,850.00 | | 14,850.00 |

| | 181,015.50 | 0.00 | 0.00 | 181,015.50 |
|---|---|---|---|---|
| | | | | Currency: USD |

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510466
26-MAY-00   2 of 10
108239

S046057248   S046057248

PAT HELDT 3/E
OWENS CORNING
OWENS CORNING
PAT HELDT 3/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT 3/E

| IN DAT | Invoice | 25-JUN 00 | | | |
|---|---|---|---|---|---|
| 9 | ESB DR5 London: 3/12-3/17/00; Meals $690.52, plus $1,690.78 Canadian Tax paid | 1 | 2,381.37 | | 2,381.37 |
| 10 | London ESB DR5: BTA expenses for Canadian engineers at cost | 1 | 2,492.00 | | 2,492.00 |
| 11 | ESB DR5 Mission: 4/17-4/20/00: Canadian Tech | 1 | 4,124.50 | | 4,124.50 |
| 12 | Escalation: 16.5 hrs @ $113/hr | 1 | 8,287.50 | | 8,287.50 |
| 13 | ESB DR5 Mission: 4/17-4/20/00, Canadian | 1 | 11,990.70 | | 11,990.70 |
| 14 | ESB DR5 Mission: 2/21-3/7/00 RB&BF; Travel $2,733.41; Car Rental $451.39; Meals $235.16; P/T/G $70.70 | 1 | 3,531.06 | | 3,531.06 |
| 15 | ESB DR5: Claremont; 3/5-3/6/00: RB Travel | 1 | 476.10 | | 476.10 |
| 16 | ESB DR5: Meals 39.60 | 1 | 499.45 | | 499.45 |
| $466.50 | | | | | |
| $99.45 | | | | | |
| ESB DR5: Claremont: 3/12/00: BF: Lodging | | | | | |
| 17 | Relo: BTA Expenses thru 3/11/00: Emmanuel Ellis & Bryan Frohlich | 1 | 898.00 | | 898.00 |
| | | | 181,015.50 | 0.00 | 0.00 |

181,015.50
Currency: USD

164

Inacom
P.O. Box 7777-N6205
PHILADELPHIA PA 19175

Invoice

510466

26-MAY-00    3 of 10

108239

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S04605724B    S04605724B

PAT HELDT J/E
OWENS CORNING
OWENS CORNING
PAT HELDT J/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT J/E

Invoice    25-JUN-00

| Line | Description | Qty | | | |
|------|-------------|-----|---|---|---|
| 18 | ESB DRS: Beloit: 3/8-3/10/00: RB&BF: Lodging $600.81; Travel $695.50; Meals $56.53; P/T/S $54.00 | 1 | | | 1,407.84 |
| 17 | Ashville: BTA Expenses thru 3/18/00: NDoane, RBilis, Brohlin, RKilis, RBauerschmidt | 1 | | | 3,281.18 |
| 20 | ESB DRS: Ashville: 3/13-3/17/00: RB&BF: Meals $68.27 | 1 | | | 68.27 |
| 21 | FROHLICH, BRYAN M    ASSOCIATE SERV 75.00 42.00 | 1 | | | 3,150.00 |
| 22 | RALEIGH    NC 497.50Dollars | 1 | | | 497.50 |
| 23 | AMEX-Breakfast-BILLABLE 8.98Dollars | 1 | | | 8.98 |
| 24 | AMEX-Dinner-BILLABLE 73.26Dollars | 1 | | | 73.26 |
| 25 | AMEX-Lodging BILLABLE 406.97Dollars | 1 | | | 406.97 |
| 26 | AMEX-Lunch-BILLABLE 26.68Dollars | 1 | | | 26.68 |

181,015.50    0.00    0.00    181,015.50
Currency: USD

165

Inacom
P.O. Box 7777-N6205
PHILADELPHIA PA 19175

Invoice

| | | 510466 |
| | | 26-MAY-00    4 of 10 |
| | | 108239 |

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT 3/E

S046057248    S046057248

| | Invoice | 25-JUN-00 | PAT HELDT 3/E | | | |
|---|---|---|---|---|---|---|
| PAT HELDT 3/E | | | | | | |
| OWENS CORNING | | | | | | |
| OWENS CORNING | | | | | | |
| 1 OWENS CORNING PKWY | | | | | | |
| TOLEDO OH 43659-1000 | | | | | | |

| 10 NET | | | | | |
|---|---|---|---|---|---|
| | Invoice | 25-JUN-00 | | | |
| 27 | AMEX-Park,toll,gas-BILLABLE | 1 | 25.00 | 25.00 |
| | 25.00Dollars | | | |
| 28 | AMEX-Tips-BILLABLE | 1 | 13.36 | 13.36 |
| | 13.36Dollars | | | |
| 29 | AMEX-Other-BILLABLE | 1 | 11.90 | 11.90 |
| | 11.90Dollars | | | |
| 30 | Travel $1,342.82; Lodging $327; Car Rental | 1 | 2,632.15 | 2,632.15 |
| | ESB DR5:Olive Branch: RB6BF: 2/14-1/19/00: | | | |
| | $753.21; Meals $176.12; Tips $9; P/T/G $24 | | | |
| 31 | Bellwood: BTA expenses thru 3/11/00: Mary | 1 | 2,149.84 | 2,149.84 |
| | Doane & Robert Ellis | | | |
| 32 | London: BTA Expenses thru 3/25/00: Canadian | 1 | 1,710.91 | 1,710.91 |
| | Engineers & Tech Leads | | | |
| 33 | ESB DR5 London: Canadian Technical | 1 | 4,689.50 | 4,689.50 |
| | Escalation: 3/19-3/24/00, 41.5 hrs @ $113/hr | | | |
| 34 | KSB U.S London: Canadian Deployment | 1 | 12,450.00 | 12,450.00 |
| | Engineers, 3/19-3/24/00, 166 hrs @ $75/hr | | | |
| 35 | ESB DR5 London: 3/19-3/24/00, Meals $750.96 | 1 | 2,182.20 | 2,182.20 |
| | plus $1,431.24 Canadian Tax paid | | | |

| | | 181,015.50 | 0.00 | 0.00 | 181,015.50 |
| | | | | | Currency: USD |

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510466
26-MAY-00    5 of 10
108239

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT J/E                S046057248    S046057248

| | | | | | | |
|---|---|---|---|---|---|---|
| 36 | AMEX-Breakfast-BILLABLE | 39.61Dollars | 1 | 39.61 | | 39.61 |
| 37 | AMEX-Car Rental-BILLABLE | 348.77Dollars | 1 | 348.77 | | 348.77 |
| 38 | AMEX-Dinner-BILLABLE | 153.36Dollars | 1 | 153.36 | | 153.36 |
| 39 | AMEX-Lodging-BILLABLE | 968.42Dollars | 1 | 968.42 | | 968.42 |
| 40 | AMEX-Lunch-BILLABLE | 35.34Dollars | 1 | 35.34 | | 35.34 |
| 41 | AMEX-Other-BILLABLE | 25.41Dollars | 1 | 25.41 | | 25.41 |
| 42 | AMEX-Park.toll.gas-BILLABLE | 46.00Dollars | 1 | 46.00 | | 46.00 |
| 43 | AMEX-Telephone-BILLABLE | 2.50Dollars | 1 | 2.50 | | 2.50 |
| 44 | AMEX-Tips-BILLABLE | 28.70Dollars | 1 | 28.70 | | 28.70 |
| 45 | AMEX-Breakfast-BILLABLE | 22.66Dollars | 1 | 22.66 | | 22.66 |

NET    PAT HELDT J/E    25-JUN-00

Invoice

PAT HELDT J/E
OWENS CORNING
OWENS CORNING
PAT HELDT J/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

181,015.50    0.00    0.00    181,015.50
Currency: USD

Inacom
P.O. Box 7777-N6205
PHILADELPHIA PA 19175

Invoice

510466
26-MAY-00    6 of 10
100239

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT 3/E

S04605724B    S04605724B

PAT HELDT 3/E
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

10 NET    25-JUN-00

Invoice

| | | | |
|---|---|---|---|
| 44 | CUP-Dinner-BILLABLE | 1 | 70.28 | 70.28 |
| | 70.28Dollars | | | |
| 47 | CUP-Lunch-BILLABLE | 1 | 40.78 | 40.78 |
| | 40.78Dollars | | | |
| 48 | CUP-Parkii,gas-BILLABLE | 1 | 1.00 | 1.00 |
| | 1.00Dollars | | | |
| 49 | CUP-Tips-BILLABLE | 1 | 1.75 | 1.75 |
| | 1.75Dollars | | | |
| 50 | BAUERSCHMIDT, RANDAL SENIOR SERVICE113.00 | 1 | 4,825.10 | 4,825.10 |
| | 42.70 RALEIGH NC | | | |
| 51 | BAUERSCHMIDT, RANDAL SENIOR SERVICE113.00 | 1 | 12,633.40 | 12,633.40 |
| | 111.80 CLAREMONT NC | | | |
| 52 | FROHLICH, BRYAN M ASSOCIATE SERV75.00 | 1 | 7,893.75 | 7,893.75 |
| | 105.25 CLAREMONT NC | | | |
| 53 | BAUERSCHMIDT, RANDAL SENIOR SERVICE113.00 | 1 | 2,938.00 | 2,938.00 |
| | 26.00 BELOIT WI | | | |
| 54 | FROHLICH, BRYAN M ASSOCIATE SERV75.00 | 1 | 1,875.00 | 1,875.00 |
| | 25.00 BELOIT WI | | | |
| 55 | BAUERSCHMIDT, RANDAL SENIOR SERVICE113.00 | 1 | 4,915.50 | 4,915.50 |
| | 43.50 ASHVILLE OH | | | |

181,015.50    0.00    0.00

181,015.50
Currency: USD

InaCom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510466
26-MAY-00    7 of 10
108239

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S046057248    S046057248

PAT HELDT J/E
OWENS CORNING
OWENS CORNING
PAT HELDT J/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT J/E

Invoice    25-JUN-00

| # | Description | | Qty | | Amount |
|---|---|---|---|---|---|
| 46 | FROHLICH, BRYAN M    ASSOCIATE SERV 75.00 | ASHIVILLE OH | 1 | 1 | 3,300.00 |
| 47 | 44.00 AMEX-Dinner-BILLABLE | | 1 | 1 | 27.40 |
| | 27.40Dollars | | | | 27.40 |
| 48 | AMEX-Lodging-BILLABLE | | 1 | 1 | 342.64 |
| | 342.64Dollars | | | | 342.64 |
| 49 | AMEX-Lunch-BILLABLE | | 1 | 1 | 10.22 |
| | 10.22Dollars | | | | 10.22 |
| 50 | AMEX-Park,toll,gas-BILLABLE | | 1 | 1 | 25.00 |
| | 25.00Dollars | | | | 25.00 |
| 51 | AMEX-Tips-BILLABLE | | 1 | 1 | 4.50 |
| | 4.50Dollars | | | | 4.50 |
| 52 | OOP-Lunch-BILLABLE | | 1 | 1 | 5.01 |
| | 5.01Dollars | | | | 5.01 |
| 53 | BAUERSCHMIDT, RANDAL, SENIOR SERVICE 113.00 | ROXBORO NC | 1 | 1 | 5,220.60 |
| | 46.20 | | | | 5,220.60 |
| 54 | FROHLICH, BRYAN M    ASSOCIATE SERV 75.00 | ROXBORO NC | 1 | 1 | 3,150.00 |
| | 42.00 | | | | 3,150.00 |
| 55 | AMEX-Air Travel-BILLABLE | | 1 | 1 | 1,758.30 |
| | 1,758.30Dollars | | | | 1,758.30 |

