Owen Corning, et al
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT B – CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted, In Part, Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claim Asserted* | Status*** | Claim Amount | Debtor(s) Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 18 and 19 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| TYCO PLASTICS, Transferor | 2540 | 37 | PRI | $ 85,741.99 | 37 | UNS | $ 66,691.84 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted entire claim against Owens Corning. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records. $10,519.20 of claim paid/settled pursuant to Reclamation Claim by check #000073519a dated as of 08/26/02. |
| | | | | | 43 | UNS | $ 5,701.10 | |
| | | | | | 54 | UNS | $ 2,529.75 | |
| WILLAMETTE INDUSTRIES, INC. | 2323 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 229,622.69 | 37 | UNS | $ 78,922.23 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records. $22,252.88 of claim paid/settled pursuant to Reclamation Claim by check #000078540 dated as of 11/22/2002. |
| | | | | | 43 | UNS | $ 128,442.76 | |

*Debtor
37 OWENS CORNING
38 CDC CORPORATION
39 ENGINEERED YARNS AMERICA, INC.
40 FALCON FOAM CORPORATION
41 INTEGREX
42 FIBREBOARD CORPORATION
43 EXTERIOR SYSTEMS, INC.
44 INTEGREX VENTURES LLC
45 INTEGREX PROFESSIONAL SERVICES LLC
46 INTEGREX SUPPLY CHAIN SOLUTIONS LLC
47 INTEGREX TESTING SYSTEMS LLC
48 HOMEXPERTS LLC
49 JEFFERSON HOLDINGS, INC.
50 OWENS-CORNING FIBERGLASS TECHNOLOGY INC.
51 OWENS CORNING HT, INC.
52 OWENS-CORNING OVERSEAS HOLDINGS, INC.
53 OWENS CORNING REMODELING SYSTEMS, LLC
54 SOLTECH, INC.

***Key
PRI  PRIORITY
UNS  GENERAL UNSECURED NON-PRIORITY

** The Debtors are represented with respect to their objection to this claim by Ashman Levine Gold and Levin, A Professional Corporation

**EXHIBIT C**

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

**EXHIBIT C — CLAIMS TO BE MODIFIED**
**THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION**
Claims Improperly Asserted Against An Incorrect Debtor and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted** | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 20 and 21 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| AL-WIN, LLC | 2409 | 37 | PRI | $ 8,786.25 | 43 | UNS | $ 8,786.25 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted entire claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. |
| AMROC INVESTMENTS, LLC, Transferee | 311 | 54 | PRI | $ 1,135.60 | 37 | UNS | $ 1,135.60 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted entire claim against Soltech, Inc. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning. |
| EPSCO INC./PERSONNEL SERVICE | 5357 | 43 | PRI | $ 8,684.93 | 37 | UNS | $ 8,684.93 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted entire claim against Exterior Systems, Inc. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning. |
| FLEMING SUPPLY CO., INC., Transferor | 311 | 54 | PRI | $ 1,135.60 | 37 | UNS | $ 1,135.60 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted entire claim against Soltech, Inc. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning. |
| FREMONT STEEL RULE DIE MFG., INC | 8441 | 37 | UNS | $ 25.00 | 54 | UNS | $ 25.00 | Claimant incorrectly asserted entire claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Soltech, Inc. |
| PIEDMONT NATURAL GAS CO INC | 433 | 37 | UNS | $ 44.07 | 43 | UNS | $ 44.07 | Claimant incorrectly asserted entire claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. |
| PIEDMONT NATURAL GAS CO INC. | 432 | 37 | UNS | $ 31.34 | 43 | UNS | $ 31.34 | Claimant incorrectly asserted entire claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. |

'See final page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Ackerman Levine Gold and Levin, A Professional Corporation

***Key
PRI  PRIORITY
UNS  GENERAL UNSECURED NON-PRIORITY

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT C -- CLAIMS TO BE MODIFIED
### THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against An Incorrect Debtor and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 20 and 21 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| QUALITY STORES INC | 3656 | 37 | PRI | $ 1,311.83 | 43 | UNS | $ 1,311.83 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted entire claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. |
| **WASTE MANAGEMENT OF ST LOUIS | 4185 | 37 | UNS | $ 525.17 | 43 | UNS | $ 525.17 | Claimant incorrectly asserted entire claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. |

*Debtor
37 OWENS CORNING
38 CDC CORPORATION
39 ENGINEERED YARNS AMERICA, INC.
40 FALCON FOAM CORPORATION
41 INTEGREX
42 FIBREBOARD CORPORATION
43 EXTERIOR SYSTEMS, INC.
44 INTEGREX VENTURES LLC
45 INTEGREX PROFESSIONAL SERVICES LLC

46 INTEGREX SUPPLY CHAIN SOLUTIONS LLC
47 INTEGREX TESTING SYSTEMS LLC
48 HOMEXPERTS LLC
49 JEFFERSON HOLDINGS, INC.
50 OWENS-CORNING FIBERGLASS TECHNOLOGY INC.
51 OWENS CORNING HT, INC.
52 OWENS-CORNING OVERSEAS HOLDINGS, INC.
53 OWENS CORNING REMODELING SYSTEMS, LLC
54 SOLTECH, INC.

***Key
PRI    PRIORITY
UNS    GENERAL UNSECURED NON-PRIORITY

** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

Page 2 of 2

**EXHIBIT D**

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

**EXHIBIT D – CLAIMS TO BE MODIFIED**
**THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION**
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| ALLIED CARRIERS EXCHANGE, INC. | 109 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 780.22 | 43 | UNS | $ 577.92 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #1521079 in the amount of $41.60 was paid by check #11216 dated as of 11/7/2000. Post Petition Invoice #1550425 in the amount of $42.00, Post Petition Invoice #1550433 in the amount of $76.50, and Post Petition Invoice #1565559 in the amount of $42.00 were paid by check #16656 dated as of 11/10/2000. |
| AMERICAN WEATHER-SEAL CO | 5867 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | SEC | $ 86,762.49 | 43 | UNS | $ 63,809.96 | Claim does not qualify as secured under 11 U.S.C. § 506. Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. $18,423.64 of claim paid/settled pursuant to Reclamation Claim by check #0000800384 dated as of 12/17/2002. Post Petition Invoice #20530440 in the amount of $6,528.80 was paid by check #11553 dated as of 11/7/2000. |
| AMROC INVESTMENTS, LLC, Transferee | 429 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 18,382.82 | 37 | UNS | $ 14,191.93 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #304199 in the amount of $1,087.28, and Post Petition Invoice #301540 in the amount of $439.21 were paid by check #020452 dated as of 12/14/2000. Post Petition Invoice #309470 in the amount of $330.23, and Post Petition Invoice #310015 in the amount of $85.51 were paid by check #029524 dated as of 12/22/2000. Post Petition Invoice #310629 in the amount of $315629 in the amount of $1,641.52 were paid by check #035789 dated as of 12/26/2000. |
| "AT&T WIRELESS SERVICES | 2128 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 590.80 | 37 | UNS | $ 532.08 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #358000023 in the amount of $58.72 was paid by check #776780 dated as of 9/6/2000. |
| BAKER PETROLITE | 2793 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 50,441.63 | 37 | UNS | $ 33,703.43 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #0158225 in the amount of $16,738.20 was paid by check #147644 dated as of 4/16/2001. |

***Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

* See first page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

EXHIBIT D – CLAIMS TO BE MODIFIED
THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status* | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| BAKER PROCESS, INC. | 2285 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 25,867.35 | 37 | UNS | $ 25,141.03 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only.  Post Petition Invoice #SW6.7107776 in the amount of $874.03 was paid by check #020202 dated as of 12/14/2000. Pre Petition Invoice #165868 in the amount of $52.32 was paid by check #371450 dated as of 2/25/1999. |
| BELTRONE, SALVATORE R | 2660 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 8,439.93 | 43 | UNS | $ 8,392.39 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only.  Post Petition Invoice #013934 in the amount of $47.54 was paid by check #164587 dated as of 5/1/2001. |
| CARTER & SONS FREIGHTWAYS INC | 2234 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 904.79 | 37 | UNS | $ 904.79 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. |
| CENTRAL WHOLESALE ELECTRICAL DISTRIBUTORS, INC., Transferor | 428 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 18,362.52 | 37 | UNS | $ 14,191.93 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only.  Post Petition Invoice #304499 in the amount of $1,087.26, and Post Petition Invoice #307540 in the amount of $439.21 were paid by check #020462 dated as of 12/14/2000. Post Petition Invoice #308470 in the amount of $330.23, and Post Petition Invoice #310015 in the amount of $65.51 were paid by check #029524 dated as of 12/22/2000. Post Petition Invoice #313529 in the amount of $5606.54, and Post Petition Invoice #313530 in the amount of $1,541.82 were paid by check #035789 dated as of 12/29/2000. |

* See final page of Exhibit for Index of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Aldeman Levine Gold and Levin, A Professional Corporation

Page 2 of 11

***Key:
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT D – CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| CENTRIA, Transferor | 3057 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 338,386.45 | 43 | UNS | $ 225,327.63 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #141888 RI in the amount of $9,287.16, Post Petition Invoice #141890 RI in the amount of $2,951.24, Post Petition Invoice #141891 RI in the amount of $1,703.43, Post Petition Invoice #141822 RI in the amount of $1,606.29, Post Petition Invoice #141923 RI in the amount of $1,494.73, Post Petition Invoice #141924 RI in the amount of $3,054.18, and Post Petition Invoice #141973 RI in the amount of $912.19 were paid by check #010618 dated as of 12/5/2000. Post Petition Invoice #141746 RI in the amount of $5,878.18, Post Petition Invoice #141747 RI in the amount of $1,093.38, Post Petition Invoice #141747 RI in the amount of $1,468.94, Post Petition Invoice #141748 RI in the amount of $2,969.47, Post Petition Invoice #141749 RI in the amount of $9,703.39, Post Petition Invoice #141750 RI in the amount of $3,136.30, Post Petition Invoice #141751 RI in the amount of $5,874.53, Post Petition Invoice #142529 RI in the amount of $8,006.83, Post Petition Invoice #142541 RI in the amount of $8,409.02, Post Petition Invoice #142542 RI in the amount of $1,978.64, Post Petition Invoice #143187 RI in the amount of $873.74, Post Petition Invoice #143246 RI in the amount of $5,176.15, Post Petition Invoice #143247 RI in the amount of $1,582.43, Post Petition Invoice #143248 RI in the amount of $2,148.28, and Post Petition Invoice #143278 RI in the amount of $8,114.93 were paid by check #023072 dated as of 12/15/2000. Post Petition Invoice #142524 RI in the amount of $3,399.45, Post Petition Invoice #142526 RI in the amount of $2,168.08, Post Petition Invoice #142527 RI in the amount of $1,732.87, Post Petition Invoice #142528 RI in the amount of $4,384.85, Post Petition Invoice #142530 RI in the amount of $55,867.09, Post Petition Invoice #144001 RI in the amount of $3,597.15, Post Petition Invoice #144005 RI in the amount of $143249 RI in the amount of $1,906.34 were paid by check #048770 dated as of 1/12/2001. |
| CHARLOTTE PLATING, INC | 29 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 18,576.00 | 37 | UNS | $ 17,552.00 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #16928 in the amount of $1,024.00 was paid by check #18308 dated as of 1/14/2000. |

***Key
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NONPRIORITY

* See final page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

434

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT D – CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| CITY OF ATLANTA | 493 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 87,768.92 | 37 | UNS | $ 62,143.45 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #55097958 in the amount of $25,625.47 was paid by check #021447 dated as of 12/14/2000. |
| CITY OF ATLANTA | 2567 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 20,489.77 | 43 | UNS | $ 19,574.57 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #55104859 in the amount of $915.20 was paid by check #005269 dated as of 11/27/2000. |
| CONTRARIAN CAPITAL TRADE CLAIMS, LP, Transferee | 322 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 49,899.33 | 37 | UNS | $ 49,510.15 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #0009107 in the amount of $389.18 was paid by check #039714 dated as of 1/4/2001. |
| CONTRARIAN FUNDS, LLC, Transferee | 411 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 23,245.11 | 37 | UNS | $ 23,731.05 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #13516372001 in the amount of $102.96 was paid by check #035303 dated as of 1/26/2001. Post Petition Invoice #7729500021 in the amount of $1,412.07 was paid by check #035350 dated as of 1/19/2001. |
| CONTRARIAN FUNDS, LLC, Transferee | 2210 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 26,267.00 | 37 | UNS | $ 26,267.00 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. |
| CONTRARIAN FUNDS, LLC, Transferee | 2889 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 37,852.50 | 37 | UNS | $ 32,500.00 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Claim incorrectly asserts $5,352.50 on account of Post petition interest not allowable under 11 U.S.C. § 502(b)(2). |
| DRUMMOND AMERICAN CORPORATION | 58 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 8,930.35 | 43 | UNS | $ 8,084.25 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #5101852 in the amount of $846.10 was paid by check #089420 dated as of 2/21/2001. |

* See final page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

Page 4 of 11

**Key
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

435

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

EXHIBIT D – CLAIMS TO BE MODIFIED
THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| ENGINEERING SAFETY CONSULTANTS, INC., Transferor | 234 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 8,200.00 | 37 | UNS | $ 8,200.00 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly assumed against Owens Corning only. |
| EQUILON ENTERPRISES LLC | 5883 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 329,152.56 | 37 | UNS | $ 312,512.23 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. $16,640.33 of claim paid/settled pursuant to Reclamation Claim by check #516384 dated as of 4/16/2002. |
| FARLEY WINDOWS, INC. | 218 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 79,481.30 | 43 | UNS | $ 73,164.81 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Invoice #222389 in the amount of $143.73, Invoice #222270 in the amount of $2,132.67, Invoice #223371 in the amount of $670.40, Invoice #222372 in the amount of $788.59, and Invoice #223373 in the amount of $1,587.12 were paid by check #001735 dated as of 11/20/2000. Invoice #206344 in the amount of $93.98 was paid by check #771507 dated as of 8/1/2000. |
| ** FISHER SCIENTIFIC | 2105 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | SEC | $ 10,314.12 | 37 | UNS | $ 8,723.37 | Claim does not qualify as secured under 11 U.S.C. § 506. Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #847425 in the amount of $177.84 was paid by check #124369 dated as of 3/23/2001. Post Petition Invoice #8578144 in the amount of $1,994.52 was paid by check #90502 dated as of 1/16/2001. Post Petition Invoice #8599731 in the amount of $298.86 was paid by check #82186 dated as of 1/26/2001. Post Petition Invoice #8184328 in the amount of $460.31 was paid by check #79877 dated at of 2/6/2001. Post Petition Invoice #7835631 in the amount of $460.85 was paid by check #79595 dated as of 2/12/2001. Post Petition Invoice #8916243 in the amount of $147.46 was paid by check #84730 dated as of 2/16/2001. Post Petition Invoice #8941542 in the amount of $53.91 was paid by check #91731 dated as of 2/23/2001. |

* See first page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

***Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

436

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT D -- CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| FPC OF RALEIGH INC FORTUNE CONSULTANTS OF RALEIGH, Transferor | 2969 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 37,862.50 | 37 | UNS | $ 32,500.00 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Claim incorrectly asserts $5,362.50 on account of Post petition interest not allowable under 11 U.S.C. § 502(b)(2). |
| GALV TECH | 2945 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 138,339.47 | 43 | UNS | $ 135,195.54 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #62075 in the amount of $3,134.93 was paid by check #19592 dated as of 11/14/2000. |
| GAYLORD CONTAINER CORP. | 2390 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 69,912.86 | 37 | UNS | $ 69,912.86 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. |
| HAWKEYE INFORMATION SYSTEMS, INC. | 2085 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 500.00 | 37 | UNS | $ 17.81 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #47822 in the amount of $482.19 was paid by check #035390 dated as of 1/19/2001. |
| IBM CORPORATION | 2455 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 8,550.12 | 43 | UNS | $ 8,550.12 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. |
| INDUSTRIAL TECHNICAL SALES & SERVICE, INC., Transferor | 2310 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 26,287.00 | 37 | UNS | $ 26,287.00 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. |
| INSTRUMENTATION-COMBUSTION-CONTROLS, INC | 2248 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 23,463.08 | 43 | UNS | $ 23,463.08 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. |

* See first page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

***Key
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

Page 9 of 11

437

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

EXHIBIT D – CLAIMS TO BE MODIFIED
THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claims to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| KREBS ENGINEERS | 2224 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 5,031.90 | 37 | UNS | $ 1,967.55 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Pre Petition Invoice #000201 in the amount of $3,064.35 was paid by check #698144 dated as of 5/18/2000. |
| LEASE ACCEPTANCE CORP. | 2630 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 7,236.00 | 37 | UNS | $ 804.00 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #344883 in the amount of $402.00 was paid by check #100180 dated as of 2/28/2001. Post Petition Invoice #344883 in the amount of $402.00 was paid by check #231986 dated as of 7/2/2001. Post Petition Invoice #344883 in the amount of $2,412.00 was paid by check #36050 dated as of 11/13/2001. Post Petition Invoice #344883 in the amount of $402.00 was paid by check #427359 dated as of 1/4/2002. Post Petition Invoice #344883 in the amount of $402.00 was paid by check #473930 dated as of 2/26/2002. Post Petition Invoice #344883 in the amount of $1,608.00 was paid by check #49473 dated as of 3/8/2002. Post Petition Invoice #344883 in the amount of $402.00 was paid by check #530004 dated as of 4/30/2002. Post Petition Invoice #344883 in the amount of $402.00 was paid by check #546088 dated as of 5/21/2002. |
| LESMAN INSTRUMENT CO | 2604 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 5,311.88 | 37 | UNS | $ 507.91 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #1133090 in the amount of $4,803.77 was paid by check #249058 dated as of 7/17/2001. |
| LIQUITECH WATER SERVICES | 212 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 54,920.22 | 37 | UNS | $ 50,690.80 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #30650 in the amount of $4,229.42 was paid by check #039985 dated as of 1/4/2001. |
| LOMBARDI WATER MANAGEMENT INC | 5671 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 10,161.90 | 37 | UNS | $ 9,061.90 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Pre Petition Invoice #2000JUL10 in the amount of $1,100.00 was paid by check #165115 dated as of 6/15/2000. |