181,015.50    0.00    0.00    181,015.50
Currency: USD

Inacom
P.O. Box 7777-N6205
PHILADELPHIA PA 19175

Invoice

510466
26-MAY-00    8 of 10
108239

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S046057248    S046057248

PAT HELDT J/E

PAT HELDT J/E
OWENS CORNING
OWENS CORNING
PAT HELDT J/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

Invoice        25-JUN-00        NET

| | | | |
|---|---|---|---|
| 75 | AMEX-Park,toll,gas-BILLABLE 33.28Dollars | 1 | 33.28 | 33.28 |
| 74 | AMEX-Lunch-BILLABLE 139.20Dollars | 1 | 139.20 | 139.20 |
| 73 | AMEX-Lodging-BILLABLE 899.29Dollars | 1 | 899.29 | 899.29 |
| 72 | AMEX-Car Rental-BILLABLE 195.24Dollars | 1 | 195.24 | 195.24 |
| 71 | AMEX-Breakfast-BILLABLE 134.87Dollars | 1 | 134.87 | 134.87 |
| 70 | AMEX-Air Travel-BILLABLE 1,791.12Dollars | 1 | 1,791.12 | 1,791.12 |
| 69 | THOMAS, WILLIAM E IB SENIOR SYSTEMS 47.00 MISSION BC | 1 | 5,311.00 | 5,311.00 |
| 68 | MCCORMICK, ANN B    ASSOCIATE SYST 45.00 MISSION BC | 1 | 3,375.00 | 3,375.00 |
| 67 | COP-Lunch-BILLABLE 5.63Dollars | 1 | 5.63 | 5.63 |
| 66 | AMEX-Tips-BILLABLE 7.90Dollars | 1 | 7.90 | 7.90 |

181,015.50    0.00    0.00

181,015.50
Currency: USD

Inacom
P.O. Box 7777-W5205
PHILADELPHIA PA 19175

Invoice

510466
26-MAY-00    9 of 10
108239

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT J/E                    S046057248  S046057248

| | | | |
|---|---|---|---|
| COP-Breakfast-BILLABLE | 1 | 6.62 | 6.62 |
| 6.62Dollars | | | |
| COP-Dinner-BILLABLE | 1 | 57.14 | 57.14 |
| 57.14Dollars | | | |
| COP-Lunch-BILLABLE | 1 | 17.15 | 17.15 |
| 17.15Dollars | | | |
| COP-Other-BILLABLE | 2 | 57.29 | 57.29 |
| 57.29Dollars | | | |
| COP-Park,toll,gas-BILLABLE | 1 | 13.16 | 13.16 |
| 13.16Dollars | | | |
| BAUERSCHMIDT, RANDAL SENIOR SERVICE113.00 | 1 | 5,085.00 | 5,085.00 |
| 45.00    MEMPHIS    TN | | | |
| FROHLICH, BRYAN M    ASSOCIATE SERV75.00 | 1 | 3,150.00 | 3,150.00 |
| 42.00    MEMPHIS    TN | | | |
| AMEX-Air Travel-BILLABLE | 1 | 917.49 | 917.49 |
| 917.49Dollars | | | |
| AMEX-Breakfast-BILLABLE | 1 | 5.75 | 5.75 |
| 5.75Dollars | | | |
| AMEX-Dinner-BILLABLE | 1 | 67.09 | 67.09 |
| 67.09Dollars | | | |

Invoice        25-JUN-00

30 NET

PAT HELDT J/E
OWENS CORNING
OWENS CORNING
PAT HELDT J/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

191,015.50    0.00    0.00    181,015.50
Currency: USD

171

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510466
26-MAY-00    10 of 10
108239

| | | |
|---|---|---|
| PAT HELDT J/E | | |
| OWENS CORNING | | |
| OWENS CORNING | | |
| PAT HELDT J/E | | |
| 1 OWENS CORNING PKWY | | |
| TOLEDO OH 43659-1000 | | |

| | | | |
|---|---|---|---|
| PAT HELDT J/E | OWENS CORNING | | S046057248  S046057248 |
| | OWENS CORNING | | |
| | 1 OWENS CORNING PKWY | | |
| | TOLEDO OH 43659-1000 | | |

Invoice    25-JUN-00

| | | | |
|---|---|---|---|
| | 1 | 1 | 292.52    292.52 |

PO NET

Invoice

ANNEX-Lodging-BILLABLE
292.52Dollars

| | | |
|---|---|---|
| 101,915.50 | 0.00 | 0.00 |

101,915.50
Currency: USD

172

PAT HELDT 3/E
OWENS CORNING
OWENS CORNING
PAT HELDT 3/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510468

26-MAY-00    1 of 2

108243

**Invoice    25-JUN-00    PAT HELDT 3/E    S046057248    S046057248**

| # | | | | | | |
|---|---|---|---|---|---|---|
| 1 | FPOIILICH, BRYAN M TOLEDO OH | ASSOCIATE SERV75.00 | 1 | | 3,000.00 | 3,000.00 |
| | 40.00 | | | | | |
| 2 | Core Team Server Builds: BTA Expenses: | | 1 | | 1,197.27 | 1,197.27 |
| | Esundres | | | | | |
| 3 | KSB DRS Scarborough: Canadian labor, 18.75 | | 2 | | 1,511.25 | 1,511.25 |
| | hrs @ $75/hr = $1,405.25 plus $105 Canadian | | | | | |
| | Taxes paid | | | | | |
| 4 | GRAHAM, RANDY L TOLEDO OH | ASSOCIATE SYST125.00 | 1 | | 3,750.00 | 3,750.00 |
| | 30.00 | | | | | |
| 5 | RICHARDS, MARK E TOLEDO OH | ENTERPRISE ENG75.00 | 1 | | 900.00 | 900.00 |
| | 12.00 | | | | | |
| 6 | MCFEEVY, ANTHONY D TOLEDO OH | SENIOR SYSTEMS150.00 | 1 | | 1,500.00 | 1,500.00 |
| | 10.00 | | | | | |
| 7 | ROSE, MOLLY T TOLEDO OH | SENIOR SYSTEMS150.00 | 1 | | 2,700.00 | 2,700.00 |
| | 18.00 | | | | | |
| 8 | DUMONT, AMY E TOLEDO OH | ASSOCIATE SYST75.00 | 1 | | 225.00 | 225.00 |
| | 3.00 | | | | | |
| 2 | MCCORMICK, ANN B TOLEDO OH | ASSOCIATE SYST75.00 | 1 | | 506.25 | 506.25 |
| | 6.75 | | | | | |

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

19,809.77    0.00    0.00

19,809.77
Currency: USD

173

Invoice

Inacom
P.O. Box 7777-W6205
PHILADELPHIA, PA 19175

510468

26-MAY-00    2 of 2

108243

Invoice

25-JUN-00

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43559-1000

PAT HELDT 3/E
OWENS CORNING
OWENS CORNING
PAT HELDT 3/E
1 OWENS CORNING PKWY
TOLEDO OH 43559-1000

PAT HELDT 3/E

BAUEPSCHMIDT, RANDAL SENIOR SERVICE 113.00
40.00    TOLEDO    OH    13.00

1    1    4,520.00    4,520.00

S046057248    S046057248

19,809.77    0.00    0.00    4,520.00    4,520.00

19,809.77
Currency: USD

174

Invoice

Inacom
P.O. Box 7777-W5205
PHILADELPHIA PA 19175

510481

26-MAY-00   1 of 1

109130

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S046057248   S046057248

ACCOUNTS PAYABLE
OWENS CORNING
OWENS CORNING
BESS BROWN, BLDG 53
2790 COLUMBUS RD., ROUTE 16
GRANVILLE OH 43023

ACCOUNTS PAYA

| | | | |
|---|---|---|---|
| NET | 25-JUN-00 | | |

| | | | |
|---|---|---|---|
| 1 | Integrex Database File Mgt Server: Jesse Edwards, Project Mgr, 2/17/00, 4 hrs @ $125/hr | 1 | 1 | 500.00 | 500.00 |

500.00   500.00

500.00      0.00      0.00

500.00
Currency: USD

175

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

510512
26-MAY-00    1 of 1
110444

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

JOHN HOLDINSKY

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
ONE OWENS CORNING PKWY
ATTN: PAUL FORTIER
TOLEDO OH 43659

Invoice                25-JUN-00

1    MCQUAY, DARRIN D           SYSTEMS ENGINE79.00
     39.00    TOLEDO             OH

35 NET

                                3    1                3,042.00

                                     S046057248    S046057248

                                     3,042.00         3,042.00

3,042.00         0.00         0.00

                          3,042.00
                          Currency: USD

176

**Inacom**
P.O. Box 77777-W6205
PHILADELPHIA PA 19175

**Invoice**

S11592
16-JUN-00    1 of 1
110444

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
ONE OWENS CORNING PKWY
ATTN: PAUL FORTNER
TOLEDO OH 43659

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S046057248    S046057248

JOHN HOLDINSKY

| Invoice | | | | | |
|---|---|---|---|---|---|
| MCQUAY, DARRIN D | 16-JUL-00 | | 1 | 1 | 1,092.00 |
| 14.00   TOLEDO | SYSTEMS ENGINEER 0.00 | | | | |
| | OH | | | | |

1,092.00    0.00    0.00    1,092.00
Currency: USD

177

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

531624

OWENS CORNING                    16-JUN-00     1 of 1
OWENS CORNING
1 OWENS CORNING PKWY             111382
TOLEDO OH 43659-1000

BESS BROWN

OWENS CORNING
OWENS CORNING
BESS BROWN, BLDG 53                    1                    1
2790 COLUMBUS RD., ROUTE 16
GRANVILLE OH 43023

Invoice          16-JUL-00                                    6,125.00

STOTLER, BARRY A     ENTERPRISE ENG125.00                     1     6,125.00     6,125.00
49.00     TOLEDO     OH                    S046057248          S046057248

In NET                                    5,125.00     0.00     0.00     6,125.00
                                                              Currency: USD

178

JO NET

Invoice

STOTLER, BARRY A
2.00
TOLEDO

16-JUL-00

ENTERPRISE ENG125.00
OH

ACCOUNTS PAYABLE
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY 3/C
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659-1000