***Key
PRI    PRIORITY
SEC    SECURED
UNS    GENERAL UNSECURED NON-PRIORITY

* See final page of Exhibit for table of Debtors' Cases
** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

438

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

EXHIBIT D -- CLAIMS TO BE MODIFIED
THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claims to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| LONGACRE MASTER FUND, LTD. Transferee | 3067 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 336,386.45 | 43 | UNS | $ 225,327.63 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #141888 RI in the amount of $3,267.15, Post Petition Invoice #141890 RI in the amount of $2,951.24, Post Petition Invoice #141891 RI in the amount of $1,703.43, Post Petition Invoice #141922 RI in the amount of $1,605.28, Post Petition Invoice #141923 RI in the amount of $1,484.73, Post Petition Invoice #141924 RI in the amount of $3,054.16, and Post Petition Invoice #141973 RI in the amount of $812.19 were paid by check #010816 dated as of 12/5/2000. Post Petition Invoice #141740 RI in the amount of $5,678.18, Post Petition Invoice #141746 RI in the amount of $5,089.36, Post Petition Invoice #141747 RI in the amount of $1,468.84, Post Petition Invoice #141748 RI in the amount of $2,989.47, Post Petition Invoice #141749 RI in the amount of $9,733.39, Post Petition Invoice #141750 RI in the amount of $5,136.30, Post Petition Invoice #141751 RI in the amount of $5,974.53, Post Petition Invoice #142529 RI in the amount of $6,406.63, Post Petition Invoice #142541 RI in the amount of $6,409.02, Post Petition Invoice #142542 RI in the amount of $1,976.64, Post Petition Invoice #143187 RI in the amount of $873.74, Post Petition Invoice #143246 RI in the amount of $5,174.75, Post Petition Invoice #143247 RI in the amount of $1,552.43, Post Petition Invoice #143248 RI in the amount of $2,146.28, and Post Petition Invoice #143278 RI in the amount of $8,114.93 were paid by check #022072 dated as of 12/19/2000. Post Petition Invoice #142241 in the amount of $3,399.45, Post Petition Invoice #142526 RI in the amount of $2,166.08, Post Petition Invoice #142527 RI in the amount of $4,264.86, Post Petition Invoice #142528 RI in the amount of $1,722.87, Post Petition Invoice #142530 RI in the amount of $5,867.08, Post Petition Invoice #142531 RI in the amount of $1,834.36, Post Petition Invoice #142249 RI in the amount of $3,997.15, Post Petition Invoice #144001 RI in the amount of $1,906.34, and Post Petition Invoice #144005 RI in the amount of $2,498.04 were paid by check #049770 dated as of 1/12/2001. |

* See final page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

***Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

439

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT D – CLAIMS TO BE MODIFIED
### THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| READY STAFFING INC | 2890 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 4,984.26 | 43 | UNS | $ 4,575.86 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition invoice #144693 in the amount of $185.53 was paid by check #10716 dated as of 11/6/2000. Post Petition invoice #144642 in the amount of $223.12 was paid by check #22589 dated as of 11/15/2000. |
| SALVATORE R BELTRONE | 2860 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 8,439.93 | 43 | UNS | $ 8,392.39 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition invoice #013934 in the amount of $47.54 was paid by check #164567 dated as of 5/1/2001. |
| SHAW INDUSTRIES, INC. | 166 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 31,501.65 | 43 | UNS | $ 29,485.21 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Invoice #4770312 in the amount of $1,052.83, invoice #784242 in the amount of $350.40, and invoice #4784243 in the amount of $613.21 were paid by check #11582 dated as of 11/7/2000. |
| SONOCO PRODUCTS | 150 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 46,342.76 | 43 | UNS | $ 45,342.76 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. $3,000.00 of claim paid/redited pursuant to Reclamation Claim by check #0D0077380 dated as of 10/24/2002. |
| STONE CONTAINER CORPORATION | 2000 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 102,464.84 | 37 | UNS | $ 98,405.14 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. $4,055.70 of claim paid/redited pursuant to Reclamation Claim by check #515976 dated as of 4/15/2002. |
| SUNSTATE EQUIPMENT CO. LLC | 452 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 3,384.12 | 37 | UNS | $ 2,687.88 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition invoice #186759001 in the amount of $438.14, and Post Petition invoice #186759200 in the amount of $258.00 were paid by check #043218 dated as of 1/9/2001. |

***Key
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

* See final page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Ashman Levine Gold and Levin, A Professional Corporation

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JPF)

## EXHIBIT D – CLAIMS TO BE MODIFIED
### THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claims to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| THE FAGAN COMPANY, Transferor | 322 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 49,899.33 | 37 | UNS | $ 49,510.15 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that the claim is properly asserted against Owens Corning only. Post Petition Invoice #0093157 in the amount of $389.18 was paid by check #039714 dated as of 1/4/2001. |
| THE JEFFERSON HOTEL | 2789 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 6,244.63 | 37 | UNS | $ 6,244.63 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. |
| THE KROGER CO | 2122 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 8,524.85 | 43 | UNS | $ 1,466.10 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #1251 in the amount of $960.00 was paid by check #04285 dated as of 11/22/2000. Post Petition Invoice #195 in the amount of $4,488.75 was paid by check #009340 dated as of 12/4/2000. Post Petition Invoice #G56453 in the amount of $1,800.00 was paid by check #06974 dated as of 2/22/2001. |
| TRADE - DEBT NET, Transferee | 2675 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 2,029.50 | 43 | UNS | $ 1,342.50 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition invoice #89032547 in the amount of $108.00 was paid by check #017095 dated as of 12/11/2000. Pre Petition invoice #00912996 in the amount of $579.00 was paid by check #765861 dated as of 9/19/2000. |
| TRADE-DEBT.NET, Transferee | 234 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | PRI | $ 8,200.00 | 37 | UNS | $ 8,200.00 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. |

* See final page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Alderman Levine Odell and Levitt, A Professional Corporation

Page 10 of 11

***Key
PRI    PRIORITY
SEC    SECURED
UNS    GENERAL UNSECURED NON-PRIORITY

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT D – CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted Against Multiple Debtors, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 22 and 23 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| TROJAN LABOR, Transferor | 2675 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 2,029.50 | 43 | UNS | $ 1,342.50 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. only. Post Petition Invoice #99032547 in the amount of $108.00 was paid by check #017085 dated as of 12/11/2000. Pre Petition Invoice #00912898 in the amount of $579.00 was paid by check #765681 dated as of 9/19/2000. |
| UNITED RENTALS, Transferor | 411 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 25,246.11 | 37 | UNS | $ 20,731.05 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #13514-372001 in the amount of $103.39 was paid by check #039203 dated as of 10/2/2001. Post Petition Invoice #T72890021 in the amount of $1,412.07 was paid by check #055330 dated as of 11/16/2001. |
| UNIVERSAL ELECTRIC MOTOR SERVICE | 2822 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 5,848.02 | 37 | UNS | $ 5,114.50 | Claimant incorrectly asserted claim against Owens Corning, et al. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning only. Post Petition Invoice #0046008 in the amount of $733.50 was paid by check #255745 dated as of 7/23/2001. |

*Debtor
37  OWENS CORNING
38  CDC CORPORATION
39  ENGINEERED YARNS AMERICA, INC.
40  FALCON FOAM CORPORATION
41  INTEGREX
42  FIBREBOARD CORPORATION
43  EXTERIOR SYSTEMS, INC.
44  INTEGREX VENTURES LLC
45  INTEGREX PROFESSIONAL SERVICES LLC

46  INTEGREX SUPPLY CHAIN SOLUTIONS LLC
47  INTEGREX TESTING SYSTEMS LLC
48  HOMEXPERTS LLC
49  JEFFERSON HOLDINGS, INC.
50  OWENS-CORNING FIBERGLASS TECHNOLOGY INC.
51  OWENS CORNING HT, INC.
52  OWENS-CORNING OVERSEAS HOLDINGS, INC.
53  OWENS CORNING REMODELING SYSTEMS, LLC
54  SOLTECH, INC.

**Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

442

**EXHIBIT E**

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

**EXHIBIT E -- CLAIMS TO BE MODIFIED**
**THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION**
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| ALLTEL CORP | 4862 | 37 | UNS | $705.36 | 43 | UNS | $563.21 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #066332 in the amount of $142.15 was paid by check #023839 dated as of 1/21/2000. |
| AMROC INVESTMENTS, LLC, Transferee | 5612 | 42 | UNS | $3,033.22 | 37 | UNS | $2,913.43 | Claimant incorrectly asserted claim against Flexboard Corporation. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning. Invoice No. 1077689 01 in the amount of $118.79 erroneously included in claim. Invoice should have been filed against non-debtor entity Kokosing Corporation. |
| APPLIED INDUSTRIAL TECH.- AMERICAN BEARING, INC. | 195 | 37 | UNS | $48,670.05 | 43 | UNS | $48,468.03 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #8804/4850 in the amount of $384.02 was paid by check #055317 dated as of 1/19/2001. |
| ASSOCIATES CAPITAL BANK | 2101 | 37 | UNS | $737.91 | 41 | UNS | $115.42 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Integrex. Post Petition Invoice #787231000025257# in the amount of $203.80 was paid by check #057875 dated as of 1/23/2001. Post Petition Invoice #787231000023257# in the amount of $418.59 was paid by check #24438 dated as of 11/17/2000. |
| BURNS INTERNATIONAL SECURITY SERVICES | 35 | 37 | UNS | $18,007.82 | 43 | UNS | $17,882.63 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #913231 in the amount of $13.43 was paid by check #073765 dated as of 2/7/2001. Post Petition Invoice #000003220 in the amount of $25176 was paid by check #098464 dated as of 2/16/2001. |
| COBRA CUSTOM METAL FAB, INC. | 2716 | 37 | UNS | $26,015.44 | 43 | UNS | $21,015.21 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #2288 in the amount of $1,500.00, Post Petition Invoice #2290 in the amount of $1,964.54, Post Petition Invoice #2291 in the amount of $550.05, Post Petition Invoice #2295 in the amount of $468.47, and Post Petition Invoice #2298 in the amount of $297.17 were paid by check #023020 dated as of 12/15/2000. |

Page 1 of 9

***Key
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

* See final page of Exhibit for table of Debtors' cases

444

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT E — CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| DANVID WINDOW COMPANY | 5686 | 37 | SEC | $ 10,764.01 | 43 | UNS | $ 8,263.41 | Claim does not qualify as secured under 11 U.S.C. § 506. Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. $565.26 of claim paid/settled pursuant to Reclamation Claim by check #000010335 dated as of 12/17/2002. Invoice #16948 in the amount of $301.28, Invoice #16953 in the amount of $45.80, Invoice #16970 in the amount of $148.32, Invoice #16971 in the amount of $428.17, Invoice #16973 in the amount of $137.57, Invoice #16975 in the amount of $247.11, Invoice #17069 in the amount of $270.05, and Invoice #17111 in the amount of $239.22 were paid by check #22615 dated as of 11/15/2000. |
| DATS TRUCKING INC, Transferor | 3710 | 37 | UNS | $ 4,462.23 | 43 | UNS | $ 4,146.25 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #70214679 in the amount of $72021679 in the amount of $59.40, and Post Petition Invoice #70235651 in the amount of $73.15 were paid by check #002740 dated as of 11/21/2000. Post Petition Invoice #68309882 in the amount of $135.43 was paid by check #12334 dated as of 11/6/2000. |
| DEWITT PRODUCTS CO. | 3602 | 37 | UNS | $ 34,510.66 | 43 | UNS | $ 28,171.96 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Claim incorrectly asserts $6,338.70 on account of post-petition interest not allowable under 11 U.S.C. § 502(b)(2). |
| DICE, INC., ASSIGNEE OF TOTAL LAWN | 2302 | 37, 54 | UNS | $ 1,625.00 | 54 | UNS | $ 1,145.97 | Claimant incorrectly asserted claim against Owens Corning and Soltech, Inc. The Debtors' books and records reflect that this claim is properly asserted against Soltech, Inc. Post Petition Invoice #200002 in the amount of $479.03 was paid by check #22323 dated as of 11/15/2000. |

****Key:
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

* See final page of Exhibit for table of Debtors' cases

Page 2 of 8

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

EXHIBIT E — CLAIMS TO BE MODIFIED
THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| EMPLOYEE INFORMATION SERVICES | 7591 | 43 | UNS | $ 7,642.20 | 37 | UNS | $ 567.00 | Claimant incorrectly asserted claim against Exterior Systems, Inc. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning. Debtor disputes $2,700.00 of claim not supported by adequate documentation. Disputed portion of claim not supported by Debtors' books and records. Invoice #155319 in the amount of $30.00, Invoice #141245 in the amount of $30.00, Invoice #147933 in the amount of $621.00, Invoice #151485 in the amount of $108.00, Invoice #153018 in the amount of $27.00, Invoice #153032 in the amount of $27.00, Invoice #154786 in the amount of $108.00, Invoice #154788 in the amount of $108.00, Invoice #154795 in the amount of $216.00, Invoice #154797 in the amount of $297.00, Invoice #154799 in the amount of $81.00, Invoice #154803 in the amount of $216.00, Invoice #154804 in the amount of $54.00, Invoice #154805 in the amount of $298.00, Invoice #154811 in the amount of $138.40, Invoice #157045 in the amount of $135.00, Invoice #157046 in the amount of $243.00, Invoice #157054 in the amount of $162.00, Invoice #157055 in the amount of $378.00, Invoice #157057 in the amount of $108.00, Invoice #157060 in the amount of $81.00, Invoice #157064 in the amount of $459.00, Invoice #157065 in the amount of $162.00, Invoice #157071 in the amount of $148.80, Invoice #157075 in the amount of $27.00, Invoice #159394 in the amount of $135.00, Invoice #159397 in the amount of $135.00, Invoice #159399 in the amount of $54.20, Invoice #161587 in the amount of $27.00, included in claim, and therefore duplicative of claim number 9015. |

***Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

* See first page of Exhibit for table of Debtors' cases

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JPF)

## EXHIBIT E — CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number* | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| EULER AMERICAN CREDIT INDEMNITY ASSIGNEE of Babcock Lumber Company | 6855 | 37 | UNS | $ 125,107.33 | 43 | UNS | $ 117,127.02 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #241366 in the amount of $82.92, Post Petition Invoice #241383 in the amount of $21.62, and Post Petition Invoice #241384 in the amount of $53.82 were paid by check #22359 dated as of 12/14/2000. Post Petition Invoice #241369 in the amount of $164.22, Post Petition Invoice #241373 in the amount of $165.48, Post Petition Invoice #241377 in the amount of $172.04, and Post Petition Invoice #241378 in the amount of $155.94 were paid by check #22473 dated as of 12/14/2000. Post Petition Invoice #755945 in the amount of $242.86, Post Petition Invoice #755947 in the amount of $0.00, Post Petition Invoice #755949 in the amount of $22.16, Post Petition Invoice #755952 in the amount of $280.40, and Post Petition Invoice #755955 in the amount of $80.24 were paid by check #22476 dated as of 12/14/2000. Post Petition Invoice #241365 in the amount of $183.08, Post Petition Invoice #241387 in the amount of $187.88, Post Petition Invoice #241376 in the amount of $245.18, Post Petition Invoice #241375 in the amount of $276.00, and Post Petition Invoice #241372 in the amount of $265.42 were paid by check #22492 dated as of 12/14/2000. Post Petition Invoice #241385 in the amount of $204.43, Post Petition Invoice #241370 in the amount of $328.14, Post Petition Invoice #241371 in the amount of $289.06, and Post Petition Invoice #241374 in the amount of $310.98 were paid by check #22530 dated as of 12/14/2000. Post Petition Invoice #241364 in the amount of $869.60 was paid by check #22537 dated as of 12/14/2000. Post Petition Invoice #755946 in the amount of $361.72, Post Petition Invoice #755948 in the amount of $34.70, and Post Petition Invoice #755953 in the amount of $765.52 were paid by check #22549 dated as of 12/14/2000. Post Petition Invoice #752845 in the amount of $1,513.00 was paid by check #58344 dated as of 12/1/2001. |
| EULER AMERICAN CREDIT INDEMNITY AGENT of Boise Cascade, Building Materials Division | 8885 | 37 | UNS | $ 21,689.17 | 43 | UNS | $ 20,214.00 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Invoice #574-41201 in the amount of $216.97, Invoice #574-41217 in the amount of $1,239.00, and Invoice #574-41536 in the amount of $19.20 were paid by check #13353 dated as of 11/9/2000. |