ACCOUNTS PAYA

1

1

Inacom
P.O. Box 7777.W6205
PHILADELPHIA PA 19175

Invoice

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

511682

16-JUN-00    1 of 1

OCOR106793

S046057248    S046057248

250.00

0.00

0.00

250.00

250.00

250.00

250.00
Currency: USD

Inacom
P.O. Box 7777-N6205
PHILADELPHIA PA 19175

Invoice

511685

16-JUN-00   1 of 1

107350

MARK KRISTIE   OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

S046057248   S046057249

MARK KRISTIE
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
ATTN: MARK KRISTIE - 3/C
TOLEDO OH 43659-1000

1   1   250.00   250.00

Invoice   16-JUL-00

STOTLER, BARRY A   ENTERPRISE ENG125.00
2.00   TOLEDO   OH

5 NET

250.00   0.00   0.00   250.00
Currency: USD

180

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

S11691
16-JUN-00    1 of 1
108239

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT 3/E                                           S046057248B    S046057248B

| | Invoice | 16-JUL-00 | | | |
|---|---|---|---|---|---|
| | PAT HELDT 3/E | | | | |
| | OWENS CORNING | | | | |
| | OWENS CORNING | | | | |
| | 1 OWENS CORNING PKWY | | | | |
| | TOLEDO OH 43659-1000 | | | | |

| | Invoice | | | | |
|---|---|---|---|---|---|
| 1 | VJP-Mileage-SSE-BILLABLE | 1 | 26.40 | 26.40 |
| | 26.40Dollars | | | |
| 2 | OOF-Mileage-SSE-BILLABLE | 1 | 38.70 | 38.70 |
| | 38.70Dollars | | | |
| 3 | VJP-Mileage-SSE-BILLABLE | 1 | 25.80 | 25.80 |
| | 25.80Dollars | | | |
| 4 | OOP-Mileage-SSE-BILLABLE | 1 | 253.20 | 253.20 |
| | 253.20Dollars | | | |
| 5 | VJP-Mileage-SSE-BILLABLE | 1 | 27.60 | 27.60 |
| | 27.60Dollars | | | |
| 6 | OOP-Mileage-SSE-BILLABLE | 1 | 199.50 | 199.50 |
| | 199.50Dollars | | | |

571.20                0.00          0.00

571.20
Currency: USD

181

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice
511692
16-JUN-00   1 of 1
10824 3

OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

PAT HELDT 3/E
OWENS CORNING
OWENS CORNING
PAT HELDT 3/E
PAT HELDT 3/E
1 OWENS CORNING PKWY
TOLEDO OH 43659-1000

19 NET

Invoice        16-JUL-00

PAT HELDT 3/E

1   CSP-Mileage-SEE-BILLABLE
66.00Dollars

| | 1 | 1 | 66.00 | S046057248 | S046057248 |
| 66.00 | | | | | |

| 66.00 | 0.00 | 0.00 | | | |

66.00
Currency: USD

Inacom
P.O. Box 7777-W6205
PHILADELPHIA PA 19175

Invoice

OWENS CORNING
OWENS CORNING
2790 COLUMBUS RD., RTE 16
INTEGREX
GRANVILLE OH 43023-1200

511701
16-JUN-00    1 of 1
109150

S046057248  S046057248

JOHN HOLDINSKY
OWENS CORNING
OWENS CORNING
1 OWENS CORNING PKWY 3/C
ATTN: JOHN HOLDINSKY
TOLEDO OH 43659-1000

JOHN HOLDINSK    1    1    423.00    423.00

30 NET

Invoice    16-JUL-00

'MP-Mileage-SEE-BILLABLE
423.00Dollars

423.00    0.00    0.00    423.00
              Currency: USD

183

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| OWENS CORNING, *et al.*, | ) | Case No. 00-03837 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER GRANTING INACOM CORPORATION'S MOTION TO ALLOW THE FILING OF A PROOF OF CLAIM AFTER THE DEADLINE FOR FILING PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9006(B)(1)

Upon the *Inacom Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1)* (the "Motion") filed on September 19, 2005, and the Court having reviewed the Motion and finds that: the Motion complies with the requirements of this Court; and the relief sought in the Motion is appropriate in the instant circumstances and consistent with the Federal Rules of Bankruptcy Procedure.[1] Accordingly, it is hereby

ORDERED that:

1.    The Plaintiff's Motion is granted and Inacom Corporation shall file its proof of claim within 30 calendar days of the date of this Order.

2.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

42125-001\DOCS_DE:111658.1

184

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| OWENS CORNING, *et al.*, | : | Case Nos. 00-3837 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |

> **Objections Due: October 14, 2005 at 4:00 p.m.**
> **Hearing Date: October 24, 2005 at 10:00 a.m.**
> **Before the Honorable Judith K. Fitzgerald,**
> **U.S. Bankruptcy Court, 824 Market Street,**
> **Wilmington, Delaware 19801**

**MOTION OF DEBTORS FOR ORDER, PURSUANT TO 11 U.S.C. § 1121(d),**
**GRANTING FURTHER EXTENSION OF EXCLUSIVE PERIODS TO FILE AND**
**SOLICIT ACCEPTANCES OF PLAN OF REORGANIZATION**

Owens Corning and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively with Owens Corning, the "Debtors")[1], by and through their undersigned attorneys, hereby move the Court for entry of an order, substantially in the form annexed hereto, pursuant to section 1121(d) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), extending the exclusive periods of 11 U.S.C. § 1121, within which the Debtors, having filed a plan, retain the exclusive right to file a plan and solicit acceptances of a plan of reorganization (the "Exclusive Periods") through and including January 31, 2006, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods (the "Motion"). In support of the relief sought, the Debtors respectfully represent as follows:

---

[1]    The Debtors are Owens Corning, CDC Corporation, Engineered Yarns America, Inc., Exterior Systems, Inc., Falcon Foam Corporation, Fibreboard Corporation, HOMExperts LLC, Integrex, Integrex Professional Services LLC, Integrex Testing Systems LLC, Integrex Supply Chain Solutions LLC, Integrex Ventures LLC, Jefferson Holdings, Inc., Owens-Corning Fiberglas Technology Inc., Owens Corning HT, Inc., Owens-Corning Overseas Holdings, Inc., Owens Corning Remodeling Systems, LLC and Soltech, Inc.

527394.1

Docket # _15935_
Date _9-29-05_

185

## Introduction

1.     On October 5, 2000 (the "Petition Date"), Owens Corning and 17 affiliates filed voluntary petitions in this Court for reorganization under chapter 11 of Title 11 of the United States Code.

2.     Since filing their petitions for relief, the Debtors have continued to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.     On October 23, 2000, a general unsecured creditors' committee (the "Creditors' Committee") and an asbestos claimants' committee ("Asbestos Committee", and together with the Creditors' Committee, the "Committees") were appointed in these cases by the United States Trustee.

4.     By Order dated on or about September 28, 2001, the Court appointed James J. McMonagle, Esquire, as the Legal Representative of Future Claimants ("Futures Representative") with respect to the Debtors' cases.

## Background

5.     On January 17, 2003, the Debtors, together with the Asbestos Committee and the Futures Representative as Plan Proponents (collectively with the Debtors, the "Plan Proponents"), filed their Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-in-Possession (as amended, the "Plan"). On March 28, 2003, the Plan Proponents filed a disclosure statement (as amended, the "Disclosure Statement").

6.     On December 2, 2003, this Court entered an order approving the Disclosure Statement, subject in part to "the issuance of an order by the District Court, or such other court with appropriate jurisdiction after notice, that the Disclosure Statement shall be circulated for voting ..." See Docket No. 10319.

527394.1                                    2

7.    Due to a series of events, including those summarized below, the Disclosure Statement and Plan have not been circulated for voting.

8.    First, a Petition for Writ of Mandamus was filed in the United States Court of Appeals for the Third Circuit, entitled In Re Kensington Int'l Ltd., et al., Case No. 03-4212, seeking the recusal of the District Court judge initially assigned to these cases, Judge Wolin. As of November 3, 2003, proceedings for which the reference was withdrawn and were pending solely before Judge Wolin (namely, asbestos-related issues and certain matters related to the proposed plan of reorganization) were stayed.[2] On May 17, 2004, the Third Circuit issued a Writ of Mandamus directing Judge Wolin to recuse himself from further participation in these cases. Thereafter, on May 24, 2004, Judge Wolin issued an order recusing himself from these cases. See Docket No. 11712. On May 27, 2004, the Third Circuit appointed Judge John P. Fullam of the United States District Court for the Eastern District of Pennsylvania to sit in the United States District Court for the District of Delaware in these cases.

9.    Second, litigation continued between the parties regarding substantive consolidation. Between April 8, 2003 and May 2, 2003, Judge Wolin presided over a hearing on the Debtors' motion for approval of substantive consolidation as part of a proposed chapter 11 plan of reorganization (the "Substantive Consolidation Motion"), but did not issue a ruling prior to his recusal. Once Judge Fullam was assigned to the cases, he reviewed the transcripts and exhibits of the hearing, ordered additional briefing and argument on substantive consolidation and, on October 5, 2004, issued an order granting

---

[2]    On November 5, 2003, Judge Wolin entered an order adjourning *sine die* and staying the District Court's participation in any hearing or other proceeding then scheduled before the District Court in the five asbestos-related bankruptcy proceedings pending in the District of Delaware, including these cases.

the Substantive Consolidation Motion (the "Substantive Consolidation Order"). See Docket No. 12855. Thereafter, the current holders of certain pre-petition Owens Corning bank debt (the "Bank Debt Holders") filed a notice of appeal from the Substantive Consolidation Order to the United States Court of Appeals for the Third Circuit. On August 15, 2005, the Third Circuit reversed the Substantive Consolidation Order. By Order issued September 28, 2005, the Third Circuit denied several petitions for rehearing regarding such ruling.

10.    Third, Judge Fullam withdrew the reference with respect to the asbestos claims estimation process and held a hearing, from January 13 to January 20, 2005, to determine the aggregate amount of the Debtors' asbestos personal injury liabilities. By Order dated March 31, 2005, Judge Fullam issued a decision estimating Owens Corning's aggregate present and future asbestos liabilities at $7.0 billion (the "Estimation Decision"). On May 13, 2005, Credit Suisse First Boston, as Agent, King Street Capital Management, L.L.C., et al., and Century Indemnity Company, et al., each filed a notice of appeal of the Estimation Decision to the Third Circuit. As of the date hereof, no briefing or other schedule has been established by the Third Circuit with respect to these appeals.

11.    In light of the foregoing, and at this Court's suggestion, the Debtors have not proceeded to solicit votes with respect to the Plan, choosing instead to prosecute the substantive consolidation and estimation issues diligently with the understanding that once those two key issues were resolved by the Courts, the key constituencies would either agree on a consensual plan of reorganization or the Debtors would pursue a confirmable plan of reorganization.