***Key
PRI PRIORITY
SEC SECURED
UNS GENERAL UNSECURED NON-PRIORITY

* See first page of Exhibit for table of Debtors' cases

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

**EXHIBIT E -- CLAIMS TO BE MODIFIED**
**THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION**
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| EULER AMERICAN CREDIT INDEMNITY AGENT of Iron City Sash & Door Company (Inc.) | 8938 | 37 | UNS | $ 19,555.32 | 43 | UNS | $ 19,006.73 | Claimant incorrectly asserted claim against Owens Corning. The Debtor's books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Invoice #283561-02 in the amount of $217.03, Invoice #267006-02 in the amount of $414.53, and Invoice #822163-03 in the amount of $217.03 were paid by check #14685 dated as of 11/10/2000. |
| EULERAMERICAN CREDIT INDEMNITY ASSIGNEE of Primasource Building Products - an Ilbochu Company | 8951 | 37 | UNS | $ 58,638.27 | 43 | UNS | $ 48,800.05 | Claimant incorrectly asserted claim against Owens Corning. The Debtor's books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Invoice #051284-60 in the amount of $510.00, Invoice #145192-32 in the amount of $840.00, Invoice #149950-92 in the amount of $757.50, Invoice #038839-30 in the amount of $792.00, and Invoice #467634-31 in the amount of $1,846.00 were paid by check #004376 dated as of 11/22/2000. Invoice #454381-67 in the amount of $640.90, Invoice #515538-84 in the amount of $425.75, and Invoice #610902-76 in the amount of $539.87 were paid by check #12347 dated as of 11/12000. Invoice #051282-30 in the amount of $510.00, Invoice #078155-16 in the amount of $720.00, Invoice #147247-92 in the amount of $356.50, Invoice #147796-93 in the amount of $359.10, Invoice #168143-15 in the amount of $701.60, Invoice #219909-09 in the amount of $824.60 were paid by check #1,406.40, and Invoice #713489-95 in the amount of $824.60 were paid by check #22122 dated as of 11/14/2000. Invoice #530014-84 in the amount of $599.80 was paid by check #234442 dated as of 7/2/2000 |
| GE SUPPLY | 9 | 37 | UNS | $ 13,980.64 | 43 | UNS | $ 12,626.81 | Claimant incorrectly asserted claim against Owens Corning. The Debtor's books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Pre Petition Invoice #755269446 in the amount of $205.00 was paid by check #0337668 dated as of 7/11/2000. Pre Petition Invoice #755901638 in the amount of $758.03 was paid by check #0330014 dated as of 6/4/2000. Pre Petition Invoice #755102842 in the amount of $531.60 was paid by check #539775 dated as of 6/17/2000. Pre Petition Invoice #755906108 in the amount of $77.50 was paid by check #342017 dated as of 6/26/2000. |

*See final page of Exhibit for index of Debtors' cases

Page 5 of 9

***Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

448

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

EXHIBIT E — CLAIMS TO BE MODIFIED
THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| GEORGIA PERSONNEL SERVICES | 484 | 37 | UNS | $ 3,364.20 | 43 | UNS | $ 3,084.20 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition invoice #010071-A in the amount of $280.00 was paid by check #078729 dated as of 2/6/2001. |
| GLOBAL COFFEE SERVICE | 4165 | 37 | UNS | $ 137.10 | 43 | UNS | $ 97.20 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition invoice #39339 in the amount of $39.90 was paid by check #031797 dated as of 12/22/2000. |
| HERSH PACKING & RUBBER CO., Transferor | 5812 | 42 | UNS | $ 3,033.22 | 37 | UNS | $ 2,913.43 | Claimant incorrectly asserted claim against Fibreboard Corporation. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning. Invoice No. 1077859 01 in the amount of $119.79 erroneously included in claim. Invoice should have been filed against non-debtor entity Kokoteq Corporation. |
| LANDAU ASSOCIATES | 5711 | 37 | UNS | $ 3,883.84 | 42 | UNS | $ 3,452.59 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Fibreboard Corporation. Post Petition invoice #10247 in the amount of $431.25 was paid by check #100161 dated as of 2/28/2001. |
| MANPOWER INTERNATIONAL INC. | 2293 | 37 | UNS | $ 4,164.65 | 43 | UNS | $ 2,416.92 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Debtor disputes $1,747.73 of claim not supported by adequate documentation. Disputed portion of claim not supported by Debtors' books and records. |

***Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

* See first page of Exhibit for table of Debtors' cases

Page 8 of 9

449

Owens Corning, et al.
Case Nos. 00-3837 to 00-3854 (JPF)

## EXHIBIT E — CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| MSC INDUSTRIAL SUPPLY CO. | 191 | 37 | UNS | $ 4,631.54 | 43 | UNS | $ 3,387.89 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #53492320 in the amount of $37.22. Post Petition Invoice #53493550 in the amount of $112.35. Post Petition Invoice #53577740 in the amount of $237.59. Post Petition Invoice #53507730 in the amount of $123.33. Post Petition Invoice #54094120 in the amount of $243.35. Post Petition Invoice #54121420 in the amount of $41.07. Post Petition Invoice #54121640 in the amount of $105.50. Post Petition Invoice #54122380 in the amount of $547.51. Post Petition Invoice #54511590 in the amount of $126.50. and Post Petition Invoice #55008680 in the amount of $162.29 were paid by check #014316 dated as of 12/8/2000.  Post Petition Invoice #54610930 in the amount of $139.01, Post Petition Invoice #54528800 in the amount of $57.35, and Post Petition Invoice #55003940 in the amount of $220.25 were paid by check #020359 dated as of 12/14/2000. |
| NEFF ENGINEERING CO INC | 3852 | 43 | UNS | $ 1,421.08 | 37 | UNS | $ 261.39 | Claimant incorrectly asserted claim against Exterior Systems, Inc. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning.  Debtor disputes $1,159.69 of invoices erroneously included in claim.  Invoice should have been filed against non-debtor entity Owens Illinois. |
| OMYA INC. | 5285 | 37 | UNS | $ 312,334.88 | 43 | UNS | $ 301,378.88 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc.  Post Petition Invoice #635190 in the amount of $5,478.00 was paid by check #031156 dated as of 12/22/2000, Post Petition Invoice #635507 in the amount of $5,478.00 was paid by check #13820 dated as of 11/9/2000. |
| PROCARE VISION OF NEWARK, INC. | 4024 | 50 | UNS | $ 2,857.07 | 37 | UNS | $ 2,310.50 | Claimant incorrectly asserted claim against Owens-Corning Fiberglass Technology Inc. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning.  Claim incorrectly asserts $346.57 on account of post-petition interest not allowable under 11 U.S.C. § 502(b)(2). |

***Key
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

* See final page of Exhibit for table of Debtors' cases

450

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

**EXHIBIT E — CLAIMS TO BE MODIFIED**
**THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION**
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| SNELLING PERSONNEL SERVICES | 341 | 37 | UNS | $ 1,483.30 | 54 | UNS | $ 1,255.10 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Soltech, Inc. Post Petition Invoice #18587 in the amount of $228.20 was paid by check #22222 dated as of 11/16/2000. |
| SOUTHERN FOREST PRODUCTS | 7421 | 37 | UNS | $ 9,217.05 | 43 | UNS | $ 8,715.93 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #19707 in the amount of $501.12 was paid by check #10832 dated as of 11/16/2000. |
| SOVEREIGN SPECIALTY CHEMICALS INC | 12562 | 37 | UNS | $ 303,148.03 | 43 | UNS | $ 300,790.92 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Invoice #A40473 in the amount of $347.28, and Invoice #A40564 in the amount of $381.60 were paid by check #21980 dated as of 11/14/2000. Invoice #A44597 in the amount of $127.00 was paid by check #541416 dated as of 9/17/1969. Invoice #A86689 in the amount of $972.00 was paid by check #712547 dated as of 1/20/2000. Invoice #A15885 in the amount of $529.30 was paid by check #753677 dated as of 7/6/2000. |
| TRADE-DEBT.NET, Transferee | 3710 | 37 | UNS | $ 4,452.23 | 43 | UNS | $ 4,144.25 | Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #70214479 in the amount of $98.40, and Post Petition Invoice #70254661 in the amount of $73.15 were paid by check #022740 dated as of 11/21/2000. Post Petition Invoice #85309882 in the amount of $135.43 was paid by check #12324 dated as of 11/6/2000. |

* See final page of Exhibit for table of Debtors' cases

Page 8 of 9

***Key
PRI  PRIORITY
SEC  SECURED
UNS  GENERAL UNSECURED NON-PRIORITY

451

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT E — CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Asserted Against An Incorrect Debtor, In An Incorrect Amount and/or With An Incorrect Classification

| Name of Claimant | Claim Number | Debtor(s) Against Which Claim Asserted* | Status*** | Claim Amount | Debtor Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 24 and 25 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| WEYERHAUSER | 6745 | 37 | PRI | $ 25,308.36 | 51 | UNS | $ 16,476.23 | Claim does not qualify as priority claim under 11 U.S.C. § 507(a). Claimant incorrectly asserted claim against Owens Corning. The Debtors' books and records reflect that this claim is properly asserted against Owens Corning HT, Inc. $8,832.15 of claim paid/satisfied pursuant to Reclamation Claim by check #516980 dated as of 4/15/2002. |
| WISCONSIN LIFT TRUCK CORP | 4302 | 38 | UNS | $ 6,180.51 | 43 | UNS | $ 5,275.73 | Claimant incorrectly asserted claim against CDC Corporation. The Debtors' books and records reflect that this claim is properly asserted against Exterior Systems, Inc. Post Petition Invoice #475716.001 in the amount of $905.09 was paid by check #041022 dated as of 1/4/2001. |

*Debtor
37 OWENS CORNING
38 CDC CORPORATION
39 ENGINEERED YARNS AMERICA, INC.
40 FALCON FOAM CORPORATION
41 INTEGREX
42 FIBREBOARD CORPORATION
43 EXTERIOR SYSTEMS, INC.
44 INTEGREX VENTURES LLC
45 INTEGREX PROFESSIONAL SERVICES LLC

46 INTEGREX SUPPLY CHAIN SOLUTIONS LLC
47 INTEGREX TESTING SYSTEMS LLC
48 HOMEXPERTS LLC
49 JEFFERSON HOLDINGS, INC.
50 OWENS-CORNING FIBERGLASS TECHNOLOGY INC.
51 OWENS CORNING HT, INC.
52 OWENS-CORNING OVERSEAS HOLDINGS, INC.
53 OWENS CORNING REMODELING SYSTEMS, LLC
54 SOLTECH, INC.

***Key
PRI   PRIORITY
SEC   SECURED
UNS   GENERAL UNSECURED NON-PRIORITY

**EXHIBIT F**

Owens Corning, et al.
Case nos. 00-003337 to 00-3854 (JKF)

## EXHIBIT F – CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
### Claims Improperly Asserted, In Part, Against One Or More Debtors and In An Incorrect Amount

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status** | Claim Amount | Debtor(s) Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 26 and 27 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| CONTRARIAN FUNDS, LLC, Transferee | 5364 | 37 | UNS | $ 38,199.42 | 37<br>50 | UNS<br>UNS | $ 21,333.27<br>$ 11,154.95 | Claimant incorrectly asserted entire claim against Owens Corning. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records. Debtor disputes $5,711.20 of claim not supported by adequate documentation. Disputed portion of claim not supported by Debtors' books and records. |
| ESTES EXPRESS LINES | 2079 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 83,636.67 | 37<br>43<br>51<br>54 | UNS<br>UNS<br>UNS<br>UNS | $ 23,264.54<br>347.01<br>12,998.28<br>255.96 | Claimant incorrectly asserted entire claim against Owens Corning, et al. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records. Debtor disputes $28,773.18 of claim not supported by adequate documentation. Disputed portion of claim not supported by Debtors' books and records. |
| JOSTENS RECOGNITION DIVISION | 4872 | 54 | UNS | $ 162,869.67 | 37<br>43<br>54 | UNS<br>UNS<br>UNS | $ 85,126.11<br>2,813.20<br>606.86 | Claimant incorrectly asserted entire claim against Solich, Inc. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records. Debtor disputes $82,847.08 of claim not supported by adequate documentation. Disputed portion of claim not supported by Debtors' books and records. Pre Petition Invoice #10509805 in the amount of $500.69, Pre Petition Invoice #10509805 in the amount of $79.56, Pre Petition Invoice #10509938 in the amount of $467.39, and Pre Petition Invoice #10533950 in the amount of $449.16 were paid by check #735057 dated as of 7/10/2000. |
| *Marsh USA Inc. | 6910 | 37 | UNS | $ 211,466.00 | 37<br>41 | UNS<br>UNS | $ 124,491.00<br>37,982.00 | Claimant incorrectly asserted entire claim against Owens Corning. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records. Debtor disputes $49,033.00 of the Claim Amount. Creditor, one of the debtor's bond brokers, seeks $49,033.00 which has already been paid to the specific insurance carriers by draws on the debtor's letter of credit by these carriers on account of bond premiums for the following cases and in the following amounts: (i) George Killingsworth - $12,962.20; (ii) John Valli - $12,400.00; and (iii) John Purcell - $23,671.00. |

***Key

UNS  GENERAL UNSECURED NON-PRIORITY

*See last page of Exhibit for use of Debtors' cases

** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

Owens Corning, et al.
Case nos. 00-03837 to 00-03854 (JKF)

## EXHIBIT F – CLAIMS TO BE MODIFIED
## THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted, In Part, Against One Or More Debtors and In An Incorrect Amount

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor(s) Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 26 and 27 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| OVERNITE TRANSPORTATION, Transferor | 283 | 37 | UNS | $ 195,226.69 | 37<br>43<br>50<br>54 | UNS<br>UNS<br>UNS<br>UNS | $ 4,295.87<br>$ 19,234.17<br>$ 53.81<br>$ 736.62 | Claimant incorrectly asserted entire claim against Owens Corning. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records. Debtor disputes $170,905.62 of the claim not supported by Debtor's books or records. Disputed portion of claim not supported by adequate documentation. Debtor has no liability for disputed portion of claim under applicable law. |
| POLYMER PACKAGING, INC | 6873 | 37 | UNS | $ 137,355.06 | 37<br>54 | UNS<br>UNS | $ 23,536.85<br>$ 86,481.42 | Claimant incorrectly asserted entire claim against Owens Corning. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed," in the amounts indicated, based on the Debtors' books and records. Debtor disputes $7,236.73 of claim not supported by Debtor's books or records. Disputed portion of claim not supported by adequate documentation. Debtor has no liability for disputed portion of claim under applicable law. Post Petition Invoice #23290 in the amount of $2,787.13 was paid by check #6013069 dated as of 12/7/2000. Pre Petition Invoice #22410 in the amount of $1,446.55 was paid by check #15513 dated as of 7/21/2000. Pre Petition Invoice #21383 in the amount of $1,950.90, Pre Petition Invoice #22616 in the amount of $985.11, Pre Petition Invoice #22207 in the amount of $985.11, Pre Petition Invoice #22367 in the amount of $3,725.86, Pre Petition Invoice #22438 in the amount of $45.05, Pre Petition Invoice #22453 in the amount of $149.15, Pre Petition Invoice #22443 in the amount of $1,917.00, Pre Petition Invoice #22454 in the amount of $1,471.50, Pre Petition Invoice #22455 in the amount of $1,177.20, and Pre Petition Invoice #22456 in the amount of $3,579.60 were paid by check #15552 dated as of 7/28/2000. |
| QUILL CORPORATION | 2866 | 50 | UNS | $ 4,267.77 | 38<br>43 | UNS<br>UNS | $ 3,932.86<br>$ 284.15 | Claimant incorrectly asserted entire claim against Owens-Corning Fiberglas Technology Inc. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed," in the amounts indicated, based on the Debtors' books and records. Post Petition Invoice #1658708 in the amount of $70.74 was paid by check #010357 dated as of 11/2/2000. |

***Key

UNS  GENERAL UNSECURED NON-PRIORITY

* See final page of Exhibit for table of Debtors' cases
** The Debtors are represented with respect to their objection to this claim by Ashman Levine Gold and Levin, A Professional Corporation

455

Owens Corning, et al.
Case nos. 00-3837 to 00-3854 (JKF)

## EXHIBIT F – CLAIMS TO BE MODIFIED
### THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted, In Part, Against One Or More Debtors and In An Incorrect Amount

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor(s) Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 26 and 27 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| RELIANT ENERGY MINNEGASCO | 2367 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 41,182.75 | 37<br>43 | UNS<br>UNS | $ 28,421.76<br>$ 560.85 | Claimant incorrectly asserted claim against Owens Corning, et al. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed," in the amounts indicated, based on the Debtors' books and records.  Debtor disputes $14,200.04 of claim not supported by adequate documentation.  Disputed portion of claim not supported by Debtors' books and records. |
| ROHM & HAAS COMPANY | 12133 | 37 | UNS | $ 330,906.36 | 37<br>43 | UNS<br>UNS | $ 81,931.84<br>$ 251,284.72 | Claimant incorrectly asserted entire claim against Owens Corning, et al. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed," in the amounts indicated, based on the Debtors' books and records.  Debtor disputes $17,840.00 amount of claim as being overstated.  The Claim fails to take into account credits due and owing in the amount of $17,840.00. |
| TRADE-DEBT.NET, Transferee | 283 | 37 | UNS | $ 195,226.89 | 37<br>43<br>50<br>54 | UNS<br>UNS<br>UNS<br>UNS | $ 4,285.67<br>$ 18,234.17<br>$ 53.81<br>$ 736.62 | Claimant incorrectly asserted entire claim against Owens Corning, et al. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed," in the amounts indicated, based on the Debtors' books and records.  Debtor disputes $170,905.62 of the claim not supported by Debtors' books or records.  Disputed portion of claim not supported by adequate documentation. Debtor has no liability for disputed portion of claim under applicable law. |
| UNISOURCE | 2876 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 23,473.20 | 37<br>43 | UNS<br>UNS | $ 173.69<br>$ 20,605.09 | Claimant incorrectly asserted claim against Owens Corning, et al. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors' books and records.  Debtor disputes $2,246.82 of claim as being duplicative.  $368.00 of claim paid/settled pursuant to Reclamation Claim by check #516975 dated as of 04/15/2002. |
| USF HOLLAND INC. | 415 | 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 | UNS | $ 27,602.28 | 37<br>38<br>43<br>54 | UNS<br>UNS<br>UNS<br>UNS | $ 7,865.22<br>$ 57.68<br>$ 5,622.30<br>$ 458.79 | Claimant incorrectly asserted claim against Owens Corning, et al. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed," in the amounts indicated, based on the Debtors' books and records.  Debtor disputes $13,397.29 amount of claim as being overstated.  The Claim fails to take into account credits due and owing in the amount of $13,397.29. |

***Key:

UNS  GENERAL UNSECURED NON-PRIORITY

*See final page of Exhibit for table of Debtor cases
**The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation.