### Prior Requests for Extension of the Exclusive Periods

12.     The Debtors have moved for and received several extensions of their

Exclusive Periods. Most recently, the Court extended the solicitation period "through and

including the date of the first regularly scheduled omnibus hearing (the "Exclusivity

Hearing") in these cases that is at least forty-five (45) days after the date of the Third

Circuit's decision and order on the merits with respect to the appeal of the District Court's

October 5, 2004 order granting the Debtors' request for the substantive consolidation of

their estates." See Docket No. 15258. Pursuant to the terms of that order and the Third

Circuit's ruling on the Substantive Consolidation Order, the solicitation period currently

extends through and including October 24, 2005, the first regularly scheduled omnibus

hearing that is at least forty-five (45) days after the date of the Third Circuit's decision.

### Jurisdiction

13.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief

requested herein is section 1121(d) of the Bankruptcy Code.

### Relief Requested

14.     At the September 26, 2005 omnibus hearing in these cases, the Court

directed that an amended disclosure statement and an amended plan be filed by the end of

2005. The Debtors intend to comply with this instruction. By this Motion, the Debtors

seek to extend the Exclusive Periods, consistent with the Court's directive, through and

including January 31, 2006, so that the Debtors can file their amended Disclosure

Statement and Plan on or before December 31, 2005, and thereafter, seek an additional

extension of the Exclusive Periods in order to solicit acceptances of the amended Plan. The Debtors are therefore further requesting that an extension of the Exclusive Periods be without prejudice to the Debtors' right to seek additional extensions of the Exclusive Periods. A January 31 expiration date will give the Court an opportunity to consider a request for a further extension after the filing of an amended Plan and at the regularly scheduled January 2006 hearing date if the Court so desires. While the Debtors understand that an Exclusive Period that expires on January 31, 2006 will not permit enough time to solicit acceptances for an amended Plan that is filed by the end of this year, the Debtors anticipate that the Court may wish the Debtors to request a further extension of their Exclusive Periods once an amended Plan is filed. At such time, the Court, the Debtors, and parties-in-interest will have a better understanding of the time that will be necessary to bring that Plan to confirmation. Therefore, the Debtors have limited their request to comport with the directive of the Court at the September 26 hearing and to provide the Court with the opportunity at the time the Plan is filed to determine the timing of additional proceedings in these cases.

### Applicable Authority

15.     Section 1121(b) of the Bankruptcy Code gives a debtor the exclusive right to file a plan of reorganization for an initial period of 120 days from the Petition Date. If the debtor files a plan within this exclusive period, then the debtor has the exclusive right for 180 days from the Petition Date to solicit acceptances to its plan. 11 U.S.C. § 1121(c). During the Exclusive Periods, no other party in interest may file a competing plan of reorganization. Section 1121(d) provides that the Court may extend the Exclusive Periods "for cause" upon request of a party in interest and after notice and a hearing.

527394.1                                          6

16.     Although section 1121(d) does not define "cause," Courts have identified a

variety of factors as being relevant to determine whether cause exists to extend the

Exclusive Periods.  These factors include:

    (a)     the size and complexity of the case;

    (b)     the necessity of sufficient time to permit the debtor to
            negotiate a plan of reorganization and prepare adequate
            information;

    (c)     the existence of good faith progress toward reorganization;

    (d)     the fact that the debtor is paying its bills as they become
            due;

    (e)     whether the debtor has demonstrated reasonable prospects
            for filing a viable plan;

    (f)     whether the debtor has made progress in negotiations with
            its creditors;

    (g)     the amount of time which has elapsed in the case;

    (h)     whether the debtor is seeking the extension of exclusivity
            in order to pressure creditors to submit to the debtor's
            reorganization demands; and

    (i)     whether an unresolved contingency exists.

See In re Express One Int'l Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); see also In re

Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Grand

Traverse Dev. Co. Ltd. P'ship, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re

McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y 1987).

## Argument

17.     The Debtors submit that each of the above-referenced factors unequivocally

supports a further extension of the Exclusive Periods through and including January 31,

2006.

527394.1                                    7

191

The Debtors' Cases Are Complex

18.    Courts frequently grant an extension of the Exclusive Periods based upon the size and complexity of a chapter 11 case. See In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) (noting the difficulty inherent in formulating a plan for debtors with complex financial structures is an important factor that may constitute cause for extending exclusive periods); McLean Indus., 87 B.R. at 834; Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) (affirming bankruptcy court's enlargement of the exclusivity period and holding that cause may exist if the case is unusually large). By any reasonable standard, the Debtors' cases are both exceedingly large and complex. These mega cases involve eighteen debtors and dozens of non-debtor entities, whose assets and business operations are spread throughout the United States and numerous foreign countries. In addition, as the Court and parties-in-interest are aware, these cases have complex inter-creditor issues, involving numerous competing creditor groups such as bond holders, the Bank Debt Holders, trade creditors and those creditors and other parties holding "present" and "future" asbestos claims. The multiple issues between and among these constituencies, including issues related to substantive consolidation and the valuation and estimation of the Debtors' asbestos liabilities, add layers of complexity to these cases. Substantive consolidation, recusal, and asbestos estimation issues have been the well-documented subject of complex pieces of litigation in these cases and those issues have been prosecuted diligently and aggressively by the key constituencies. In fact, the delay in proceeding to confirmation has partly been the result of the required holding in abeyance of the confirmation process, first during the recusal proceeding, and subsequently during the appeal of the Substantive Consolidation Order.

527294.1

8

The Debtors Have Made Good Faith Progress Toward Reorganization
And In Negotiations With Its Creditors, And Have Demonstrated
Reasonable Prospects For Filing A Viable Plan

19.     From the beginning, Owens Corning has sought and made every effort to
achieve a consensual plan of reorganization among all competing creditor constituencies
or, failing that, a plan that is otherwise confirmable under the applicable confirmation
standards set forth in the Bankruptcy Code.  The Plan currently pending before the Court
resulted from a two-year process of extensive discovery and intensive negotiations in
which official representatives of all of the major creditor constituencies fully participated.
After filing the current Plan, the Debtors diligently worked to obtain approval of the
Disclosure Statement.  The Court's conditional approval of the Disclosure Statement on
December 2, 2003, after several hearings and the consideration of numerous objections,
reflected the Debtors' determined and good faith efforts to bring these cases to a successful
emergence in the face of stiff opposition.

20.     As this Court is aware, despite the Court's conditional approval of the
Disclosure Statement, other events occurred which impacted the timing of the Debtors'
reorganization efforts.  Nevertheless, the Debtors continued to negotiate in good faith to
seek agreement with all parties.  In June 2004, the Debtors, Asbestos Committee, the
Futures Representative and the Designated Members of the Unsecured Creditors
Committee representing Owens Corning's pre-petition bondholders (the "Bondholders")
and trade creditors (the "Designated Members") reached an agreement regarding the terms
of a plan of reorganization.[3]

---

[3]     As described more fully below, due to the procedural posture of the cases (namely, ongoing
        litigation), the terms of such agreement were never formally incorporated into the Disclosure
        Statement and Plan.

527394.1                                    9

193

21.     Continued litigation regarding substantive consolidation and asbestos estimation has until very recently mitigated against the Debtors attempting to proceed immediately to confirmation of the Plan, as amended by the agreement with the Designated Members. As indicated above, oral argument on the appeal of the Substantive Consolidation Order was held on February 7, 2005, and the Third Circuit just issued its reversal of Judge Fullam's Substantive Consolidation Order on August 15. The Third Circuit just yesterday issued its Order denying petitions for rehearing. In the meantime, in the short time since the Third Circuit issued its opinion reversing the Substantive Consolidation Order, and as reported to the Court at the August 29 and September 26 omnibus hearings, the Bank Debt Holders, the Asbestos Committee and the Futures Representatives initiated and have continued substantive negotiations aimed at a consensual Plan embodying a global resolution of these cases. The Debtors have been integrally involved in that process. The Debtors are optimistic that if those parties are able to reach agreement, the parties will attempt to negotiate with representatives of the Bondholders in these cases in order to attempt to achieve a fully consensual Plan.

22.     While the Debtors cannot fairly estimate when the Third Circuit will issue a ruling with regard to the pending Estimation Decision or if any party will seek review of the Third Circuit's order reversing the Substantive Consolidation Order in the United States Supreme Court, the Debtors believe that enough clarity now exists in these cases to proceed towards confirmation, and the Debtors intend to file a revised Plan on or before December 31, 2005 as the Court has directed. The Debtors sincerely hope that the Plan that they file will be a consensual one, but if they cannot achieve that goal, they fully intend to file a confirmable Plan. Consequently, the requested extension would not be

194

unreasonable given the negotiations regarding a revised Plan that are currently underway, the Disclosure Statement and Plan modifications which would be necessitated by the estimation and substantive consolidation rulings, the notice requirements under the Bankruptcy Code required to obtain approval of an amended Disclosure Statement, and the necessity to solicit acceptances of an amended Plan.

23.    There can be no serious assertion that the Debtors have failed to demonstrate good-faith progress towards proposing a plan of reorganization. The Debtors' management has pursued a consistent effort to bring these massive cases to resolution as expeditiously as practicable under the circumstances. Despite a stay of the District Court's participation in these cases, delays caused by the recusal of Judge Wolin, the assignment of Judge Fullam to these cases, the appeal of the Substantive Consolidation Order, and the appeal of the Estimation Decision, the Debtors have made substantial and consistent progress in these cases. The Debtors have obtained conditional approval of the Disclosure Statement, the voting procedures have been recommended for approval, and, in order to facilitate the ultimate confirmation hearing, a ruling has been issued on substantive consolidation and future asbestos liabilities for Owens Corning have been estimated.

24.    Moreover, despite the pendency of certain issues which rendered impractical moving forward to the confirmation hearing, the Debtors have taken a great number of the many other steps towards confirmation which are in the record before this Court, including but not limited to rejecting various executory contracts and leases, assuming other executory contracts, analyzing and objecting to numerous claims, resolving various pre-petition mutual obligations with vendors/creditors that are subject to setoff, selling various real estate unnecessary to the Debtors' operations, obtaining approval under

11 U.S.C. § 363 for various special business transactions and ventures, seeking approval to implement a foreign fund repatriation program for tax purposes, plan of reorganization and post-confirmation tax planning, and continuing to comply with the various administrative requirements imposed upon chapter 11 debtors, including the timely filing of monthly operating reports.

25.     Finally, the senior management of the Debtors has also continued to focus successfully on running the Debtors' businesses and on creating and improving value for the estate and all of its constituents.  The business results achieved by the Debtors under its senior management's leadership have been exceptional.[4]  The Debtors submit that this progress is precisely what section 1121 contemplated and, by itself, justifies an extension of the Exclusive Periods.