Owens Corning, et al.
Case nos. 00-03837 to 00-3854 (JKF)

## EXHIBIT F -- CLAIMS TO BE MODIFIED
### THIRTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION
Claims Improperly Asserted, in Part, Against One Or More Debtors and in An Incorrect Amount

| Name of Claimant | Claim Number | Debtor(s) Against Which Claims Asserted* | Status*** | Claim Amount | Debtor(s) Against Which Claim to Be Allowed* | Modified Status*** | Modified Claim Amount | Reason for Modification (See also paragraphs 26 and 27 of the Objection) |
|---|---|---|---|---|---|---|---|---|
| WOOD HERRON & EVANS LLP, Transferor | 5384 | 37 | UNS | $ 38,199.42 | 37<br>50 | UNS<br>UNS | $ 21,333.27<br>$ 11,154.95 | Claimant incorrectly asserted entire claim against Owens Corning. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors books and records. Debtor disputes $5,711.20 of claim not supported by adequate documentation. Disputed portion of claim not supported by Debtors' books and records. |
| YELLOW FREIGHT SYSTEM INC | 2821 | 37 | UNS | $ 165,122.48 | 37<br>38<br>43<br>54 | UNS<br>UNS<br>UNS<br>UNS | $ 20,282.88<br>$ 28,274.86<br>$ 79,707.05<br>$ 206.25 | Claimant incorrectly asserted entire claim against Owens Corning. Claim should be divided among the Debtors specified in the column entitled "Debtor(s) Against Which Claim To Be Allowed." In the amounts indicated, based on the Debtors books and records. $93,816.00 of claim paid/settled pursuant to Critical Vendor by check #900516 dated as of 11/13/2000. |

*Debtor

37 OWENS CORNING
38 CDC CORPORATION
39 ENGINEERED YARNS AMERICA, INC.
40 FALCON FOAM CORPORATION
41 INTEGREX
42 FIBREBOARD CORPORATION
43 EXTERIOR SYSTEMS, INC.
44 INTEGREX VENTURES LLC
45 INTEGREX PROFESSIONAL SERVICES LLC

46 INTEGREX SUPPLY CHAIN SOLUTIONS LLC
47 INTEGREX TESTING SYSTEMS LLC
48 HOMEXPERTS LLC
49 JEFFERSON HOLDINGS, INC.
50 OWENS-CORNING FIBERGLASS TECHNOLOGY INC.
51 OWENS CORNING HT, INC.
52 OWENS-CORNING OVERSEAS HOLDINGS, INC.
53 OWENS CORNING REMODELING SYSTEMS, LLC
54 SOLTECH, INC.

***Key

UNS  GENERAL UNSECURED NON-PRIORITY

** The Debtors are represented with respect to their objection to this claim by Adelman Lavine Gold and Levin, A Professional Corporation

Page 4 of 4

457

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | **Chapter 11** |
| | : | |
| **OWENS CORNING**, *et al.*, | : | **Case Nos. 00-3837 (JKF)** |
| | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |

### DECLARATION OF JAMES A. GIBB IN SUPPORT OF DEBTORS' (SUBSTANTIVE) THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS UNDER 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 – CLAIMS IMPROPERLY ASSERTED AGAINST ONE OR MORE DEBTORS

JAMES A. GIBB, hereby declares under penalty of perjury:

1.    I am over the age of eighteen years and am competent to testify at any hearing regarding the matters discussed herein.

2.    I am the Vice President, Litigation of Owens Corning and its affiliated debtors and debtors-in-possession the Debtors (the "Debtors"). I have first-hand knowledge of the matters set forth herein and, if called to testify as a witness, I could and would testify of my own personal knowledge to the facts set forth herein.

3.    I have read and reviewed the Debtors' (Substantive) Thirty-Eighth Omnibus Objection to Claims Under 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007 – Claims Improperly Asserted Against One Or More Debtors dated December 9, 2005 (the "Omnibus Objection").[1] I submit this declaration in support of the Omnibus Objection.

4.    Qualified and trained staff working at my direction have reviewed and investigated the "Claims" referenced in the Omnibus Objection. They have informed me that such claims have been asserted against an incorrect Debtor in these cases, asserted with an

---

[1]    All capitalized terms not defined herein have the respective meanings ascribed to them in the Omnibus Objection.

458

incorrect classification and/or asserted in an incorrect amount. Accordingly, the Claims should be modified as proposed in the Omnibus Objection, such that each Claim is allowed against the correct Debtor(s), in the proper classification and/or in the correct amount as set forth on Exhibits "A" through "F" to the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 9, 2005
Toledo, Ohio

James A. Gibb
Vice President, Litigation

Owens Corning, *et al*, Debtors and
Debtors-In-Possession

-2-

459

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | **Chapter 11** |
| | : | |
| **OWENS CORNING**, *et al.*, | : | **Case Nos. 00-3837 (JKF)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

Related to Docket No. _____
Hearing Date: December 19, 2005
Agenda Item No. _____

**ORDER GRANTING AND SUSTAINING**
**THIRTY-EIGHTH OMNIBUS SUBSTANTIVE OBJECTION TO CLAIMS**

This matter came to be heard on the Debtors' Thirty-Eighth Omnibus Substantive

Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 – Claims

Improperly Asserted Against One or More Debtors (the "Objection")[1] [Docket No. ___]; the Court

having reviewed the Objection; the Court finding good and sufficient cause for granting the relief

requested in the Objection; and after proper notice and opportunity to respond to the Objection;

and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§1408 and 1409; and

the Court otherwise being fully advised in the premises, it is hereby

FOUND AND DETERMINED THAT:

A.    Each holder of a claim listed on Exhibits "A" through "F" hereto (the

"Claimants") was properly and timely served with a copy of the Objection, the proposed order

and the accompanying exhibits.

B.    The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1]    All capitalized terms not defined herein shall have the meaning ascribed to them in the Objection.

38th Omnibus Objection
530103 3 12/6/05

460

C.    The claims listed on Exhibits "A" through "F" attached hereto (the "Claims" or individually, a "Claim") are claims that have been asserted against an incorrect Debtor in these cases, with an incorrect classification, and/or in the wrong amount.

NOW, THEREFORE, IT IS, ORDERED, ADJUDGED AND DECREED THAT

1.    Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007, the Claims listed on Exhibit "A" hereto are MODIFIED so as to be deemed asserted solely against the Debtors specified in the column on Exhibit "A" with the heading "Debtor(s) Against Which Claim Should be Asserted" and with the classification in the column on Exhibit "A" with the heading "Modified Status." As modified herein, each of the Claims on Exhibit "A" shall be ALLOWED.

2.    Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007, the Claims listed on Exhibit "B" hereto are MODIFIED so as to be deemed asserted solely against the Debtors specified in the column on Exhibit "B" with the heading "Debtor(s) Against Which Claim Should be Asserted," with the classification in the column on Exhibit "B" with the heading "Modified Status," and in the amounts in the column on Exhibit "B" with the heading "Modified Claim Amount." As modified herein, each of the Claims on Exhibit "B" shall be ALLOWED.

3.    Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007, the Claims listed on Exhibit "C" hereto are MODIFIED so as to be deemed asserted solely against the Debtor specified in the column on Exhibit "C" with the heading "Debtor Against Which Claim Should be Asserted" and with the classification in the column on Exhibit "C" with the heading "Modified Status." As modified herein, each of the Claims on Exhibit "C" shall be ALLOWED.

4.    Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007, the Claims listed on Exhibit "D" hereto are MODIFIED so as to be deemed asserted solely against the Debtor specified in the column on Exhibit "D" with the heading "Debtor Against Which Claim Should

461

be Asserted," with the classification in the column on Exhibit "D" with the heading "Modified Status," and in the amount in the column on Exhibit "D" with the heading "Modified Claim Amount." As modified herein, each of the Claims on Exhibit "D" shall be ALLOWED.

5.    Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007, the Claims listed on Exhibit "E" hereto are MODIFIED so as to be deemed asserted solely against the Debtor specified in the column on Exhibit "E" with the heading "Debtor Against Which Claim Should be Asserted," with the classification in the column on Exhibit "E" with the heading "Modified Status," and in the amount in the column on Exhibit "E" with the heading "Modified Claim Amount." As modified herein, each of the Claims on Exhibit "E" shall be ALLOWED.

6.    Pursuant to 11 U.S.C. § 502(d) and Fed. R. Bankr. P. 3007, the Claims listed on Exhibit "F" hereto are MODIFIED so as to be deemed asserted solely against the Debtors specified in the column on Exhibit "F" with the heading "Debtors Against Which Claim Should be Asserted," and in the amount in the column on Exhibit "F" with the heading "Modified Claim Amount." As modified herein, each of the Claims on Exhibit "F" shall be ALLOWED.

7.    Except as expressly allowed herein, each of the Claims is hereby disallowed in its entirety.

8.    OMNI Management Group, LLC f/k/a Robert L. Berger & Associates, LLC, the official claims agent appointed in these cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted pursuant to this Order.

9.    The Debtors' objection to each Claim addressed in the Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This Order shall be deemed a separate Order with respect to each Claim. Any stay of this Order pending appeal by

any of the Claimants whose Claim is subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

10.    This Order is without prejudice to the Debtors' right to object to any other claims or interests filed in these chapter 11 cases.

11.    This Court shall retain jurisdiction over the Debtors and Claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

                            _____

                            Judith K. Fitzgerald
                            United States Bankruptcy Judge

Dated: January \_\_\_\_, 2006

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case No. 00-03837 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

Related to: Docket No. 16359
Hearing Date: January 30, 2006
Objection Deadline: January 13, 2006
Before the Honorable Judith K. Fitzgerald
U.S. Bankruptcy Court, 824 Market St.,
Wilmington, DE 19801

### DEBTORS' MOTION TO STRIKE ITEMS IMPROPERLY DESIGNATED BY INACOM CORPORATION TO BE INCLUDED IN THE RECORD ON APPEAL OF ORDER DENYING INACOM CORPORATION'S MOTION TO ALLOW THE FILING OF A PROOF OF CLAIM AFTER THE DEADLINE FOR FILING PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9006(b)(1)

Owens Corning and its affiliated debtors and debtors-in-possession in the above captioned cases (the "Debtors"),[1] by and through their undersigned attorneys, hereby move, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to strike certain documents improperly designated by InaCom Corporation ("InaCom") to be included in the record on appeal of the Court's Order Denying InaCom Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1), entered November 10, 2005 (the "Order"). In support of this Motion, the Debtors respectfully state as follows:

---

[1]    The Debtors are: Owens Corning, CDC Corporation, Engineered Yarns America, Inc., Falcon Foam Corporation, Integrex, Fibreboard Corporation, Exterior Systems, Inc., Integrex Ventures LLC, Integrex Professional Services LLC, Integrex Supply Claim Solutions LLC, Integrex Testing Systems LLC, Homexperts LLC, Jefferson Holdings, Inc., Owens-Corning Fiberglas Technology Inc., Owens Corning HT, Inc., Owens-Corning Overseas Holdings, Inc., Owens Corning Remodeling Systems, LLC and Soltech, Inc.

529958.1 12/5/05

Date 12/5/05
Docket # 16411

464

## **BACKGROUND**

1.    By Order dated November 28, 2001 (the "Bar Date Order"), the Court established a deadline for filing proofs of claim, other than certain excluded claims, of April 15, 2002 (the "Bar Date"). Although InaCom admittedly received notice of the Bar Date, it did not file any proof of claim in the Debtors' cases by the Bar Date.

2.    On September 19, 2005, InaCom filed its Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1) (Docket No. 15871) (the "InaCom Motion"). The Debtors filed an Objection to the InaCom Motion on October 7, 2005 (Docket No. 15989).

3.    A hearing was held on the InaCom Motion on October 24, 2005. On November 10, 2005, the Court entered the Order, which denied the relief requested in the InaCom Motion.

4.    InaCom filed a Notice of Appeal with respect to the Order on November 15, 2005. On November 23, 2005, pursuant to Bankruptcy Rule 8006, InaCom filed its Designation of Record and Statement of Issues on Appeal (the "Designation"), a copy of which is attached hereto as Exhibit "A."

5.    In InaCom's Designation, InaCom has improperly attempted to include in the record on appeal several documents which (a) were not part of the record in connection with the InaCom Motion or the Debtors' bankruptcy case in general as of the date of the hearing on the InaCom Motion; and (b) were not considered by the Court in connection with the InaCom Motion.

6.    Specifically, InaCom has improperly attempted to designate the following items:

465

| Designated No. | Date of Filing | Docket No. | Description |
|---|---|---|---|
| A-11 | 11/14/05 | 16311 | Order Further Extending the Exclusive Periods During Which the Debtors May File Plans of Reorganization and Solicit Acceptances Thereto |
| A-12 | 11/18/05 | 16333 | Transcript of Hearing Held on November 14, 2005 before the Honorable Judith K. Fitzgerald |

(collectively the "Improperly Designated Items"). As is clear from the dates set forth above, both of the Improperly Designated Items post-date the entry of the Order.

## RELIEF REQUESTED

7.     By this Motion, the Debtors seek the entry of an order pursuant to Bankruptcy Rule 8005, striking the Improperly Designated Items, so that these items are not part of the appellate record on InaCom's appeal of the Order.

## APPLICABLE AUTHORITY

8.     Bankruptcy Rule 8006 provides in pertinent part as follows:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal, . . . The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. . . .

9.     The record on appeal "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." In re Chateaugay Corp., 64 B.R. 990, 995 (S.D.N.Y. 1986) (quoting In re W.T. Grant Co., 432

F.Supp. 105, 106 (S.D.N.Y. 1977), which interpreted Bankruptcy Rule 806, the predecessor of

Bankruptcy Rule 8006). *See also* In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 802 (E.D.

Pa. 1986) (same); and In re Food Fair, Inc., 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (same).

"[I]tems not before the Bankruptcy Court and not considered by it in rendering its decision may

not be included in the record." Neshaminy, 62 B.R. at 802 (quoting In re Candor Diamond

Corp., 26 B.R. 844, 846-47 (Bankr. S.D.N.Y. 1983). Deposition transcripts not filed in the

underlying bankruptcy case nor offered in evidence during the hearing on the specific matter are

not properly part of the record on appeal. In re Saco Local Dev. Corp., 13 B.R. 226, 229-230

(Bankr. D. Me. 1981).

   10. The United States Court of Appeals for the Third Circuit has held that,

where a particular contested matter is "sufficiently associated with the general administration of

the debtor's estate," the relevant record should include documents filed in the main bankruptcy

case. In re Indian Palms Associates, Ltd., 61 F.3d 197, 204-205 (3$^d$ Cir. 1995). The Third

Circuit made clear, however, that a document included in the record on appeal is still subject to

principals that limit its use, including evidentiary competence and a fair opportunity for rebuttal.

Id. at 205.

   11. Disputes over the proper content of the appellate record are decided by the

Bankruptcy Court in the first instance. *See* Neshaminy, 62 B.R. at 802; In re Armorflite

Precision, Inc., 48 B.R. 994, 996 (D. Me. 1985); Food Fair, 15 B.R. at 571; Saco, 13 B.R. at

228–229.[2]

---

[2] *But see* In re Dow Corning Corp., 263 B.R. 544, 548 (Bankr. E.D. Mich. 2001) ("bankruptcy court has no
discretion under Rule 8006 to strike designated items from the record on appeal"). This Court has
previously exercised its right to strike improperly designated items from the record on appeal. *See* Order
Granting Debtors' Motion to Strike Items Improperly Designated by the Bank Debt Holders to be Included
in the Record on Appeal of the October 12, 2004 Order Under 11 U.S.C. §§ 105 and 363 Authorizing the
Debtors to Implement the Balance of Their Key Employee Retention Program, entered December 29, 2004

### THE COURT SHOULD STRIKE THE IMPROPERLY DESIGNATED ITEMS
### SO THAT THEY ARE NOT INCLUDED IN THE RECORD ON APPEAL

       12.    The above case law makes clear that the record on appeal should consist of only those items filed with, or introduced before, the Court in connection with the InaCom Motion or the Debtors' bankruptcy cases in general, which were considered by the Court in ruling upon the InaCom Motion. The Improperly Designated Items fail to meet these requirements and should not be included in the record on appeal.