The Debtors Require Sufficient Time To Negotiate A
Plan Of Reorganization And Prepare Adequate Information

26.     As discussed above, the Debtors and certain constituents have been engaged in discussions that could result in a consensual plan.  The maintenance of exclusivity remains the most likely manner of obtaining a consensual agreement on a plan of reorganization.  Based on the Third Circuit's substantive consolidation ruling, any agreement must resolve, on the one hand, the disputed entitlement of the Bank Debt Holders to recoveries based on their guaranties from certain subsidiaries, and, on the other hand, the continuing need to obtain a section 524(g) channeling injunction to secure the

---

[4]     By way of example, between 2002 and 2004, the Debtors' EBITDA (excluding certain costs and expenses related to the chapter 11 proceedings, asbestos liability and restructuring activities) has increased from $505 million to $680 million.  As a result, EBITDA margin has increased from 10.4% to 12.0%.  During this same period, the Debtors' income from operations rose from $300 million to $452 million and return on net assets increased from 9.1% to 15.0%.  In addition, cash on-hand as of year-end 2004 was more than $1.1 billion.  Under the senior management's leadership, the enterprise value of the Debtors continues to grow.

Debtors' ability to properly compensate and manage its asbestos liabilities and operate post-confirmation. Even if the effort towards a fully consensual plan is not successful, the Debtors remain the most efficient and logical party positioned to present the revisions that will enable disputed issues to be resolved through plan procedures that are fair and equitable to each of the interested constituencies and achieve the Debtors' emergence from bankruptcy at the earliest possible date. The short extension requested by the Debtors is fully consistent with the Debtors' need for sufficient time to negotiate and prepare a plan of reorganization.

27.    The Debtors' and the constituents' focus on plan resolution should not be diverted. See In re Dow Corning Corp., 208 B.R. 661, 670 (Bankr. E.D. Mich.) ("When the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward."). The relief requested herein would afford the creditor constituents and the Debtors the opportunity to continue to work diligently towards a consensual plan of reorganization, without the likely disruption of potential competing plans which would likely promote only a resolution based on the self-serving goals of a particular proponent. Maintaining the Exclusive Periods will also avoid the unquestionable disruption and uncertainty in the Debtors' successful business, and resultant potential loss of estate value, that terminating it would cause. In the event that a consensual plan is not reached, the Debtors will proceed on the alternative course of proposing a confirmable plan by the end of this year. Clearly, terminating the Exclusive Periods would defeat the primary purpose of section 1121 of the Bankruptcy Code, which is to afford the Debtors a meaningful and

reasonable opportunity to negotiate with their creditors and propose a consensual or a confirmable plan of reorganization.

28.    Whether the Debtors achieve their primary objective of achieving a fully consensual plan of reorganization among all competing creditor constituencies or, failing that, revise the current Plan in accordance with recent developments, substantial modifications will be required to the Disclosure Statement and Plan to reflect appropriate Court rulings and negotiated terms. Under any scenario, the minimal time requested by the Debtors is reasonable.

<u>The Debtors Are Not Using Exclusivity to Pressure Creditors</u>

29.    For the reasons set forth in this Motion and as evidenced in the record in these cases, the Debtors' request for an extension of the Exclusive Periods is not a negotiation tactic being used to pressure creditors. The exact opposite is true – a further extension of the Exclusive Periods will continue to enhance the ability of the Debtors and the key constituent groups to focus on reaching a consensual plan of reorganization. The time invested litigating the Substantive Consolidation Motion and asbestos estimation were necessary to establish the parameters of key elements that must be contained in any confirmable plan, and the parties are now attempting to reach a consensus.

<u>An Extension Will Not Prejudice Creditors</u>

30.    None of the Debtors' creditors will be unduly prejudiced by the extension requested by this Motion. To the contrary, the Debtors submit that an extension of the Exclusive Periods would be beneficial to the creditors and other parties-in-interest for the reasons discussed herein. Indeed, terminating exclusivity to allow competing plans would be counterproductive. Termination of exclusivity and the likely emergence of competing

527394.1                           14

plans would simply paralyze negotiations, facilitate ancillary litigation (in addition to the pending litigation and appeals), increase administrative expenses, and further delay the cases.

31.    In sum, the Debtors submit that the requested extension is very reasonably tailored, justified, appropriate and realistic under the circumstances of these cases. The Debtors accordingly submit that the Court should extend the Exclusive Periods through and including January 31, 2006, without prejudice to the Debtors' right to seek further extensions.

<u>Notice</u>

32.    In accordance with Rule 2002-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Order Clarifying Case Notice Procedures Pursuant to 11 U.S.C. §§ 102 and 105; Fed. R. Bankr. P. 2002(m) and 9007; and Local Rule 2002-1(b), signed May 16, 2001, (Nibs Docket No. 1838), notice of this Motion has been given to the (a) the Office of the United States Trustee; (b) counsel for the Creditors' Committee; (c) counsel for the Asbestos Committee; (d) the Office of the United States Attorney for the District of Delaware; (e) Bank of America, N.A., as the Debtors' Post-Petition Lender; (f) Credit Suisse First Boston, as agent, with respect to that certain $2.0 billion Credit Agreement dated June 26, 1997; (g) special counsel to the Creditors' Committee; (h) the Futures Representative and his counsel; and (i) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002. In light of the relief requested herein, the Debtors submit that no further notice is necessary.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, pursuant to section 1121(d) of the Bankruptcy Code, substantially in the form of the proposed order annexed hereto, extending the Exclusive Periods through and including January 31, 2006, without prejudice to the Debtors' right to seek further extensions; and (b) granting such other related relief as is just.

Dated: September 29, 2005

SAUL EWING LLP

By:    */s/ Norman L. Pernick*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899-1266
(302) 421-6800

Charles O. Monk, II
Jay A. Shulman
100 South Charles Street
Baltimore, MD  21201
(410) 332-8600

- And-

SIDLEY AUSTIN BROWN & WOOD LLP

Larry J. Nyhan
James F. Conlan
Jeffrey C. Steen
Bank One Plaza
10 South Dearborn Street
Chicago, IL  60603
(312) 853-7000

Co-Counsel for Owens Corning, *et al.*,
Debtors and Debtors-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

IN RE:                 :

                      :    Chapter 11

OWENS CORNING, *et al.*,      :    Case Nos. 00-3837 (JKF)

                      :    (Jointly Administered)

         Debtors.       :

                           Related to Docket No. _____

                           Hearing Date: October 24, 2005

                           Agenda Item No. _____

### ORDER, PURSUANT TO 11 U.S.C. § 1121(d), FURTHER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH THE DEBTORS MAY FILE PLANS OF REORGANIZATION AND SOLICIT ACCEPTANCES THERETO

Upon the motion, dated September 29, 2005 (the "Motion"),[1] of above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking the entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending the exclusive periods of 11 U.S.C. § 1121 within which no other party may file a plan so that the Debtors may file and solicit acceptances of a plan of reorganization through and including January 31, 2006, without prejudice to requests of the Debtors for further extensions of the Exclusive Periods; and upon consideration of the Motion after due deliberation thereon; and good and sufficient cause appearing therefor; and due and proper notice of the Motion having been given; and it appearing that extending the Exclusive Periods through and including January 31, 2006 is in the best interests of the Debtors and their estates and creditors and other parties-in-interest; it is hereby

FOUND THAT:

---

[1]    Unless otherwise, defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

527394.1

201

A.    Due and proper notice of the Motion has been given, and no other or further notice is required;

B.    For the reasons set forth in the Motion, sufficient cause exists to extend the Exclusive Periods through and including January 31, 2006, because, among other things:

       (1)    the Debtors' cases are extremely large and complex;

       (2)    the Debtors have made good faith progress toward proposing a plan of reorganization;

       (3)    sufficient time is necessary to permit the Debtors to negotiate an amended plan of reorganization;

       (4)    the Debtors are not using exclusivity to prejudice creditors; and

       (5)    granting the relief requested would not prejudice any party-in-interest.

C.    The relief requested in the Motion is appropriate and necessary to assist the Debtors in their efforts to reorganize or otherwise maximize the value of their estates; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Exclusive Periods are, and hereby shall be, extended through and including January 31, 2006.

3.    Entry of this Order is, and hereby shall be, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

4.    Entry of this Order is, and hereby shall be, without prejudice to the right of parties-in-interest to seek to terminate or modify the Exclusive Periods.

527394.1

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October ___, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE DISTRICT OF DELAWARE

IN RE:                                :        Chapter 11
                                      :
OWENS CORNING, *et al.*,              :        Case Nos. 00-3837 (JKF)
                                      :
           Debtors.                   :        (Jointly Administered)

                                               Related to Docket No. 15871
                                               Hearing Date: October 24, 2005

### OBJECTION OF DEBTORS TO INACOM CORPORATION'S
### MOTION TO ALLOW THE FILING OF A PROOF OF CLAIM
### AFTER THE DEADLINE FOR FILING PROOFS
### OF CLAIM PURSUANT TO BANKRUPTCY RULE 9006(B)(1)

Owens Corning and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively with Owens Corning, the "Debtors")[1], by and through their undersigned attorneys, hereby object to Inacom Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1) (Docket No. 15871) (the "Motion")[2]. For the reasons set forth herein, the Debtors respectfully request that the Motion be denied in its entirety.

### Preliminary Statement

The Debtors' objection to the Motion is not based upon a minor or technical violation of the Court's bar date order. Rather, this objection is based upon the gross disregard of the bar

---

[1]    The Debtors are: Owens Corning, CDC Corporation, Engineered Yarns America, Inc., Falcon Foam Corporation, Integrex, Fibreboard Corporation, Exterior Systems, Inc., Integrex Ventures LLC, Integrex Professional Services LLC, Integrex Supply Claim Solutions LLC, Integrex Testing Systems LLC, Homexperts LLC, Jefferson Holdings, Inc., Owens-Corning Fiberglas Technology Inc., Owens Corning HT, Inc., Owens-Corning Overseas Holdings, Inc., Owens Corning Remodeling Systems, LLC and Soltech, Inc.

[2]    Although the Motion is styled as being filed by "Inacom Corporation", it was actually filed by Executive Sounding Board Associates, Inc., in its capacity as "Plan Administrator" for Inacom's confirmed plan of liquidation. See note 4, below.

527795.1

Docket # 15989
Date 10-7-05

204

date -- which passed approximately *3½ years ago* -- by a creditor which admittedly received notice of the Bar Date, identified its account receivable from Owens Corning as one of its largest accounts receivable, discussed the necessity of filing a proof of claim with counsel but nevertheless failed to file a claim. A more egregious fact pattern would be difficult to find.

In any event, the claim the movant seeks to assert is, in the Debtors' view, wholly invalid. Thus, the Debtors do not interpose this Objection in an attempt to elude responsibility for an otherwise meritorious claim. Rather, as explained below, the claim which the movant seeks to assert is vigorously contested. Should the Motion be granted, significant claims litigation is likely to follow.