       13.    Put simply, each of the Improperly Designated Items post-dates both the hearing on the InaCom Motion and the entry of the Order, by several weeks. These items accordingly could not have been considered by the Court in connection with the InaCom Motion. Accordingly, these items should not be included in the record on appeal.

(Docket No. 13959).

529958.1 12/5/05

-5-

468

**WHEREFORE**, the Debtors pray that the Court enter an order striking the Improperly

Designated Items from the record on appeal of the Order and that the Court grant the Debtors

such further relief as is just and proper.

Dated: December 5, 2005

<div align="center">

SAUL EWING LLP

</div>

By: _/s/ J. Kate Stickles_

    Norman L. Pernick (No. 2290)
    J. Kate Stickles (No. 2917)
    222 Delaware Avenue, Suite 1200
    P.O. Box 1266
    Wilmington, DE 19899-1266
    (302) 421-6800

        and

    Adam H. Isenberg, Esquire
    Centre Square West
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102
    (215) 972-7777

    Counsel to Owens Corning, _et al.,_
    Debtors and Debtors-In-Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11** |
| **OWENS CORNING, et al.,** | **Case No. 00-03837 (JKF)** |
| Debtors. | **Jointly Administered** |

Related To: Docket No. 16359

Hearing Date: January 30, 2005 at 10:00 a.m.
Objection Deadline: January 13, 2005 at 4:00 p.m.
Before the Honorable Judith K. Fitzgerald
U.S. Bankruptcy Court, 824 Market St.
Wilmington, DE 19801

## <u>NOTICE OF MOTION</u>

**TO:**

David M. Klauder, Esq.
Office of the U.S. Trustee
Federal Bldg. 2nd Floor
844 King Street
Wilmington, DE 19801
(US Trustee)

Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
399 Park Avenue
New York, NY 10022-4614
(Counsel to Asbestos Committee)

Marla Eskin, Esq.
Mark Hurford, Esq.
Campbell & Levine, LLC
800 King Street
Wilmington, DE 19801
(Counsel to Asbestos Committee)

William H. Sudell, Jr., Esq.
Morris, Nichols, Arsht and Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(Counsel to Creditors' Committee)

James I. McClammy, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(Creditors' Committee)

D. J. Baker, Esq.
Skadden Arps, et al.
Four Times Square
New York, NY 10036
(Special Counsel to the Debtors)

Mark S. Chehi, Esq.
Skadden Arps, et al.
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(Special Counsel to the Debtors)

Ellen W. Slights, Esq.
Assistant U.S. Attorney
Chase Manhattan Centre
1201 Market Street, Suite 1100
P.O. Box 2046
Wilmington, DE 19899-2046
(US Attorney, District of DE)

J. Andrew Rahl, Jr., Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(Special Counsel to Creditors
Committee)

Michael J. Crames, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(Counsel to Futures Representative)

James J. Patton, Esq.
Young Conaway, et al.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(Counsel to Futures Representative)

James J. McMonagle, Esq.
24 Walnut Street
Chagrin Falls, OH 44022
(Futures Representative)

529958.1 12/5/05

Kenneth H. Eckstein, Esq.
Gary M. Becker, Esq.
Kramer Levin, et al.
1177 Avenue of the Americas
New York, NY 10036
(Bank Group)

Mark Collins, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(Bank Group)

Benjamin Feder, Esq.
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6030
(Bank Group)

Francis A. Monaco, Jr., Esq.
Monzack & Monaco, P.A.
1201 Orange Street, Suite 400
Wilmington, DE 19801
(Special Counsel to Committee)

James F. Conlan, Esquire
Larry J. Nyhan, Esquire
Kenneth P. Kansa, Esquire
Sidley Austin Brown & Wood LLP
Bank One Plaza
One South Dearborn St.
Chicago, IL 60603
(Co-Counsel to the Debtors)

Laura Davis Jones, Esq.
Alan J. Kornfeld, Esq.
Pachulski, Stang, Ziehl, Young,
Jones & Weintraub P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Counsel to InaCom Corporation)

All Parties on 2002 Service List

On December 5, 2005, Owens Corning and its affiliated subsidiaries, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), filed the **Debtors' Motion to Strike Items Improperly Designated by InaCom Corporation to be Included in the Record on Appeal of Order Denying InaCom Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1)** (the "Motion").

You are required to file a response to the Motion **on or before 4:00 p.m. on January 13, 2006.**

At the same time, you must also serve a copy of the response upon movant's attorneys, at the address listed below, so that it is **received by 4:00 p.m. on January 13, 2006:**

Norman L. Pernick, Esq.
J. Kate Stickles, Esq.
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6813 (fax)
npernick@saul.com/kstickles@saul.com

A HEARING ON THE MOTION WILL BE HELD, ONLY IF A TIMELY OBJECTION IS FILED, ON JANUARY 30, 2006 AT 10:00 A.M., BEFORE THE HONORABLE JUDITH K. FITZGERALD, U.S. BANKRUPTCY JUDGE, UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: December 5, 2005

SAUL EWING LLP

By:     */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6800

Counsel to Owens Corning, *et al.*,
Debtors and Debtors-in-Possession

529958.1 12/5/05

-3-

472

# EXHIBIT "A"

529956.1 12/5/05

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re:                              )    Chapter 11
                                    )
OWENS CORNING, et al.,              )    Case No. 00-03837 (JKF)
                                    )
        Debtors.                    )    Related Docket No. 16289

## APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

The reorganized debtor Inacom Corporation and its related debtors (collectively,

"Inacom"), by and through Executive Sounding Board Associates, Inc., as its Plan Administrator

and its undersigned counsel, in accordance with Rule 8006 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), hereby submits its designation of the record, including all

exhibits, attachments, and other papers included in each docket entry to be included in the

record, with respect to the Inacom's appeal from that final *Order Denying InaCom*

*Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing*

*Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1)* (Docket No. 16289) (the "Order") of

the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), dated

November 9, 2005 and entered on the docket in the above-captioned case on November 10,

2005.

DOCKET # 16359

DATE 11/23/05

474

**Designation of Record on Appeal**

*In re Owens Corning, et al.*
Chapter 11 Case No. 00-3837(JKF)

| Designated Number | Date | Docket No. | Description of Item |
|---|---|---|---|
| A-1 | 11/27/01 | 3673 | Order signed on 11/27/2001 (i) Fixing General Claims Bar Date for Filing Certain Proofs of Claim; (ii) Approving Proposed Proof of Claim Form, General Claims Bar Date Notice and Related Publication Notice and Procedures; and (iii) Approving Proposed Employee and Retiree Claims Notification Procedures |
| A-2 | 1/22/02 | 4014 | Notice of Filing Notice of Entry of General Claims Bar Date Order Requiring the Filing of Proofs of Claim |
| A-3 | 12/03/03 | 10319 | Order Conditionally Approving the Disclosure Statement |
| A-4 | 9/19/05 | 15871 | Motion to Allow Inacom Corporation to File Proof of Claim After the Deadline Pursuant to Bankruptcy Rule 9006(B)(1) (Attachments: # 1 Notice # 2 Exhibit A# 3 Proposed Form of Order # 4 Certificate of Service and Service List) |
| A-5 | 9/29/05 | 15935 | Motion of Debtors for Order, Pursuant to 11 U.S.C. Section 1121(d), Granting Further Extension of to File and Solicit Acceptances of Plan of Reorganization |
| A-6 | 10/07/05 | 15989 | Objection of Debtors to Inacom Corporation's Motion to Allow the Filing of a Proof of Claim after the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1) (Attachments: # 1 Exhibit A and B# 2 Proposed Form of Order) |
| A-7 | 10/17/05 | 16054 | Inacom's Motion for Leave to File Reply to Objection of Debtors to InaCom Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(B)(1) (Attachments: # 1 Exhibit 1 -- Reply# 2 Exhibit A to Reply – Memorandum# 3 Proposed Form of Order Proposed Order for Reply# 4 Proposed Form of Order Proposed Order for Motion# 5 Certificate of Service) |

| A-8 | 10/26/05 | 16144 | Order Further Extending the Exclusive Periods During Which the Debtors May File Plans of Reorganization and Solicit Acceptances Thereto |
| A-9 | 11/10/05 | 16289 | Order Denying Inacom Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim. Order Signed on 11/9/2005. (LCN, ) (Entered: 11/10/2005) |
| A-10 | 11/10/05 | 16299 | Transcript of Hearing held on October 24, 2005 before the Honorable Judith K. Fitzgerald. |
| A-11 | 11/14/05 | 16311 | Order Further Extending the Exclusive Periods During Which the Debtors May File Plans of Reorganization and Solicit Acceptances Thereto |
| A-12 | 11/18/05 | 16333 | Transcript of Hearing held on November 14, 2005 before the Honorable Judith K. Fitzgerald |

Dated: November 23, 2005     PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Electronic Mail: ljones@pszyjw.com
          akornfeld@pszyjw.com
          sselzer@pszyjw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OWENS CORNING, *et al.*, | Case No. 00-03837 (JKF) |
| Debtors. | Jointly Administered |

Related to: Docket No. ____
Hearing Date: January 30, 2006
Agenda Item: ____

### ORDER GRANTING DEBTORS' MOTION TO STRIKE ITEMS IMPROPERLY DESIGNATED BY INACOM CORPORATION TO BE INCLUDED IN THE RECORD ON APPEAL OF THE ORDER DENYING INACOM CORPORATION'S MOTION TO ALLOW THE FILING OF A PROOF OF CLAIM AFTER THE DEADLINE FOR FILING PROOFS OF CLAIM PURSUANT TO BANKRUPTCY RULE 9006(b)(1)

THE COURT having considered Owens Corning and its affiliated debtors and

debtors in possession's (the "Debtors") Motion to Strike Items Improperly Designated By

InaCom Corporation To Be Included In The Record On Appeal of the Order Denying Inacom

Corporation's Motion To Allow The Filing of a Proof Of Claim After the Deadline For Filing

Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1) (the "Motion") and the

objection/response thereby of InaCom Corporation (the "Objection") at a hearing on January 30,

2006 (the "Hearing"); and upon consideration of the pleadings filed in this matter and the

arguments of counsel; and after due deliberation thereon; and good and sufficient cause

appearing therefore, IT IS ORDERED:

1.   The Motion is GRANTED.

2.   The Objection is OVERRULED.

3.   The following items designated by InaCom Corporation shall not be included in

the record on appeal of the Court's Order, entered November 10, 2005, Denying InaCom

Corporation's Motion To Allow The Filing of a Proof Of Claim After the Deadline For Filing

Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1):

529958.1 12/5/05

477

| Designated No. | Date of Filing | Docket No. | Description |
|---|---|---|---|
| A-11 | 11/14/05 | 16311 | Order Further Extending the Exclusive Periods During Which the Debtors May File Plans of Reorganization and Solicit Acceptances Thereto |
| A-12 | 11/18/05 | 16333 | Transcript of Hearing Held on November 14, 2005 before the Honorable Judith K. Fitzgerald |

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

Dated:  January ___, 2006

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE:                                        :

                                              :    Chapter 11

OWENS CORNING, *et al.,*                      :    Case Nos. 00-3837 (JKF)

                                              :    (Jointly Administered)

                    Debtors.                  :

                                                   **Objections Due: January 13, 2006 at 4:00 p.m.**
                                                   **Hearing Date: January 30, 2006 at 10:00 a.m.**
                                                   **Before the Honorable Judith K. Fitzgerald,**
                                                   **U.S. Bankruptcy Court, 824 Market Street,**
                                                   **Wilmington, Delaware 19801**

**MOTION OF DEBTORS FOR ORDER, PURSUANT TO 11 U.S.C. § 1121(d),**
**GRANTING FURTHER EXTENSION OF EXCLUSIVE PERIODS TO FILE AND**
**SOLICIT ACCEPTANCES OF PLAN OF REORGANIZATION**

Owens Corning and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively with Owens Corning, the "Debtors")[1], by and through their

undersigned attorneys, hereby move the Court for entry of an order, substantially in the

form annexed hereto, pursuant to Section 1121(d) of chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), extending the

exclusive periods of 11 U.S.C. § 1121, within which the Debtors retain the exclusive right

to file a plan and solicit acceptances of a plan of reorganization (the "Exclusive Periods")

through and including July 31, 2006[2], without prejudice to the Debtors' right to seek

---

[1]    The Debtors are Owens Corning, CDC Corporation, Engineered Yarns America, Inc., Exterior
       Systems, Inc., Falcon Foam Corporation, Fibreboard Corporation, HOMExperts LLC, Integrex,
       Integrex Professional Services LLC, Integrex Testing Systems LLC, Integrex Supply Chain
       Solutions LLC, Integrex Ventures LLC, Jefferson Holdings, Inc., Owens-Corning Fiberglas
       Technology Inc., Owens Corning HT, Inc., Owens-Corning Overseas Holdings, Inc., Owens
       Corning Remodeling Systems, LLC and Soltech, Inc.

[2]    The Debtors reserve the right to adjust this request at or before the hearing on this Motion
       depending on the results of scheduling discussions that the Debtors hope to have with the Court and
       other interested parties regarding the Disclosure Statement hearing, the confirmation hearing, and
       related dates.

Date 12/31/05

Docket # 16571

530778.3

479

further extensions of the Exclusive Periods (the "Motion").[3]  In support of the relief

sought, the Debtors respectfully represent as follows:

### Introduction

1.      On October 5, 2000 (the "Petition Date"), Owens Corning and 17 affiliates

filed voluntary petitions in this Court for reorganization under chapter 11 of title 11 of the

United States Code.

2.      Since filing their petitions for relief, the Debtors have continued to manage

and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108

of the Bankruptcy Code.

3.      On October 23, 2000, a general unsecured creditors' committee (the

"Creditors' Committee") and an asbestos claimants' committee ("Asbestos Claimants'

Committee", and together with the Creditors' Committee, the "Committees") were

appointed in these cases by the United States Trustee.

4.      By Order dated on or about September 28, 2001, the Court appointed James

J. McMonagle, Esquire, as the Legal Representative of Future Claimants ("Futures

Representative") with respect to the Debtors' cases.

### Background

5.      On January 17, 2003, the Debtors, together with the Asbestos Claimants'

Committee and the Futures Representative as Plan Proponents (collectively with the

Debtors, the "Plan Proponents"), filed their Joint Plan of Reorganization for Owens

---

[3]      At the November 14, 2005 hearing, the Court authorized the Debtors to shorten notice and file this Motion on the same date as the filing of their Fifth Amended Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-In-Possession and its related Disclosure Statement, both of which are being filed contemporaneously herewith.

Corning and its Affiliated Debtors and Debtors-in-Possession. On March 28, 2003, the Plan Proponents filed a disclosure statement.

6.    On December 2, 2003, this Court entered an order approving the Disclosure Statement, as amended, subject in part to "the issuance of an order by the District Court, or such other court with appropriate jurisdiction after notice, that the Disclosure Statement shall be circulated for voting ... ." See Docket No. 10319.

7.    At this Court's suggestion, the Debtors did not proceed to solicit votes with respect to the Plan, choosing instead to prosecute the substantive consolidation and estimation issues diligently with the understanding that once those two issues were resolved by the Courts, the key constituencies would either agree on a consensual plan of reorganization or the Debtors would pursue a confirmable plan of reorganization.

8.    Recent decisions on two key issues-- substantive consolidation[4] and asbestos claims estimation[5] -- have greatly narrowed the outstanding issues in these cases. Accordingly, at the September 26, 2005 omnibus hearing in these cases, the Court directed that an amended disclosure statement and an amended plan be filed by the end of 2005.

---

[4]    On October 5, 2004, Judge Fullam issued an Order granting the Debtors' motion for approval of substantive consolidation as part of a proposed chapter 11 plan of reorganization (the "Substantive Consolidation Order"). See Docket No. 12855. On August 15, 2005, the Third Circuit reversed the Substantive Consolidation Order. By Order dated September 28, 2005, the Third Circuit denied several petitions for rehearing regarding such ruling. On or about December 16, 2005, the Bondholders and Trade Creditors of Debtors filed an Application to Extend Time to File Petition for Writ of Certiorari which was granted. On December 23, 2005, the Futures Representative filed a Petition for a Writ of Certiorari with the United States Supreme Court.

[5]    By Order dated March 31, 2005, Judge Fullam issued a decision estimating Owens Corning's aggregate present and future asbestos liabilities at $7.0 billion (the "Estimation Decision"). Judge Fullam declined to estimate Fibreboard's present and future asbestos liabilities at that time. On May 13, 2005, Credit Suisse First Boston, as Agent, King Street Capital Management, L.L.C., et al., and Century Indemnity Company, et al., each filed a notice of appeal of the Estimation Decision to the Third Circuit. On December 2, 2005, the Third Circuit issued a briefing schedule with regard to the appeals of the Estimation Decision and briefing is scheduled to be completed by February 24, 2006.

The Debtors have complied with this instruction and, contemporaneously herewith, filed their Fifth Amended Plan of Reorganization (the "Plan") and related Disclosure Statement (as amended, the "Disclosure Statement"). The Asbestos Claimants' Committee and the Futures Representative are co-proponents of the Plan, and the steering committee of the Bank Holders (the "Steering Committee") supports the Plan, demonstrating the continued benefits in these cases of continued exclusivity.