### Background

1.    On October 5, 2000 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). Since filing for bankruptcy, the Debtors have continued to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### The Inacom Agreements

2.    Prior to its bankruptcy filing, Owens Corning was party to an agreement (the "Inacom Agreement") with Inacom Corporation and/or its affiliates (collectively, "Inacom") by which Inacom furnished to the Debtors extensive computer-related services. Upon information and belief, Owens Corning was one of Inacom's largest customers. Among other things, Inacom:

- provided, through approximately 60 personnel, dedicated 24 hour, 7 days a week, "help desk" services to support approximately 6-7,000 desk-top computers in North America and Europe;

205

- provided global support of the Debtors' 200-300 Intel/Microsoft servers;

- operated the Debtors' server environment including email system, public drives, gateways, proxy servers, and the like;

- provided various operational services including security administration and virus protection;

- maintained, updated and interfaced with Microsoft regarding the Owens Corning common desk-top and server "image" on all Owens Corning North American and European computers;

- provided "break-fix" services for all Owens Corning desk-top computers; and

- provided asset management services by which Inacom both kept track of the Debtors' desk-top computers and handled all desk-top purchases for the Debtors.

3.      In June 2000, with no prior notice and in clear violation of the Inacom Agreement, Inacom abruptly ceased providing these services. These actions caused the Debtors enormous disruption as well as significant out-of-pocket costs and losses. Among other things, the Debtors were forced, on an emergency basis, to reallocate personnel from their normal tasks, locate and employ temporary replacement personnel to perform tasks previously performed by Inacom and devote key personnel to the tasks of locating a permanent replacement for Inacom and managing the transition to such replacement. In addition, and among other things, Inacom failed to return certain of the Debtors' owned and leased equipment, and failed to complete various projects for which the Debtors had paid.

4.      Because the Debtors believed, reasonably, that Inacom's actions gave them a complete defense to any claims that could be asserted by Inacom, each of Inacom's claims was listed as "disputed" in the Amended and Restated Schedules filed by the Debtors in November 2001.

### The Bar Date & Motion

5.     By Order dated November 28, 2001 (the "Bar Date Order"), the Court

established a deadline for filing proofs of claim, other than certain excluded claims, of April 15,

2002 (the "Bar Date").

6.     As required by the Bar Date Order, the Debtors caused to be mailed notice

of the Bar Date to all known creditors and parties-in-interest, along with conformed proof of

claim forms.  Each creditor's proof of claim form listed the scheduled amount of the

recipient's/creditor's claim and a clear statement, if applicable, that the creditor's claim was

scheduled as "contingent," "unliquidated" or "disputed."

7.     Notice of the Bar Date was mailed to Inacom at numerous addresses[3].  See

Exhibit "A" hereto (excerpts from Certificate of Service re Bar Date Order).

8.     Although Inacom admittedly received notice of the Bar Date (Motion at p.

7: "[n]otice of the deadline for filing claims was served upon Inacom at various sites"), it did not

file any proof of claim in the Debtors' cases by the April 15, 2002 Bar Date.

9.     Inacom took no action regarding its claim against Owens Corning for

approximately 2½ years.  Then, according to the Motion, the Plan Administrator appointed under

Inacom's confirmed plan of liquidation[4] (the "Plan Administrator") received an inquiry from a

claims trader in November 2004.  Some months later, in late March or early April 2005, the Plan

Administrator contacted the Debtors, through counsel, with a request that the Debtors consent to

the Plan Administrator's filing of a late proof of claim on behalf of Inacom.  By email dated

---

[3]     Exhibit "A" includes only mailings to Inacom and "Vanstar", one of Inacom's affiliated debtors, as
identified in the Motion.  See Motion at p.1, n.1.  Additional mailings were made to other Inacom entities.

[4]     According to the Motion, Inacom filed a chapter 11 bankruptcy petition on June 16, 2000 (case no. 00-2426
(PJW)).  Motion at p. 4.  The bankruptcy court confirmed Inacom's Joint Plan of Liquidation as Amended
(the "Liquidating Plan"), by Order dated May 23, 2003.  Executive Sounding Board Associates, Inc. was
appointed "Plan Administrator" pursuant to the terms of such Order.

527795.1                                    -4-

April 11, 2005, attached hereto as Exhibit "B", the Plan Administrator was informed that the Debtors would not so consent. It was not until five months later, on September 19, 2005, that the Plan Administrator filed the Motion.

10.     As further described therein, the Motion seeks Court permission for the Plan Administrator to file a claim on behalf of Inacom in the approximate amount of $2.5 million, against Owens Corning.

### Legal Standards

11.     Federal Rule of Bankruptcy Procedures 9006(b)(1) authorizes the Court, for cause shown, to extend a time period for the taking of an action where the failure to act was the result of "excusable neglect." The determination of whether a party's neglect of a bar date is "excusable neglect" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file, including the danger of prejudice to the debtor, the reason for the delay, including whether it was within the reasonable control of the movant, the length of delay and its potential impact on judicial proceedings, and whether the movant acted in good faith. Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380, 395 (1993). See also Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995).

### Argument

12.     The Debtors submit that consideration of each of these and all other factors unequivocally compels a denial of the Motion.

13.     Prejudice to Debtors. Although no plan has yet been confirmed in the Debtors' cases, the Debtors have valid reason for concern that a granting of the Motion will cause significant prejudice to the estates. Among other things, the Debtors have concern that a granting of the Motion will open the floodgates to numerous motions for permission to file late

208

claims, and that such motions may succeed. Stated plainly, if the extraordinary circumstances alleged in the Motion are found to constitute excusable neglect, it is hard to imagine what circumstances would *not* constitute excusable neglect, and the Bar Date will have had no meaning.

14.     The Debtors' concern about a flood of late-filed claims is not academic. The Debtors received approximately 12,600 filed proof of claims in these cases, despite giving notice of the Bar Date to over 200,000 creditors and potential creditors. Should the Motion be granted, how many of these parties will seek to assert late claims? Case law clearly recognizes this as a valid form of "prejudice." See In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999). Dealing with the claims that have been filed thus far has been, and continues to be, an enormous task; any action that increases the number of claims that must be reviewed, reconciled and potentially objected to is of significant concern and prejudice.

15.     Separately, permitting Inacom to file a late claim is unfair to the thousands of Owens Corning creditors who managed -- unlike Inacom -- to file their claims on time. The proposed Inacom claim is sizeable; should the Motion be granted, such claim, if ultimately allowed, will dilute the recoveries of other creditors who, absent legislation, are unlikely to be paid in full[5].

16.     <u>Reason for Delay / Whether it Was Within the Reasonable Control of the Movant</u>. It is difficult to conceive that the reasons asserted for Inacom's delay in filing a claim could constitute excusable neglect. In its Motion, the Plan Administrator admits that Inacom received notice of the Bar Date (<u>Motion</u>, at p. 7), that Inacom had identified its account

---

[5]     Owens Corning notes that the Disclosure Statement with respect to Inacom's Liquidating Plan states that Inacom's general unsecured creditors will -- even without any recovery from Owens Corning, whose debt was written off -- receive a total distribution in the Inacom case of approximately 20-41%. Whether or not Owens Corning's general unsecured creditors will receive such a distribution is uncertain.

receivable from Owens Corning as one of Inacom's largest (Id.), that Inacom "reviewed its

books and records in late 2001 to determine whether it had claims against Owens Corning (Id.),

and that Inacom personnel discussed the necessity of filing a proof of claim with counsel but that

"the follow-up by either Inacom employees or counsel did not occur" (Id.).

     17.     The justification the Plan Administrator submits as to the reason this

follow-up did not occur is two-fold. First, the Plan Administrator asserts that:

> during the period which claims against Owens Corning were to be
> prepared and filed, the very small Inacom staff was reviewing and
> assisting in the preparation of objections to the more than 10,000
> claims either scheduled by or filed against the Inacom estates,
> assisting in litigation to bring hundreds of collection actions and
> avoidance actions, and disposing of assets.

Motion, at p. 7. Second, the Plan Administrator asserts that:

> apparently due to a misunderstanding, the Owens Corning
> accounts receivable were written off in December 2000 resulting in
> a loss of visibility and follow-up.

Motion at p. 7. These assertions do not withstand scrutiny and, even if correct, cannot constitute

"excusable neglect."

     18.     First, it is clear that a heavy workload cannot constitute excusable neglect.

In re Enron Corp., 419 F.3d 115, 126 (2d Cir. 2005) ("preoccupation or an excessive workload do

not usually constitute 'excusable neglect'"). See Pioneer Investment Services, 507 U.S. at 398

("we give little weight to the fact that counsel was experiencing upheaval in his law practice at

the time of the bar date."). See also In re Eagle-Picher Industries, Inc., 158 B.R. 713, 715-716

(Bankr. S.D. Ohio 1993) (rejecting a claim filed two weeks after bar date where only explanation

was an "overworked and underfunded" staff). The leading cases on "excusable neglect"

typically do not consider only the moving parties' conduct in determining whether excusable

neglect has occurred. Rather, they also examine whether the *debtor bears any responsibility* for

the moving party's non-action. See, e.g., Pioneer Investment Services Co., 507 U.S. at 399 ("we conclude that the unusual form of notice employed in this case requires a finding that the neglect of respondents' counsel was, under all the circumstances, 'excusable.'"); In re O'Brien Environmental Energy, Inc., 188 F.3d at 128-129 ("The Bankruptcy Court should not have limited its focus to [the movants'] conduct. An examination of [the debtor's] role in the mishap is also essential to a determination of whether [the movants'] neglect was excusable."). Nowhere in the Motion does the Plan Administrator allege any action or omission on the part of the Debtors that contributed to Inacom's failure to comply with the Bar Date, or any asserted defect in the manner in which the Debtors gave notice of the Bar Date. Thus, Inacom's failure to comply with the Bar Date was solely due to its own conduct.

19.     Indeed, the stated conduct and activities of Inacom's staff at the time of the Bar Date -- which included objecting to claims in the Inacom case and prosecuting collection actions (Motion at p. 7) -- undermine any finding of excusable neglect. Clearly, Inacom's employees and representatives should have been acutely aware of the significance of the Bar Date, heavy work-load notwithstanding.

20.     Second, to the extent a mistake was made in "December 2000" regarding the alleged "writing off" of Inacom's account receivable from Owens Corning, such mistake cannot support any finding of excusable neglect. If such a mistake occurred, Inacom's personnel had almost 1½ years to correct it -- the interval from when the asserted mistake occurred to the Bar Date. Significantly, during such interval Inacom was no longer operating. Rather, "[a]fter June 16, 2000 Inacom operated solely to wind up and liquidate its business." Motion at p. 4. Presumably, a large part of such operations -- which occurred under the guidance of experienced

and sophisticated bankruptcy professionals[6] -- involved collection of Inacom's accounts receivable, from debtors and non-debtors alike. Indeed, the Motion acknowledges that "[a]fter [Inacom] filed its own bankruptcy case it established a mechanism by which its remaining staff would, upon notification of the filing of a petition by a company or the receipt of a notice of the deadline for filing claims, against which Inacom had a claim, review its books and records and communicate with its attorneys as to the existence of potential claims against other bankrupt companies." Motion at p. 9.