### Prior Requests for Extension of the Exclusive Periods

9.    The Debtors have moved for and received several extensions of their Exclusive Periods. Most recently, by Order dated November 14, 2005, the Court extended the Exclusive Periods through and including January 31, 2006. See Docket No. 16311.

### Jurisdiction

10.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief requested herein is Section 1121(d) of the Bankruptcy Code.

### Relief Requested

11.    By this Motion, the Debtors seek entry of an order extending the Exclusive Periods, through and including July 31, 2006, in order to permit the Debtors adequate time to (a) continue to attempt to reach agreement on a consensual Plan with the one remaining major creditor constituency, the Bondholders, and (b) in any event, to complete the necessary procedures to gain approval of the Disclosure Statement and solicit acceptances of the Plan. The Debtors are further requesting that an extension of the Exclusive Periods

be without prejudice to the Debtors' right to seek additional extensions of the Exclusive Periods.

### **Applicable Authority**

12.     Section 1121(b) of the Bankruptcy Code gives a debtor the exclusive right to file a plan of reorganization for an initial period of 120 days from the Petition Date. If the debtor files a plan within this exclusive period, then the debtor has the exclusive right for 180 days from the Petition Date to solicit acceptances to its plan. 11 U.S.C. § 1121(c). During the Exclusive Periods, no other party in interest may file a competing plan of reorganization. Section 1121(d) provides that the Court may extend the Exclusive Periods "for cause" upon request of a party in interest and after notice and a hearing.

13.     Although Section 1121(d) does not define "cause," Courts have identified a variety of factors as being relevant to determine whether cause exists to extend the Exclusive Periods. These factors include:

    (a)     the size and complexity of the case;

    (b)     the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    (c)     the existence of good faith progress toward reorganization;

    (d)     the fact that the debtor is paying its bills as they become due;

    (e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)     whether the debtor has made progress in negotiations with its creditors;

    (g)     the amount of time which has elapsed in the case;

(h)    whether the debtor is seeking the extension of exclusivity
in order to pressure creditors to submit to the debtor's
reorganization demands; and

(i)    whether an unresolved contingency exists.

See In re Express One Int'l Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); see also In re

Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Grand

Traverse Dev. Co. Ltd. P'ship, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re

McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y 1987).

## Argument

14.    The Debtors submit that each of the above-referenced factors unequivocally

supports a further extension of the Exclusive Periods through and including July 31, 2006.

However, the most important factor at this stage is that the Debtors have been successful in

not only complying with the Court's directive to file a plan and disclosure statement by

December 31, 2005, but also in reaching agreement on a Plan not premised on substantive

consolidation with the Asbestos Claimants' Committee, the Futures Representative, and

the Steering Committee. Consequently, those parties should be granted an opportunity to

solicit acceptances for a Plan and proceed to a confirmation hearing.

### The Debtors' Cases Are Complex

15.    Courts frequently grant an extension of the Exclusive Periods based upon

the size and complexity of a chapter 11 case. See In re Texaco, Inc., 76 B.R. 322, 326

(Bankr. S.D.N.Y. 1987) (noting the difficulty inherent in formulating a plan for debtors

with complex financial structures is an important factor that may constitute cause for

extending exclusive periods); McLean Indus., 87 B.R. at 834; Gaines v. Perkins (In re

Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) (affirming bankruptcy court's enlargement

484

of the exclusivity period and holding that cause may exist if the case is unusually large).
By any reasonable standard, the Debtors' cases are both exceedingly large and complex.
These mega cases involve eighteen debtors and dozens of non-debtor entities, whose assets
and business operations are spread throughout the United States and numerous foreign
countries. In addition, as the Court and parties-in-interest are aware, these cases have
complex inter-creditor issues, involving numerous competing creditor groups such as bond
holders, the Bank Debt Holders, trade creditors and those creditors and other parties
holding "present" and "future" asbestos claims. The multiple issues between and among
these constituencies, including issues related to substantive consolidation and the valuation
and estimation of the Debtors' asbestos liabilities, add layers of complexity and challenge
to these cases and have been the well-documented subject of complex litigation.

> The Debtors Have Made Good Faith Progress Toward Reorganization
> And In Negotiations With Its Creditors, And Have Demonstrated
> Reasonable Prospects For Filing A Viable Plan

16.    At all times during these chapter 11 cases the Debtors have acted in good
faith and have attempted to achieve a fully consensual Plan among all competing creditor
constituencies. As this Court is aware, despite the Court's conditional approval of the
Disclosure Statement in December 2003, other events occurred which impacted the timing
of the Debtors' reorganization efforts. As represented to the Court at the November 14,
2005 hearing, subsequent to the Third Circuit's reversal of the Substantive Consolidation
Order, the Debtors' continued to negotiate with the creditor constituencies and, in
accordance with the Court's directive, circulated a proposed term sheet in an effort to reach
a consensual plan. In compliance with this Court's directive, the Debtors have filed the
Plan and Disclosure Statement on time. The Debtors are confident that the Plan as

7

currently filed is confirmable under the applicable confirmation standards set forth in the Bankruptcy Code. Most significantly, the Plan is supported by the Asbestos Claimants' Committee, the Futures Representative, and the Steering Committee. The Debtors will continue to explore the possibility of a fully consensual plan of reorganization with the Bondholders.

17.     Under these circumstances, the requested extension is not unreasonable particularly given the notice and other procedural requirements that must be satisfied to obtain approval of the Disclosure Statement, and the necessity to solicit acceptances of an amended Plan.

18.     Moreover, there can be no serious assertion that the Debtors have failed to demonstrate good-faith progress towards proposing a plan of reorganization. The Debtors' management has pursued a consistent effort to bring these complex cases to resolution as expeditiously as practicable under the circumstances. Despite delays caused by a stay of the District Court's participation in these cases, the recusal of Judge Wolin, the assignment of Judge Fullam to these cases, the appeal of the Substantive Consolidation Order, and the appeal of the Estimation Decision, the Debtors have made substantial and consistent progress in these cases and are moving forward towards confirmation of the Plan. The Debtors submit that the filing of the Plan and Disclosure Statement alone, particularly given the support such documents have received from key creditor constituencies, and their level of completeness in the relatively short time that has passed since the issuance of the Third Circuit's decision on substantive consolidation, demonstrates good faith and is more than enough justification for the requested extension.

19.     The Debtors have taken a great number of the many other steps towards confirmation which are in the record before this Court, including but not limited to the following:

- The Debtors have analyzed and objected to the validity of numerous proofs of claims. To date, the Debtors have filed thirty-eight omnibus objections to claims, and numerous individual objections to claims. The Debtors continue to review, analyze, and investigate claims to determine their validity and intend to file additional objections to claims.

- As of the Petition Date, the Debtors were party to numerous unexpired leases and executory contracts, including, among others, real property leases, information technology agreements, equipment leases, plant-related service agreements, and supply agreements. During the pendency of these cases, the Debtors have evaluated the costs and potential benefits of these agreements, including the availability of alternate services and more profitable end-users for its products, all without disrupting core business operations. The Debtors have rejected various executory contracts and leases, and assumed other executory contracts.

- As of the Petition Date, the Debtors were lessees under approximately 347 unexpired nonresidential real property leases. The Debtors have actively reviewed their unexpired nonresidential real property leases to determine whether the rejection or assumption and assignment of the leases was in the best interest of their respective estates. To date, the Debtors have rejected approximately 75 nonresidential real property leases; assumed 12 nonresidential real property leases; and assumed and assigned 9 nonresidential real property leases. The Debtors continue their review and analysis of their unexpired nonresidential real property leases.

- The Debtors obtained a case management order relating to asbestos property damage claims.

- The Debtors have resolved, either by dismissal or by settlement, all but a handful of the hundreds of property damage cases originally filed for a fraction of the amounts originally claimed.

- The Debtors have negotiated a settlement in principle of two purported nationwide class actions on behalf of pre- and post-petition purchasers of its MiraVista roofing tile products. The aggregate amount of these claims was $275 million (although the claimants have asserted in pleadings filed with the Court that their claims total only $80 million).

- The Debtors reached settlements with FM Insurance Co., AIG Companies, and Allianz resolving insurance coverage disputes related to asbestos "non-property" claims and filed motions for Court approval of such settlements.

- The Debtors have resolved various pre-petition mutual obligations with vendors/creditors that are subject to setoff.

- The Debtors have sought and obtained approval to sell certain assets of the Debtors (including some assets were no longer of use or beneficial to the Debtors' operations), such as the following: the sale of closed insulation plants in Texas and Alabama; a closed asphalt manufacturing program in Ohio; real property in Alabama, California, Georgia, New Jersey, Ohio, Indiana, Texas and Virginia; a closed Kaylo manufacturing facility in New Jersey; and the sale of the Owens Corning Metal Systems Assets, the Bradenton, Florida Plant Assets, the Atlanta, Georgia Plant Assets, the Phenix City, Alabama Plant Assets, and the Manufacturing Solutions' Assets.

- The Debtors have obtained approval under 11 U.S.C. § 363 for various special business transactions and ventures, including, by way of example, the restructuring of two of Owens Corning's joint ventures in China, namely OC Shanghai and OC Guangzhou; the restructuring of Owens Corning's Indian joint venture, Owens-Corning (India) Limited; the purchase of assets from Wolverine Fabricating, Inc.; and authorization for Owens Corning to consummate the terms of a Stock Purchase Agreement with Vitro, S.A. de C.V.

- The Debtors have obtained approval to implement a foreign fund repatriation program for tax purposes, plan of reorganization and post-confirmation tax planning.

- The Debtors have continued to comply with the various administrative requirements imposed upon chapter 11 debtors, including the timely filing of monthly operating reports.

- The Debtors' management continues to operate the Debtors' businesses successfully, thereby significantly improving during the pendency of these cases the distributable value to creditors. By way of example, during the last four years, the Debtors' income from operations has risen from $300 million in 2002 to $381 million in 2003, to $452 million in 2004 and is expected to be nearly $550 million in 2005. In addition, the Debtors' return on net assets has increased from 9.1% in 2002, to 12.9% in 2003, to 15% in 2004 and is expected to be nearly 20% in 2005.

Despite the great expenditure of time and energy resulting from the complexities of these cases, and the competition among various creditor constituencies, the Debtors' senior management has continued to focus successfully on running the Debtors' businesses and on creating and improving value for the estate and all of its constituents. The business results achieved by the Debtors under its senior management's leadership have been exceptional. The Debtors submit that this progress is precisely what Section 1121 contemplated and, by itself, justifies an extension of the Exclusive Periods.

### The Debtors Require Sufficient Time To Negotiate A Plan Of Reorganization And Prepare Adequate Information

20.    As discussed above, the Debtors have filed a confirmable Plan which is supported by the Asbestos Claimants' Committee, the Futures Representative, and the Steering Committee. The maintenance of exclusivity remains the most likely manner of either obtaining a fully consensual agreement on a plan of reorganization or confirming a plan that is in the best interests of these estates and the creditors. The Debtors remain the most efficient and logical party positioned to present the revisions that will enable disputed issues to be resolved through plan procedures that are fair and equitable to each of the interested constituencies and achieve the Debtors' emergence from bankruptcy at the earliest possible date. Therefore, while the Debtors move toward confirmation of the Plan, they will also endeavor to continue to facilitate negotiations.

21.    The Debtors' and the constituents' focus on plan resolution should not be diverted. See In re Dow Corning Corp., 208 B.R. 661, 670 (Bankr. E.D. Mich.) ("When the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward."). The relief requested herein would afford the creditor constituents and the

Debtors the opportunity to continue to work diligently towards confirmation of a plan of reorganization, without the likely disruption of potential competing plans which would likely promote only a resolution based on the self-serving goals of a particular proponent. Maintaining the Exclusive Periods will also avoid the unquestionable disruption and uncertainty in the Debtors' successful business, and resultant potential loss of estate value, that terminating it would cause. Clearly, terminating the Exclusive Periods would defeat the primary purpose of Section 1121 of the Bankruptcy Code, which is to afford the Debtors a meaningful and reasonable opportunity to confirm a plan of reorganization, particularly in a case such as this where the Debtors have continued to make consistent progress since its inception.

### The Debtors Are Not Using Exclusivity to Pressure Creditors

22.     For the reasons set forth in this Motion and as evidenced in the record in these cases, the Debtors' request for an extension of the Exclusive Periods is not a negotiation tactic being used to pressure creditors. The exact opposite is true – a further extension of the Exclusive Periods will continue to enhance the ability of the Debtors and the creditor constituencies to focus on reaching a consensus on disputes during the process leading to confirmation.

### An Extension Will Not Prejudice Creditors

23.     None of the Debtors' creditors will be unduly prejudiced by the extension requested by this Motion. The Debtors submit that an extension of the Exclusive Periods will be beneficial to the creditors and other parties-in-interest for the reasons discussed herein. Indeed, terminating exclusivity to allow the possibility of competing plans would be counterproductive. Termination of exclusivity would simply facilitate ancillary

litigation (in addition to the pending litigation and appeals), increase administrative expenses, and further delay the cases at a time when real progress continues to be made.

24.    In sum, the Debtors submit that the requested extension is very reasonable, justified, appropriate and realistic under the circumstances of these cases. The Debtors accordingly submit that the Court should extend the Exclusive Periods through and including July 31, 2006, without prejudice to the Debtors' right to seek further extensions.

### Notice

25.    In accordance with Rule 2002-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware and the Order Clarifying Case Notice Procedures Pursuant to 11 U.S.C. §§ 102 and 105; Fed. R. Bankr. P. 2002(m) and 9007; and Local Rule 2002-1(b), signed May 16, 2001, (NIBS Docket No. 1838), notice of this Motion has been given to the (a) the Office of the United States Trustee; (b) counsel for the Creditors' Committee; (c) counsel for the Asbestos Claimants' Committee; (d) the Office of the United States Attorney for the District of Delaware; (e) Bank of America, N.A., as the Debtors' Post-Petition Lender; (f) Credit Suisse First Boston, as Agent, with respect to that certain $2.0 billion Credit Agreement dated June 26, 1997; (g) special counsel to the Creditors' Committee; (h) the Futures Representative and his counsel; and (i) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002. In light of the relief requested herein, the Debtors submit that no further notice is necessary.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, pursuant to Section 1121(d) of the Bankruptcy Code, substantially in the form of the proposed order annexed hereto, extending the Exclusive Periods through and including July 31, 2006[6], without prejudice to the Debtors' right to seek further extensions; and (b) granting such other related relief as is just.

Dated: December 31, 2005                    SAUL EWING LLP

                                  By:    */s/ Norman L. Pernick*
                                         Norman L. Pernick (No. 2290)
                                         J. Kate Stickles (No. 2917)
                                         222 Delaware Avenue, Suite 1200
                                         P.O. Box 1266
                                         Wilmington, DE  19899-1266
                                         (302) 421-6800

                                         Charles O. Monk, II
                                         Jay A. Shulman
                                         Lockwood Place
                                         500 E. Pratt Street
                                         Baltimore, MD  21202
                                         (410) 332-8600

                                         - and-

                                         SIDLEY AUSTIN LLP
                                         Larry J. Nyhan
                                         James F. Conlan
                                         Jeffrey C. Steen
                                         One South Dearborn Street
                                         Chicago, IL  60603
                                         (312) 853-7000

                                         Co-Counsel for Owens Corning, *et al.*,
                                         Debtors and Debtors-in-Possession

---

[6]    As stated above, the Debtors reserve the right to adjust this request at or before the hearing on this Motion depending on the results of scheduling discussions that the Debtors hope to have with the Court and other interested parties regarding the Disclosure Statement hearing, the Confirmation hearing and related dates.

530778.3                              14

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

                      :    Chapter 11

OWENS CORNING, *et al.,*      :    Case Nos. 00-3837 (JKF)

                      :    (Jointly Administered)

          Debtors.       :

**Objections Due: January 13, 2006 at 4:00 p.m.**
**Hearing Date:  January 30, 2006 at 10:00 a.m.**
**Before the Honorable Judith K. Fitzgerald,**
**U.S. Bankruptcy Court, 824 Market Street,**
**Wilmington, Delaware 19801**

## NOTICE OF MOTION

David M. Klauder, Esquire
Office of the U.S. Trustee
Federal Bldg., 2nd Floor
844 King Street
Wilmington, DE 19801
(US Trustee)

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
(Counsel to Asbestos Claimants
Committee)

Marla Eskin, Esquire
Mark Hurford, Esquire
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801
(Counsel to Asbestos Claimants'
Committee)

William H. Sudell, Jr., Esquire
Morris, Nichols, *et al.*
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(Counsel to Creditors' Committee)

James I. McClammy, Esquire
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(Counsel to Creditors' Committee)

Ellen W. Slights, Esquire
Asst. U.S. Attorney
Chase Manhattan Centre
1201 Market Street, Suite 1100
P. O. Box 2046
Wilmington, DE 19899-2046
(US Attorney, District of DE)

Mark S. Chehi, Esquire
Skadden Arps, *et al.*
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(Special Counsel to the Debtors)

D. J. Baker, Esquire
Skadden Arps, *et al.*
Four Times Square
New York, NY 10036
(Special Counsel to the Debtors)

J. Andrew Rahl, Jr., Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(Special Counsel to Creditors
Committee)

Edmund Emrich, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(Counsel to Futures Representative)

James L. Patton, Jr., Esquire
Young Conaway, *et al.*
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(Counsel to Futures Representative)

James J. McMonagle, Esquire
24 Walnut Street
Chagrin Falls, OH 44022
(Legal Representative to
Future Claimants)

530778.3

Kenneth H. Eckstein, Esquire
Gary M. Becker, Esquire
Kramer Levin, *et al.*
1177 Avenue of the Americas
New York, NY 10036
(Counsel to Bank Debt Holders)

Mark Collins, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(Counsel to Bank Debt Holders)

Benjamin Feder, Esquire
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6030
(Counsel to Bank Debt Holders)

Francis A. Monaco, Jr., Esquire
Monzack and Monaco, PA
1201 Orange St., Suite 400
Wilmington, DE 19801
(Special Counsel to Creditors
Committee)

Martin Bienenstock, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(Counsel to Bank Debt Holders)

Richard Cobb, Esquire
Rebecca Butcher, Esquire
Landis, Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, DE 19801
(Counsel to Bank Debt Holders)

All Parties on 2002 Service List

On December 31, 2005, Owens Corning and its affiliated subsidiaries, debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), filed the **Motion of Debtors for Order, Pursuant to 11 U.S.C. § 1121(d), Granting Further Extension of Exclusive Periods to File and Solicit Acceptances of Plan of Reorganization** (the "Motion"), by which the Debtors seek an extension of the Exclusive Periods through and including July 31, 2006, without prejudice to the Debtors' right to seek further extensions.