21.     Even if Inacom did indeed "write off" its accounts receivable from Owens Corning, it was or should have been put on notice by the Debtors' Bar Date notice and materials that it had a potentially significant claim against Owens Corning. As stated above, the Debtors caused to be mailed conformed proof of claim forms to all known creditors and parties-in-interest. *Each creditor's proof of claim form listed the scheduled amount of such creditor's claim* and contained a clear statement, if applicable, that the creditor's claim was scheduled as "contingent," "unliquidated" or "disputed."

22.     Thus, the Bar Date materials mailed to Inacom expressly stated the amounts of Inacom's scheduled (but disputed) claims against Owens Corning. Surely, the listing of the amount of such claims on the proof of claim forms sent to Inacom should have caused Inacom to review further its books and records regarding amounts due from Owens Corning. Apparently, such review did not occur.

---

[6]     See Motion at p. 5 ("within a few months after filing its petition Inacom (1) was being run by Bridge Associates LLC as their bankruptcy consultants, and (2) had its primary bankruptcy [counsel] Wilkie, Farr & Gallagher replaced by Pachulski, Stang, Ziehl, Young, Jones & Weintraub"). The Debtors note that, upon information and belief, all of such professionals, as well as the Plan Administrator and other parties, were given broad releases under Inacom's Liquidating Plan. The Plan Administrator also is the beneficiary of broad exculpation and indemnity provisions for its post-confirmation actions, pursuant to the terms of the "Plan Administrator Agreement" approved in connection with the confirmation of Inacom's Liquidating Plan.

23.    In considering whether Inacom's neglect was "excusable," one cannot overlook the circumstances that led to the filing of the Motion. According to the Motion, Inacom was contacted by a claims trader in November 2004 with respect to Inacom's claims against Owens Corning. Several months passed before Inacom contacted Owens Corning to discuss the claim. An additional five months passed before the Plan Administrator filed the Motion. Such additional delays do not help the moving party's case. See In re Interstate Grocery Distributions System, 267 B.R. 907, 913 (Bankr. N.J. 2001) ("The length of delay in seeking relief is significant. . . . Here, [movant] waited almost eight months after learning [of the missed deadline] and no reasonable explanation is proffered for the length of this delay . . ."). See also In re American Classic Voyages Co., 405 F.3d 127, 128-29 (3d Cir. 2005) (motion to file late claim filed 16 days after movant discovered missed bar date); In re O'Brien Environmental Energy, Inc., 188 F.3d 116 (3d Cir. 1999) (moving party filed motion within approximately six weeks of discovering missed deadline); Consolidated Freightways Corp. of Delaware v. Larson, 827 F.2d 916 (3d Cir. 1987) (movant immediately applied to district court for extension of time, after learning of missed deadline). See also In re Just for Feet, Inc., 299 B.R. 343, 347 (Bankr. D. Del. 2003) (Fitzgerald, J.) (questioning "why [movant] waited two to three months after discovering his mistake to file the motion . . .").

24.    Length of Delay and Impact on Judicial Proceedings. As stated above, the Motion was filed approximately 3½ years after the Bar Date, approximately 10 months after a claims trader contacted Inacom about Inacom's claim and approximately 5 months after Owens Corning informed the Plan Administrator that it would not consent to a late-filed claim[7].

---

[7]    The Debtors note that Inacom's delay in seeking permission to file a late proof of claim may make it difficult to obtain a full explanation of the facts alleged in the Motion, including without limitation the reason Inacom's account receivable against Owens Corning was written off in December 2000. See Motion at p. 7. The Debtors do not know whether any of the Inacom personnel involved in the writing off

25.   Good Faith.  Having not yet taken discovery regarding the Motion, the Debtors are not aware of any "bad faith" regarding the filing of the Motion.  All rights regarding this issue are reserved pending discovery, if necessary[8].

### Conclusion

26.   For the reasons set forth above, the Debtors submit that, on the facts alleged in the Motion, Inacom's request for an extension of the Bar Date must be denied.

27.   If, however, the Court determines that the facts as alleged in the Motion could -- if true -- constitute "excusable neglect", the Debtors will contend that the Motion cannot be granted without adherence to the requirements of Federal Rule of Bankruptcy Procedure 9006(b), which provides that excusable neglect motions cannot be granted without "cause shown."  In such an event, the Debtors would request an opportunity to take discovery regarding the Motion and an evidentiary hearing regarding same.  Such discovery will investigate the following, among other things:

- The circumstances surrounding the alleged write off of Inacom's receivable from Owens Corning in December 2000.

- The mechanism purportedly established by Inacom to file proof of claims in other bankruptcy cases[9].

- The manner and circumstances regarding (a) Inacom's contacting of its counsel regarding the Owens Corning Bar Date and (b) the failure of "follow-up" to occur by Inacom employees or its counsel regarding the Owens Corning Bar Date.  See Motion at p. 7

---

of the Owens Corning receivable and the other circumstances alleged in the Motion are available for discovery, if necessary.  See paragraph 27, below.

[8]   See paragraph 27, below.

[9]   According to the Motion, "Inacom was a creditor in more than 70 other bankruptcy cases around the nation.  After it filed its own bankruptcy case it established a mechanism by which its remaining staff would, upon notification of the filing of a petition by a company or the receipt of a notice of the deadline for filing claims . . . review its books and records and communicate with its attorneys . . ." Motion, at p. 9.

214

- The circumstances in which Inacom allegedly reviewed its books and records after receiving notice of the Bar Date, but located only "a relatively small claim" against Owens Corning which "the Inacom staff quickly concluded was subject to an offset by Owens Corning greatly exceeding the value of the claim." Motion at p. 7.

- The events which occurred after the Plan Administrator was contacted by a claims trader in November 2004, and the reasons Inacom neglected to file the Motion until September 2005.

Again, the Debtors believe that the facts and circumstances asserted in the Motion, even if correct, do not constitute "excusable neglect" for Inacom's failure to file a timely proof of claim To the extent the Court disagrees, the Debtors should be given an opportunity to take appropriate discovery regarding this matter.

WHEREFORE, the Debtors respectfully request that the Court issue an order (a) denying the Motion; and (b) granting such other and further relief as the Court deems necessary and just.

Dated:    October 7, 2005

SAUL EWING LLP

By: ꞵₐₗₛₗₐₗₐ
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE  19899-1266
(302) 421-6800

-and-

Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7777

Counsel for Owens Corning, *et al.,*
Debtors and Debtors-in-Possession

# Exhibit "A"

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
| **OWENS CORNING, et al.** | : Case No. 00-03837 (JKF) |
| Debtors. | : Jointly Administered |

## CERTIFICATION OF SERVICE

I, Craig A. Osborne, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10351 Santa Monica Boulevard, Suite 101A, Los Angeles, California 90025.

On January 2, 2002 I caused to be served:

**NOTICE OF ENTRY OF GENERAL CLAIMS BAR DATE ORDER REQUIRING THE FILING OF PROOFS OF CLAIM;**

**PROOF OF CLAIM;**

**INSTRUCTIONS FOR PROOF OF CLAIM FORM/DEFINITIONS**

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By delivering the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ By causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

0115020010001

Mail was deposited with the U.S. Postal Service on January 2, 2002 with postage thereon fully prepaid in the ordinary course of business, addressed to all of the parties listed on the attached Service List. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January \_\_\_, 2002 at Los Angeles, California