You are required to file a response to the Motion **on or before 4:00 p.m. on January 13, 2006.**

At the same time, you must also serve a copy of the response upon movant's attorneys, at the address listed below, so that it is **received by 4:00 p.m. on January 13, 2006:**

Norman L. Pernick, Esquire
J. Kate Stickles, Esquire
SAUL EWING LLP
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6813 (fax)
npernick@saul.com
kstickles@saul.com

Larry J. Nyhan, Esquire
James F. Conlan, Esquire
Jeffrey C. Steen, Esquire
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7036 (fax)
lnyhan@sidley.com
jconlan@sidley.com
jsteen@sidley.com

530778.3

2

A HEARING ON THE MOTION WILL BE HELD, ONLY IF A TIMELY OBJECTION IS FILED, ON JANUARY 30, 2006 AT 10:00 A.M., BEFORE THE HONORABLE JUDITH K. FITZGERALD, U.S. BANKRUPTCY JUDGE, U.S. BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: December 31, 2005

SAUL EWING LLP

By:     */s/ Norman L. Pernick*
        Norman L. Pernick (No. 2290)
        J. Kate Stickles (No. 2917)
        222 Delaware Avenue
        P.O. Box 1266
        Wilmington, DE  19899-1266
        (302) 421-6800

        Charles O. Monk, II
        Jay A. Shulman
        Lockwood Place
        500 E. Pratt Street
        Baltimore, MD  21202
        (410) 332-8600

        - and-

        SIDLEY AUSTIN LLP

        Larry J. Nyhan
        James F. Conlan
        Jeffrey C. Steen
        One South Dearborn Street
        Chicago, IL  60603
        (312) 853-7000

        Co-Counsel for Owens Corning, *et al.,*
        Debtors and Debtors-in-Possession

530778.3

3

495

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                :

                       :    Chapter 11

OWENS CORNING, *et al.,*    :    Case Nos. 00-3837 (JKF)

                       :    (Jointly Administered)

        Debtors.       :

                             Related to Docket No. _____
                             Hearing Date: January 30, 2006
                             Agenda Item No. \_\_\_\_\_

## ORDER, PURSUANT TO 11 U.S.C. § 1121(d), FURTHER
## EXTENDING THE EXCLUSIVE PERIODS DURING WHICH
## THE DEBTORS MAY FILE PLANS OF REORGANIZATION
## AND SOLICIT ACCEPTANCES THERETO

Upon the motion, dated December 31, 2005 (the "Motion"),[1] of above-captioned debtors

and debtors-in-possession (collectively, the "Debtors"), seeking the entry of an order pursuant to

Section 1121(d) of the Bankruptcy Code extending the exclusive periods of 11 U.S.C. § 1121

within which no other party may file a plan so that the Debtors may file and solicit acceptances

of a plan of reorganization through and including July 31, 2006, without prejudice to requests of

the Debtors for further extensions of the Exclusive Periods; and upon consideration of the

Motion after due deliberation thereon; and good and sufficient cause appearing therefor; and due

and proper notice of the Motion having been given; and it appearing that extending the Exclusive

Periods through and including July 31, 2006 is in the best interests of the Debtors and their

estates and creditors and other parties-in-interest; it is hereby

FOUND THAT:

---

[1]     Unless otherwise, defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

53047783

A.    Due and proper notice of the Motion has been given, and no other or further notice is required;

B.    For the reasons set forth in the Motion, sufficient cause exists to extend the Exclusive Periods through and including July 31, 2006, because, among other things:

    (1)    the Debtors' cases are extremely large and complex;

    (2)    the Debtors have made good faith progress toward proposing a plan of reorganization;

    (3)    sufficient time is necessary to permit the Debtors to negotiate an amended plan of reorganization;

    (4)    the Debtors are not using exclusivity to prejudice creditors; and

    (5)    granting the relief requested would not prejudice any party-in-interest.

C.    The relief requested in the Motion is appropriate and necessary to assist the Debtors in their efforts to reorganize or otherwise maximize the value of their estates; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Exclusive Periods are, and hereby shall be, extended through and including July 31, 2006.

3.    Entry of this Order is, and hereby shall be, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

4.    Entry of this Order is, and hereby shall be, without prejudice to the right of parties-in-interest to seek to terminate or modify the Exclusive Periods.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January ___, 2006

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283599 (D.Del.)
(Cite as: 2004 WL 2283599 (D.Del.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
In re: INACOM CORP., et al., Debtors.
PRO-TEC SERVICES, LLC, Appellants,
v.
INACOM CORP., et al., Appellees.
No. 00-2426 (PJW), Civ.A. 04-390-GMS.

Oct. 4, 2004.

Laura Davis Jones, Pachulski, Stang, Ziehl, Young
& Jones, P.C., Wilmington, DE, for Debtors and
Appellees.

William D. Sullivan, Elzufon Austin Reardon Tarlov
& Mondell, P.A., Wilmington, DE, for Appellants.

*MEMORANDUM*

SLEET, J.

**I. INTRODUCTION**

\*1 On June 16, 2000 (the "Petition Date"), Inacom
Corp., *et al.* ("Inacom") filed voluntary petitions for
relief under Chapter 11 of the United States
Bankruptcy Code. Pro-Tec Services, LLC ("Pro-
Tec") filed a timely Proof of Claim on November 2,
2000. On June 13, 2001, Inacom filed its Fifth
Omnibus Objection to Claims--Objections to Claims
filed Against Inacom, Inc. or Its Affiliates (the
"Objection"). On July 13, 2001, the United States
Bankruptcy Court for the District of Delaware (the
"Bankruptcy Court") entered an order disallowing
Pro-Tec's claim pursuant to Inacom's Objection.
Inacom's plan of liquidation was confirmed on May
23, 2003.

On April 2, 2004, Pro-Tec filed a motion to
reconsider its claim. The motion was denied at a
hearing before the Bankruptcy Court on April 20,
2004. Pro-Tec appealed this decision on April 30,
2004. Because the court agrees that Pro-Tec has
made a satisfactory showing of excusable neglect, its
motion to reconsider the allowance of its claims
should have been granted by the Bankruptcy Court.
Further, because the court disagrees with the
Bankruptcy Court's analysis of *Pioneer Investment*

*Services Co. v. Brunswick Associates Ltd.*
*Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123
L.Ed.2d 74 (1993), as it applies to the facts of this
case, the court will reverse the ruling of the
Bankruptcy Court and remand the matter for further
proceedings consistent with this opinion.

**II. STANDARD OF REVIEW**

In reviewing a case on appeal, the district court
reviews the Bankruptcy Court's legal determinations
*de novo,* its factual findings for clear error, and its
exercise of discretion for abuse. *In re O'Brien Envtl.*
*Energy, Inc.* 188 F.3d 116, 122 (3d Cir.1999). A
bankruptcy court abuses its discretion when its ruling
is founded on an error of law or misapplication of
law to the facts. *Id.* In determining whether an error
exists, the bankruptcy court's application of the law to
the facts is reviewed *de novo. Id.*

**III. BACKGROUND**

The basic facts pertinent to Pro-Tec's motion to
reconsider the allowance of its claims are not in
dispute. On September 18, 1997, Pro-Tec and
Vanstar Corporation ("Vanstar") were parties to a
computer and communication repair services
agreement (the "Agreement"). Subsequent to the
execution of the Agreement, Inacom purchased
Vanstar, and Pro-Tec continued to provide services to
Inacom under the Agreement. From February 1999 to
June 2000, Inacom incurred charges for services
rendered by Pro-Tec under the Agreement. On June
16, 2000, Inacom filed voluntary petitions for relief
under Chapter 11 of the Bankruptcy Code in the
District of Delaware. On August 1, 2000, Inacom
filed its Schedules of Assets and Liabilities (the
"Schedules"). Pro-Tec was listed on Exhibit F-3 of
Inacom's Schedules as a creditor holding unsecured
non-priority claims in the amount of $195,823.20.

On November 2, 2000, Pro-Tec's counsel timely
filed a Proof of Claim (the "Claim"), in the amount
of $330,115.61, with Bankruptcy Services, Inc.
("B.S.I."), Inacom's claims agent. On November 6,
2000, B.S.I. stamped the Claim as received, timely,
and numbered the Claim 6647. On June 13, 2001,
Inacom filed its Objection. The Objection contests
approximately 412 claims spread over 96 pages of
exhibits. The exhibits are lettered A through H, with
some exhibits containing multiple alphabetical

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283599 (D.Del.)
(Cite as: 2004 WL 2283599 (D.Del.))

Page 2

listings of objections. Pro-Tec was listed on the first alphabetical list of Exhibit E to the Objection. The Objection contained a Proof of Service, indicating that it was served on Pro-Tec's counsel, William Sullivan, at his office address. Pro-Tec's counsel did not respond to the Objection. On July 13, 2001, the Bankruptcy Court entered an Order Disallowing Claims, Expunging Claims, Altering the Status of Claims, or Allowing the Claims in a Reduced Amount (the "Order").

*2 On July 22, 2002, Inacom filed the Notice of Debtors Twenty-Ninth Amendment of Schedules (the "Twenty-Ninth Amendment"), seeking to amend the Claim from $195,823.20 to $0.00. On May 23, 2003, Inacom's Joint Plan of Liquidation (the "Plan") was confirmed. In February 2004, after Pro-Tec did not receive a distribution under the Plan (which was expected on or about January 30, 2004), Pro-Tec's counsel inquired into the status of distributions. After contacting B.S.I., Pro-Tec was advised of the July 13, 2001 Order disallowing the Claim. Accordingly, Pro-Tec filed its Motion for Reconsideration on April 2, 2004. A hearing on Pro-Tec's motion was held before the Bankruptcy Court on April 20, 2004. The Bankruptcy Court denied Pro-Tec's motion. On April 30, 2004, Pro-Tec appealed the decision.

## IV. DISCUSSION

As a result of the Bankruptcy Court's July 13, 2001 Order, Pro-Tec's Claim in connection with the Agreement was disallowed. It is undisputed that Pro-Tec received the Objection but failed to respond prior to the July 13, 2001 Order, or prior to the May 23, 2003 confirmation of the Plan. Pro-Tec filed a motion for reconsideration pursuant to 11 U.S.C. 502(j) and Fed. R. Bankr.P. 3008. Section 502(j) provides that "a claim that has been allowed or disallowed may be reconsidered for cause." Pro-Tec asserts that a motion for reconsideration based on a claim disallowed as a result of the claimant's failure to appear or to produce evidence is usually decided based on whether the claimant is able to show "excusable neglect." Pro-Tec, therefore, seeks relief from the July 13, 2001 Order under Federal Rule of Civil Procedure Rule 60(b), made applicable to bankruptcy cases by Bankruptcy Rule 9024. Rule 60(b) states, in pertinent part, "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for mistake, inadvertence, or excusable neglect." The factors a court must consider when determining whether a party has failed to appear or to produce evidence

because of excusable neglect were articulated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The *Pioneer* factors were adopted and applied by the Third Circuit in *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 125 (3d Cir.1999). Pro-Tec asserts that its failure to respond to the Objection was the result of excusable neglect, and that the Bankruptcy Court made an inadequate excusable neglect analysis under *Pioneer*. As previously noted, the basic facts pertinent to Pro-Tec's motion are not in dispute. Thus, the court must review *de novo* whether the Bankruptcy Court engaged in a proper analysis under *Pioneer* to make its excusable neglect determination, and whether the Bankruptcy Court abused its discretion in determining that there was no excusable neglect warranting reconsideration of Pro-Tec's claim.

### A. Did the Bankruptcy Court Engage in a Proper *Pioneer* Analysis?

*3 Pro-Tec first argues that the Bankruptcy Court failed to review the totality of the circumstances surrounding Pro-Tec's failure to respond to the Objection and, therefore, failed to adequately apply *Pioneer's* standards for excusable neglect. The court will start with a brief review of *Pioneer* and the excusable neglect factors articulated in that case. In *Pioneer*, the Supreme Court determined that a Chapter 11 creditor was entitled to file its proof of claim after the bar date deadline because its failure to timely reply was the result of excusable neglect, within the meaning of Bankruptcy Rule 9006(b)(1). The Court held that the determination of what type of neglect would be considered "excusable" was an equitable one "tak[ing] account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. The Court listed four factors to consider in making the excusable neglect determination: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Under the facts of *Pioneer*, the Court held that the creditor's failure to timely file was inadvertent, and in good faith. There was no danger of prejudice to the debtor because the untimely claim was accounted for in the reorganization plan and was filed prior to the plan's effective date. Lastly, the court noted that notice of the bar date "was outside the ordinary course" because of its "inconspicuous placement"--a single sentence in a document

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

regarding a creditors' meeting-- which was not accompanied by a statement of significance and "left a 'dramatic ambiguity' in the notification." *Id.* at 398.

Pro-Tec argues that, while the Bankruptcy Court considered the reason for the delay, including whether it was within the reasonable control of Pro-Tec, and the potential prejudice to Inacom, it did not consider the other *Pioneer* factors. After reviewing the transcript from the April 20, 2004 hearing, the court cannot agree. In making its determination, the Bankruptcy Court made the following findings of fact: (1) overturning the Order would prejudice Inacom because allowing the claims would "open the floodgates to hundreds of these [reconsideration] applications being filed;" (2) allowing the delayed claim "would be a mistake at this very late stage of this case;" and (3) Pro-Tec's counsel was fully responsible for the delay in failing to file a response to the Objection. [FN1] Tr. at 35-36. Thus, the Bankruptcy Court considered the prejudice to the debtor, the length of the delay and its effect on judicial proceedings, and whether the reason for the delay was in the reasonable control of the movant. The only *Pioneer* factor that the Bankruptcy Court did not consider was the good faith of Pro-Tec's counsel. Inacom, however, acknowledged Pro-Tec's good faith at the April 20, 2004 hearing, which meant that the Bankruptcy Court did not have to consider this factor. For the foregoing reasons, the court finds that the Bankruptcy Court engaged in a proper *Pioneer* analysis. [FN2]

FN1. The Bankruptcy Court noted that Pro-Tec's "client's name and your [Pro-Tec's counsel's] name and address with the law firm is [the] first item on Page 11, it's the first Exhibit E in the batch. And I don't see how you could miss it." Tr. at 35:6-9.

FN2. In this section of its brief, Pro-Tec argues its counsel's diligence upon receiving omnibus objections to its other clients' claims. Pro-Tec also argues that the Bankruptcy Court's Local Rule 3007-1, implemented in September 2002, addresses the difficulties created by the large omnibus claim objections by limiting them to 150, but does not ameliorate the difficulties posed by omnibus objections filed before September 1, 2002 (Inacom's Objection was filed before September 1, 2002). The court will not address these arguments because they are not material to whether the Bankruptcy Court engaged in a proper *Pioneer* analysis.

B. Did the Bankruptcy Court Abuse Its Discretion When It Determined There Was No Excusable Neglect?

*4 Pro-Tec next argues that the Bankruptcy Court abused its discretion in failing to find excusable neglect. In addressing this contention, the court will analyze each of the *Pioneer* factors in turn.

1. Danger of Prejudice to the Debtor

The Supreme Court in *Pioneer* noted that lack of any prejudice to the debtor weighs strongly in favor of permitting a tardy claim, but provided little guidance as to what prejudice actually is in the bankruptcy context. The United States Court of Appeals for the Third Circuit has recognized that "prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 127 (3d Cir.1999). Under Third Circuit case law, *Pioneer* requires a detailed analysis of more than "whether the Plan set aside money to pay the claim at issue." *Id.* at 126. Thus, the relevant factors for analysis of prejudice under *O'Brien* include: whether the debtor was surprised or caught unaware by the assertion of a claim that it had not anticipated; whether the payment of the claim would force the return of amounts already paid out under the confirmed Plan or affect the distribution to creditors; whether payment of the claim would jeopardize the success of the debtor's reorganization; whether allowance of the claim would adversely impact the debtor actually or legally; and whether allowance of the claim would open the floodgates to other future claims. *Id.* at 126-28. Pro-Tec argues that none of the prejudice factors articulated in *O'Brien* serve as potential prejudice to Inacom.