Craig A. Osborne

0115020010002

218

IMTEC
PO BOX 808 IMTEC LANE
BELLOWS FALLS, VT 05101

IMTEC CORP
39111 8 MILE RD
LIVONIA, MI 481523926

IMTECH EDM
2001 W 16TH ST
BROADVIEW, IL 601533952

IN & OUT BURGERS
13502 EAST VIRGINIA AVE
BALDWIN PARK, CA 91797

IN & OUT MART
300 MULBERRY ST N
MANSFIELD, OH 449021054

IN AND OUT CAR WASH
3130 S CARSON
CARSON CITY, NV 89703

IN BLOOM AT PINE HILLS
5131 WEST COLONIAL DRIVE
ORLANDO, FL 32808

IN CHEM CORP
PO BOX 751171
CHARLOTTE, NC 282751171

IN CREASE ING PROPERTIES LLC
117 W WOODBINE SECOND FLOOR
SAINT LOUIS, MO 63122

IN DEPT OF ENVIRONMENTAL
PERMITS SECTION
POST OFFICE BOX 601
INDIANAPOLIS, IN 462066015

IN FOCUS INC
PO BOX 4300-02
PORTLAND, OR 97208

IN FOCUS SERVICES INC
PO BOX 4100 MS 58
PORTLAND, OR 972084100

IN HAND SIDING CO.
3519 E 2 B
POST FALLS, ID 83854

IN PLANT MANAGEMENT ASSOC
PO BOX 419263
KANSAS CITY, MO 641930001

IN PLANT MANAGEMENT ASSOC
1205 W COLLEGE ST
LIBERTY, MO 640681035

IN POSITION TECHNOLOGIES
500 NORTH 56TH STREET SUITE 14
CHANDLER, AZ 85226

IN STITCHES
316 MAIN ST
BROOKVILLE, IN 47012

IN STORE SERVICES
PO BOX 410847
CHARLOTTE, NC 282410847

INA CCSD 8
HEFFLER, RADETICH & SAITTA
1515 MARKET STREET
PHILADELPHIA, PA 19102

INA CCSD 8
P.O. BOX 5244
SPRINGFIELD, IL 62705

INA CCSD 8
HEFFLER, RADETICH & SAITTA
1515 MARKET STREET
PHILADELPHIA, PA 19102

INA CCSD 8
DAVID BERGER ATTORNEYS AT LAW.
1622 LOCUST STREET
PHILADELPHIA, PA 19103

INA CCSD 8
P.O. BOX 5244
SPRINGFIELD, IL 62705

INA CCSD 8
DAVID BERGER ATTORNEYS AT LAW.
1622 LOCUST STREET
PHILADELPHIA, PA 19103

INA CCSD 8
HARVEY S. KRONFIELD, P.C.
21 BALA AVENUE
BALA CYNWYD, PA 19004

INA CCSD 8
HARVEY S. KRONFIELD, P.C.
21 BALA AVENUE
BALA CYNWYD, PA 19004

INACOM
DEPT CH10258
PALATINE, IL 600550258

INACOM
2001 WESTSIDE DRIVE SUITE 260
ALPHARETTA, GA 300047408

INACOM
PO BOX 93847
CHICAGO, IL 606733847

INACOM - CENTRAL AREA
PO BOX 402163
ATLANTA, GA 303842163

INACOM CANADA
PO BOX 70494
TORONTO, ON M5W2X5

INACOM MID ATLANTIC REG CTR
PO BOX 651354
CHARLOTTE, NC 282651354

INACOM/VANSTAR
1700 WOODLANDS DR SUITE 100
MAUMEE, OH 43537

INACOM CENTRAL AREA
PO BOX 402163
ATLANTA, GA 303842163

INACOM NORTH CENTRAL AREA
PO BOX 93847
CHICAGO, IL 606733847

INACOM/VANSTAR
1700 WOODLANDS DR
MAUMEE, OH 43537

INACOM CENTRAL AREA
PO BOX 402163
ATLANTA, GA 303842163

INACOM NORTH CENTRAL AREA
PO BOX 93847
CHICAGO, IL 606733847

INACOM/VANSTAR
1700 WOODLANDS DR SUITE 100
MAUMEE, OH 43537

INACOM INFORMATION SYSTEM
PO BOX 93847
CHICAGO, IL 606733847

INACOM NORTHEAST REG CTR
PO BOX 8500 (S-41835)
PHILADELPHIA, PA 19178

INACOM-NORTH CENTRAL AREA
PO BOX 93847
CHICAGO, IL 606733847

INACOM INFORMATION SYSTEMS
PO BOX 7777-W4310
PHILADELPHIA, PA 191754310

INACOM SERVICES EUROPE SA
VAL D'OR 92 GULLEDELLE
BRUXELLES, 1200
BELGIUM

INACOM-NORTH CENTRAL AREA
PO BOX 93847
CHICAGO, IL 606733847

INACOM INFORMATION SYSTEMS
PO BOX 70494 STN A
TORONTO, ON M5W2X5

INACOM/VANSTAR
DEPT AT40171
ATLANTA, GA 311920171

INACOMP COMPUTER CENTER
1013 PINE LOG RD
AIKEN, SC 298037311

INACOM INFORMATION SYSTEMS
PO BOX 7777-W4310
PHILADELPHIA, PA 191754310

INACOM/VANSTAR
1700 WOODLANDS DR SUITE 100
MAUMEE, OH 43537

INACOMP COMPUTER CENTER
915 TATE BLVD SE 120
HICKORY, NC 28602

INACOM INFORMATION SYSTEMS
PO BOX 7777-W6205
PHILADELPHIA, PA 191756205

INACOM/VANSTAR
1700 WOODLANDS DR SUITE 100
MAUMEE, OH 43537

INACOMP COMPUTER CENTERS
SUITE 100
ROSWELL, GA 300780000

INACOM INFORMATION SYSTEMS
2880 ARGENTIA ROAD
MISSISSAUGA, ON L5N7X6

INACOM/VANSTAR
PO BOX 7777-W6205
PHILADELPHIA, PA 191756205

INACOMP COMPUTER CENTERS
PO BOX 1076
AIKEN, SC 298021076

INACOM INFORMATION SYSTEMS-
P.O. BOX 44000, DEPT. 44840
SAN FRANCISCO, CA 941444840

INACOM/VANSTAR
PO BOX 7777-W6205
PHILADELPHIA, PA 191756205

INACOMP COMPUTER RENTAL
600-B LAKEVIEW PLAZA BLVD
WORTHINGTON, OH 43085

220

VANSANT LUMBER CO INC
PO BOX 50
VANSANT, VA 24656

VANSTAR
DEPT CH10258
PALATINE, IL 600550258

VANSTAR
201 HANSEN CT STE 119
WOOD DALE, IL 601911151

VANSCO PRECISION ADHESIVE PLAC
2652 LASHBROOK AVE
SOUTH EL MONTE, CA 917331598

VANSTAR
PO BOX 7777 W4310
PHILADELPHIA, PA 191754310

VANSTAR
PO BOX 98115
CHICAGO, IL 606938115

VANSICKLE, ROBERT III
905 SHARON GLYN DRIVE
NEWARK, OH 43055

VANSTAR
DEPT CH10258
PALATINE, IL 600550258

VANSTAR
DEPT. AT40171
ATLANTA, GA 311920171

VANSTAR
DEPT AT40171
ATLANTA, GA 311920171

VANSTAR
140 E TOWN ST
COLUMBUS, OH 43215

VANSTAR
DEPT LA21194
PASADENA, CA 911851194

VANSTAR
7100 E BELLEVIEW AVE STE 107
GREENWOOD VILLAGE, CO 801111634

VANSTAR
7676 HILLMONT ST
HOUSTON, TX 770406400

VANSTAR BELGIUM SA
MINERVASTRAAT 8
ZAVENTEM, BR 1930
BELGIUM

VANSTAR
1700 WOODLANDS DRIVE
MAUMEE, OH 43537

VANSTAR
PO BOX 98115
CHICAGO, IL 606938115

VANSTAR CORP
2257 WESTBROOKE DR
COLUMBUS, OH 432269643

VANSTAR
P.O. BOX 7777-W7710
PHILADELPHIA, PA 781757710

VANSTAR
6321 CAMPUS CIRCLE DR
IRVING, TX 75063

VANSTAR CORP
4339 STUART ANDREW BLVD
CHARLOTTE, NC 282171642

VANSTAR
PO BOX 7247-8284
PHILADELPHIA, PA 19170

VANSTAR
PO BOX 7777-W4310
PHILADELPHIA, PA 191754310

VANSTAR CORP
DEPT CH10258
PALATINE, IL 600550258

VANSTAR
PO BOX 7777-W4310
PHILADELPHIA, PA 191754310

VANSTAR
2008 RENAISSANCE BLVD
KING OF PRUSSIA, PA 19406

VANSTAR CORP
4040 B&E COX RD
GLEN ALLEN, VA 23060

VANSTAR
3412 PROGRESS DR
BENSALEM, PA 190205817

VANSTAR
DEPT CH10258
PALATINE, IL 600550258

VANSTAR CORP
500 W WILSON BRIDGE RD STE 130
WORTHINGTON, OH 43085

221

VANSTAR CORP
700 BELL AVE
CARNEGIE, PA 151064322

VANTAGE CONSULTING GRP
111 W 57TH ST STE 420
NEW YORK, NY 10019

VANWINKLE CONST.
144 STEWART ST
RUSHSYLVANIA, OH 43347

VANSTAR CORP
12223 FLORENCE AVE
SANTA FE SPRINGS, CA 906703805

VANTAGE CUSTOM CLASSICS
1500 W BLANCKE ST
LINDEN, NJ 070366228

VAP MAINTENANCE
9321 S UTICA AVENUE
EVERGREEN PARK, IL 60805

VANSTAR CORP
3201 W COMMERCIAL BLVD STE 134
FORT LAUDERDALE, FL 333093431

VANTAGE PRODUCTS
907 BLACKLAWN RD SW
CONYERS, GA 30094

VAPOR
34 SHELLHAMMER RD
BERWICK, PA 18603-5010

VANSTAR CORP
6300 ROCKSIDE RD
INDEPENDENCE, OH 441312221

VANTAGE PRODUCTS CORPORATION
PO BOX 118269
ATLANTA, GA 303686269

VAPOR
34 SHELLHAMMER RD
BERWICK, PA 18603-5010

VANSTAR CORPORATION
DEPT. LA21194
PASADENA, CA 911851194

VANTAGE SERVICE STATION
JOSHUA PATH RD & CENTRAL AVE.
CENTRAL ISLIP, NY 11722

VAPOR CORP
6420 WEST. HOWARD ST.
CHICAGO, IL 60648

VANSTAR CORPORATION
5964 W LAB POSITAS BLVD
PLEASANTON, CA 84566

VANTAGE SUNOCO
MIDDLE COUNTRY RD
MIDDLE ISLAND, NY 11953

VAPP & CO INC/INDUSTRIAL DIV.
CHARLES RIVER MARGINAL CONDUIT
155 INDUSTRIAL PARK DR.
CAMBRIDGE, MA 02238

VANSTAR CORPORATION
5964 WEST LAS POSITAS BLVD.
PLEASANTON, CA 94588

VANTAGE VILLA #25
2429 CHEYENE BLVD
TOLEDO, OH 43614

VAR TECH
11301 INDUSATRIPLEX BLVD UNIT 4
BATON ROUGE, LA 70809

VANSTAR KANSAS CITY
8271 MELROSE DR
LENEXA, KS 662141625

VANTAGESOURCE LLP
PO BOX 905735
CHARLOTTE, NC 282905735

VARCO
PO BOX 71302
CHICAGO, IL 606941302

VANSTAR TECHNOLOGY SERVICES CO
12500 NETWORK BLVD STE 107
SAN ANTONIO, TX 782493308

VANTAS OFFICE SOLUTIONS
525 N TRYON STREET SUITE 1600
CHARLOTTE, NC 28202

VARCO INC
2105 KATEWAY RD
GREENWOOD, SC 29646

VANTAGE COMMUNICATIONS INC
PO BOX 546
NYACK, NY 109600546

VANTOM PUMP AND EQUIPMENT
201 SWEETLAND AVE.
HILLSIDE, NJ 072051746

VARCO PRUDEN
273 WATER ST
EVANSVILLE, WI 535361496

222

Exhibit "B"

Message                                                    Page 1 of 1

**Isenberg, Adam H.**

| | |
|---|---|
| **From:** | Isenberg, Adam H. |
| **Sent:** | Monday, April 11, 2005 11:52 AM |
| **To:** | 'fatell@blankrome.com' |
| **Cc:** | Stickles, Kate |
| **Subject:** | Owens Corning -- Inacom Claim |

Bonnie -- per our discussion last week, I have spoken to OC regarding your request that OC consent to Inacom's late filing of a proof of claim (ie., after the April 15, 2002 bar date) in the amount of approx. $3.0 million. With apologies, OC is not prepared to consent to Inacom's filing of a late claim. If you would like to discuss this, please let me know. Thanks.

Adam

---

Adam H. Isenberg
Saul Ewing LLP
(215) 972-8662 (phone)
(215) 972-1853 (fax)
(215) 479-2291 (mobile)
aisenberg@saul.com

4/11/2005

224

**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case Nos. 00-3837 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**Related to Docket No. 15871**
**Hearing Date: October 24, 2005**
**Agenda Item 13**

**ORDER DENYING INACOM CORPORATION'S**
**MOTION TO ALLOW THE FILING OF A PROOF OF CLAIM**
**AFTER THE DEADLINE FOR FILING PROOFS**
**OF CLAIM PURSUANT TO BANKRUPTCY RULE 9006(B)(1)**

Upon consideration of Inacom Corporation's Motion to Allow the Filing of a Proof of

Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1)

[Docket No. 15871] (the "Motion"), and upon consideration of the Debtors' objection thereto,

and upon a hearing being held with respect to the Motion on October 24, 2005; and it appearing

that the facts and circumstances alleged in the Motion do not constitute "excusable neglect" for

an extension of the bar date under the standards articulated in In re Pioneer Investment Services

Co. v. Brunswick Associates Ltd., 507 U.S. 380 (1993), and for good and sufficient cause

appearing therefor, it is hereby ORDERED that the Motion is DENIED.

Dated:  October ___, 2005

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

527795.1

225