With regard to the first *O'Brien* factor, the court cannot conclude that Inacom was surprised or caught unaware by the assertion of a claim that it had not anticipated. Inacom listed Pro-Tec as a creditor holding unsecured non-priority claims in the amount of $195,823.20 in the Schedules. Pro-Tec timely filed the Claim, which was stamped as received and numbered by Inacom's claims agent. The Claim remained scheduled for more than one year after it was disallowed by default, on July 13, 2001. In fact, the Claim remained scheduled by Inacom until it filed the Twenty-Ninth Amendment on July 22, 2002, which sought to amend Pro-Tec's scheduled Claim from $195,823.00 to $0.00. Clearly then, Inacom was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283599 (D.Del.)
(Cite as: 2004 WL 2283599 (D.Del.))

aware of the assertion of the Claim.

The second *O'Brien* factor requires the court to consider whether the payment of the claim would force the return of amounts already paid out under the confirmed Plan or affect the distribution to creditors. Pro-Tec argues that the resolution of the Claim does not impact the recovery being paid to unsecured creditors because Inacom is still litigating the value of many of the unsecured claims. Pro-Tec alleges that unsecured creditors were advised in the Plan that their recovery was uncertain, and, based on the Plan, reconsideration of its Claim will not prejudice other creditors because no creditor will have to return any distribution it may have already received and the ultimate distribution to creditors under the Plan will vary. Inacom notes that the Plan states that "[e]ach holder of a Class 4(a) Allowed General Unsecured Claim shall receive such Holder's Pro Rata Share of Available Cash," (Plan at 13, D.I. 4757). However, as Pro-Tec points out, the Plan also states that the recovery of unsecured creditors is uncertain and may vary. Because every creditor is receiving its pro rata share of available amounts, allowing another claim will affect the distribution to each creditor holding an allowed claim. Pro-Tec argues, however, that Inacom is still litigating the value of many of the unsecured claims and does not know at this time which unsecured creditors will recover or what amount each creditor will recover.

*5 Pro-Tec's argument is persuasive. It is not clear how many creditors will ultimately hold an allowed claim. In addition, the final distributions to creditors will vary based on the results of litigation and the claims resolution process. Moreover, Inacom was not required to allocate funds for each disputed claim under the Plan. [FN3] Thus, any disputed claim that is allowed is paid without regard to what other claims exist. Lastly, absent from the record is any evidence that Inacom will have to return amounts already paid out under the Plan. Based on these facts, the court finds that payment of the claim will not affect the distribution to creditors.

> FN3. Pro-Tec urges that whether the plan set aside money to pay the claim at issue is a factor that the Third Circuit held should not be considered in evaluating potential prejudice. The court disagrees. The court in *O'Brien* stated that "*Pioneer* requires a more detailed analysis of prejudice which would account for more than whether the Plan set aside money to pay the claim at issue." *O'Brien, 188 F.3d at 126.* The Third Circuit,

however, did not state that an analysis of prejudice should not include whether the Plan set aside money to pay the claim at issue as one of the factors to consider. Rather, the Third Circuit stated that it should not be the only factor that the Bankruptcy Court considers in determining whether there is potential prejudice to the debtor. The Third Circuit stated "[t]he Bankruptcy Court's prejudice analysis seemed to hinge *solely* on the fact that by virtue of Manus's failure to respond to the Application, its claim was not accounted for in the funding of the plan. We believe that *Pioneer* requires a more detailed analysis which would account for more than whether the Plan set aside money to pay the claim at issue." *Id.* (emphasis added).

The third *O'Brien* factor is whether payment of the claim would jeopardize the success of the debtor's reorganization. There is no evidence on the record as to whether payment of the claim would jeopardize the success of Inacom's reorganization. In addition, Pro-Tec and Inacom have not made arguments, nor has the Bankruptcy Court made any findings concerning this factor. Thus, the court will treat this consideration as a neutral factor in its analysis.

The fourth *O'Brien* factor is whether allowance of the claim would adversely impact the debtor actually or legally. Pro-Tec argues that there is no prejudice to Inacom created by the delay in litigating the disallowed Claim because the inquiry to be performed in a reconsideration of the Claim is straightforward. Pro-Tec further argues that Inacom is currently reconsidering other creditors' claims. Finally, Pro-Tec asserts that Inacom scheduled its Claim at the outset of the case, a claim that remained scheduled for more than a year after the Bankruptcy Court entered the Order disallowing the Claim. Inacom could not explain why Pro-Tec was listed on the Twenty-Ninth Amendment when Pro-Tec's claim was disallowed a year earlier, negating the need to amend the schedule with respect to Pro-Tec. Tr. at 32:10-20. Because Pro-Tec was still listed on the Twenty-Ninth Amendment, Pro-Tec contends that Inacom ascribed some validity to its claim. [FN4] While this may be true, this fact is not relevant to the court's analysis of whether allowance of the claim would adversely impact the debtor actually or legally. Regardless, the court finds that Inacom has not alleged that payment of the Claim would adversely impact it. Rather, Inacom alleges only that one of the policies underlying the *Pioneer* analysis is the value

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283599 (D.Del.)
(Cite as: 2004 WL 2283599 (D.Del.))

Page 5

of finality in judicial proceedings.

> FN4. At the hearing in the Bankruptcy Court, Inacom argued that it was irrelevant that Pro-Tec was listed on its Twenty-Ninth Amendment. The Bankruptcy Court agreed, acknowledging that "the debtors' 29th amendment is confusing. But, quite frankly, that was a year after the disallowance of this claim and I think it's essentially irrelevant to the issue of excusable neglect."

The Third Circuit has addressed Inacom's argument in contexts other than a bankruptcy proceeding. In *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653 (3d Cir.1982), the court held that "the cost of enforcing a judgment later vacated and the delay in realizing satisfaction on a claim 'rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment.'" ' *Id.* at 656-57. In *O'Brien*, the court highlighted, with approval, its decision in *Feliciano*, stating that "prejudice is not merely the loss of an advantageous position, but must be something more closely tied to the merits of the issue." *O'Brien*, 188 F.3d at 127. Thus, the court finds that the value of finality in judicial proceedings is not sufficient for a finding of prejudice. In addition, there is no evidence in the record showing that payment of Pro-Tec's Claim would adversely impact Inacom or affect the finality of Inacom's judicial proceedings. To the contrary, as previously noted, Inacom is still litigating disputed claims. However, even were there such a showing, the court cannot discern a reason why the rationale of the Court of Appeals would be inapposite merely because the scene has shifted to the bankruptcy court. Under the circumstances of this case, the court concludes that allowing the Claim would not adversely impact Inacom.

*6 The final *O'Brien* factor is whether allowance of the claim would open the floodgates to other future claims. The Bankruptcy Court determined that allowing Pro-Tec's Claim might subject Inacom to a large number of additional claims:

> I will observe that given the massive number of claims filed in this case and the equally massive number of objections that were filed with numerous exhibits attached to the objection, I really think that to allow this claim would potentially open the floodgates to hundreds of these applications being filed. And I think that would be a mistake at this very late stage of this case.

Tr. at 35:22-36:3. The court cannot agree. There is no evidence in the record that allowing the Claim

would cause a "flood" of motions. Although Inacom argues that it is inconceivable that at least a fraction of the creditors would not file motions for reconsideration if the appeal was granted, Inacom has not asserted that any other creditor whose claim was eliminated by default has filed a motion for reconsideration.

Considering all of the *O'Brien* factors, the court determines that Inacom would not be prejudiced by reconsidering Pro-Tec's Claim. Inacom was not surprised by, or unaware of, the Claim. Inacom is still litigating the value of many of its claims, and still litigating claims objections. Moreover, Inacom has not shown through evidence in the record that it will be adversely impacted if Pro-Tec's claim is reconsidered. Finally, Inacom has not alleged that any other creditor whose motion was denied by default has filed a motion for reconsideration. The court, therefore, finds that there is no prejudice to Inacom.

### 2. Length of Delay and Potential Impact on Judicial Proceedings

The court next considers the length of the delay and its impact on the judicial proceedings. The Bankruptcy Court found that "it would be a mistake" to allow the Claim because the case was at "a very late stage." While the Bankruptcy Court considered the delay's effect on the judicial proceedings, it did not "consider the length of the delay in absolute terms." *O'Brien*, 188 F.3d at 130. In the present case, Inacom filed the Objection on June 13, 2001. Pro-Tec did not respond. The Order disallowing the Claim issued on July 13, 2001. Pro-Tec still had not responded. Inacom's Twenty-Ninth Amendment was filed on July 22, 2002. Pro-Tec did not respond. [FN5] Inacom's Plan was confirmed on May 23, 2003, and, as of that time, there was still no response from Pro-Tec. Pro-Tec did not respond until February 2004, after it did not receive its expected distribution under the Plan. On April 2, 2004, Pro-Tec then filed its motion for reconsideration. Pro-Tec's motion was filed almost two years and ten months after the Objection, almost two years and nine months after the Order was served, and nine months after the Plan was confirmed. Pro-Tec argues that the length of the delay has no impact on the implementation of the Plan. Specifically, Pro-Tec asserts that Inacom is still litigating claims subject to the Objection and that creditors have been advised that distributions under the Plan are dependent on the claims resolution process. Pro-Tec also asserts that distributions to unsecured creditors are expected to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2283599 (D.Del.)
(Cite as: 2004 WL 2283599 (D.Del.))

Page 6

occur between June 2003 and June 2008, and will be adjusted depending on Inacom's progress in resolving the claims. Lastly, Pro-Tec argues that Inacom is partly responsible for the delay because of the time it took for Inacom to move through the confirmation process. Inacom's Plan was confirmed almost three years after Inacom filed its petitions.

FN5. Pro-Tec alleges that the Twenty-Ninth Amendment was not served on its counsel.

*7 Inacom argues that Pro-Tec's counsel's failure to respond, in and of itself, weighs in favor of denying the appeal. Inacom further argues that Pro-Tec's failure to respond after the Order warrants denying the appeal. In addition, Inacom argues that Pro-Tec should have attempted to contact Inacom to inquire about the Claim. Lastly, Inacom contends that the fact that it is still litigating and negotiating claims indicates that reconsidering Pro-Tec's Claim will delay closure of the case. The court agrees with Pro-Tec and finds Inacom's arguments unpersuasive. Nowhere in *Pioneer* or *O'Brien*, do the Supreme Court or the Third Circuit find that failure to respond, in and of itself, weighs in favor of denying the Claim. Additionally, there is no finding that the creditor must attempt to make contact with the debtor. When considering the delay's effect on the judicial proceedings in absolute terms, as *O'Brien* instructs, the court concludes that this *Pioneer* factor weighs in favor of Pro-Tec because Inacom is still litigating disputed claims and distributions to creditors are based on Inacom's progress in resolving the claims.

C. The Reason for the Delay

The Bankruptcy Court determined that the cause of the delay was in Pro-Tec's control, because it is undisputed that Pro-Tec's counsel received the Objection and read it, but missed the objection to Pro-Tec's Claim. The Bankruptcy Court found that Pro-Tec's neglect did not fall within the *Pioneer* standard for excusable neglect:

In looking at this document, I think it would probably take maybe 15 or 20 minutes for an informed person to review the document to find out if any of its clients were affected by the objection. And as I pointed out, your client's name and your name and address with the law firm is first item on Page 11, it's the first Exhibit E in the batch. And I don't see how you could miss it. But apparently you did miss it—I don't say you. someone in your office did, or they didn't even look at the document. And so I don't think that that falls within the *Pioneer* standard for excusable neglect.

Presumably it is neglect. Indeed, there's no basis for knowing what the young associate did, including the possibility that he lost the document before he ever looked at it or he just put it in a circular file and didn't look at it. Or that he was otherwise plain remiss in performing his duties.

Tr. at 35:3-17. It is clear in this case, that the delay was due to Pro-Tec's lack of care. However, the concept of excusable neglect clearly anticipates neglect on the part of the party seeking to be excused. See *Pioneer*, 507 U.S. at 388; *O'Brien*, 188 F.3d at 128. The court, therefore, must decide whether Pro-Tec's delay was excusable.

Pro-Tec urges the court to follow *Pioneer* and *O'Brien*, in which the Supreme Court and the Third Circuit held that the debtors' inadequate notice contributed to the creditors' delay. Pro-Tec argues that its delay in responding to the Objection was due in part to inadequate notice provided by Inacom. Pro-Tec asserts that Inacom's Objection contested approximately 412 claims spread over 96 pages plus exhibits A through H. Pro-Tec further asserts that the exhibits contained multiple lists, some of which were not in alphabetical order. Pro-Tec argues that this type of notice is ambiguous and that even though its counsel failed to find the objection to its Claim, Inacom is partly responsible, like the debtors in *Pioneer* and *O'Brien*. Inacom argues that Pro-Tec's comparison of the present case to the facts in *Pioneer* and *O'Brien* "misses the mark." The Bankruptcy Court recognized that there are multiple schedules within the various exhibits attached to the Objection, some of which were not in alphabetical order, but determined that Inacom's notice was adequate, noting that "your [Pro-Tec's counsel's] client's name and your name and address with the law firm is [the] first item on page 11, it is the first Exhibit E in the batch. And I don't see how you could miss it." Tr. at 35:6-9. The court agrees with the Bankruptcy Court and Inacom.

*8 The notice that Inacom provided Pro-Tec is distinguishable from the notice provided by the debtors in both *Pioneer* and *O'Brien* . In *Pioneer*, the Supreme Court held that the debtor's notice was inadequate because the bar date was placed in a notice regarding a creditors' meeting "without any indication of the significance of the bar date." *Pioneer*, 507 U.S. at 398. In *O'Brien*, the debtor gave notice in an application that was twelve pages long, consisting of twenty-four paragraphs. The three important paragraphs, which would provide notice to the contracting parties, were buried in the middle of the document and did not list the relevant contracting

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 7
Not Reported in F.Supp.2d, 2004 WL 2283599 (D.Del.)
(Cite as: 2004 WL 2283599 (D.Del.))

parties' names or claims. *O'Brien*, 188 F.3d at 129. The present case is distinguishable from *Pioneer* and *O'Brien* because Inacom's notice was not inconspicuous. Inacom provided notice in its Fifth Omnibus Objection to Claims. Unlike *Pioneer*, in which the bar date appeared in a notice of a creditors' meeting, the title of Inacom's document, which included the word "objection," should have alerted Pro-Tec that its Claim may be affected. Furthermore, unlike *O'Brien*, in which the contracting parties' names and claims were not provided in the relevant document, Pro-Tec's name and address and its counsel's name and address is the first item on Page 11 of the first Exhibit E. The court agrees with the Bankruptcy Court that "it would probably take maybe 15 or 20 minutes for an informed person to review the document to find out if any of its clients were affected by the objection." [FN6] Tr. at 35:4-6. The court finds that this *Pioneer* factor weighs in favor of Inacom.

> FN6. The court is not in accord, however, with the Bankruptcy Court's view that if the notice of objection to Pro-Tec's Claim had been on the second or third Exhibit E list, instead of the first, then it "might be excusable." Tr. at 26:3-6. This seems to suggest that Pro-Tec would have less responsibility for the delay if it had been in the middle of Exhibit E. However, as the Bankruptcy Court noted, "it would probably take maybe 15 to 20 minutes for an informed person to review the document to find out if any of its clients were affected by the objection." Tr. at 35:4-6. Thus, the court cannot see how Pro-Tec's inadvertence would be any more excusable if the notice had been on the second or third Exhibit E list.

**4. Good Faith**

The Bankruptcy court did not make any determination on the issue of whether Pro-Tec acted in good faith because Inacom acknowledged Pro-Tec's good faith at the April 20, 2004 hearing. In view of the agreement of the parties, the court finds that Pro-Tec and its counsel acted in good faith.

**V. CONCLUSION**

In the present case, the court cannot say that the Bankruptcy Court failed to apply the *Pioneer* factors. In light of the Bankruptcy Court's consideration and weighing of the facts, the court concludes that the

Bankruptcy Court engaged in a proper analysis under *Pioneer*. However, considering the *Pioneer* factors, the facts of the this case, and the equitable nature of excusable neglect, the court concludes that the Bankruptcy Court abused its discretion when it determined that Pro-Tec was not entitled to reconsideration of its Claim based upon excusable neglect. As the court in *Pioneer* observed, "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with ... good faith ... [of the appellant and its counsel], weigh strongly in favor of permitting the tardy claim." *Pioneer*, 507 U.S. at 398. In the present case, Pro-Tec has shown that there will be no prejudice to Inacom if its Claim is reconsidered, the delay's effect on judicial proceedings in absolute terms will not prejudice Inacom, and Pro-Tec has acted in good faith. The only *Pioneer* factor that weighs against Pro-Tec is the reason for the delay, for which Pro-Tec was fully responsible.

*9 The court, therefore, will reverse the Bankruptcy Court's ruling denying Pro-Tec reconsideration of its Claim and remand this case to the Bankruptcy Court for proceedings consistent with this opinion.

### ORDER
For the reasons stated in the court's Memorandum Opinion of this same date, IT IS HEREBY ORDERED that:
1. The April 20, 2004 decision of the Bankruptcy Court for the District of Delaware is REVERSED and REMANDED.

Not Reported in F.Supp.2d, 2004 WL 2283599 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.