# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

In re OWENS CORNING, *et al.*,

| | |
|---|---|
| INACOM CORP., and its related debtors, by and through Executive Sounding Board Associates, Inc. as Plan Administrator,<br><br>    Appellant,<br><br>  v.<br><br>Owens Corning, and its affiliated debtors and debtors in possession,<br><br>    Appellee. | Civil Action No. 05-852 (JPF)<br><br>Bankruptcy Case No. 00-3837<br><br><br>On Appeal from an Order of the United States Bankruptcy Court for the District of Delaware |

## APPENDIX TO OPENING BRIEF OF APPELLANT INACOM CORP., *ET AL.*

### APPENDIX TWO OF THREE

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
  & WEINTRAUB P.C.
Laura Davis Jones (Bar No. 2436)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Electronic Mail: ljones@pszyjw.com
     sselzer@pszyjw.com

Counsel for Appellant

# APPENDIX TO OPENING BRIEF OF APPELLANT INACOM CORP., *ET AL.*

## TABLE OF CONTENTS

### APPENDIX ONE

Page

Order Pursuant to Bankruptcy Rule 3003(c)(3): (i) Fixing General Claims
Bar Date for Filing Certain Proofs of Claim; (ii) Approving Proposed Proof
of Claim Form, General Claims Bar Date Notice and Related Publication
Notice Procedures; and (iii) Approving Proposed Employee and Retiree
Claims Notification Procedures ……………………………………………………A1

Notice of Entry of General Claims Bar Date Order Requiring the Filing
of Proofs of Claim …………………………………………………………………A44

Order Conditionally Approving the Disclosure Statement …………………………..A55

Inacom Corporation's Motion to Allow the Filing of a Proof of Claim
After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy
Rule 9006(B)(1) ..…………………………………………………………………A59

Motion of Debtors for Order, Pursuant to 11 U.S.C. § 1121(d), Granting
Further Extension of Exclusive Periods to File and Solicit Acceptances
of Plan of Reorganization …………………………………………………………..A185

Objection of Debtors to Inacom Corporation's Motion to Allow the Filing
of a Proof of Claim After the Deadline for Filing Proofs of Claim
Pursuant to Bankruptcy Rule 9006(B)(1) …………………………………………...A204

Inacom's Motion for Leave to File Reply to Objection of Debtors to
Inacom Corporation's Motion to Allow the Filing of a Proof of
Claim After the Deadline for Filing Proofs of Claim Pursuant to
Bankruptcy Rule 9006(B)(1) ………………………………………………………A226

Order, Pursuant to 11 U.S.C. § 1121(d), Further Extending the
Exclusive Periods During Which the Debtors May File Plans of
Reorganization and Solicit Acceptances Thereto …………………………………..A258

Order Denying Inacom Corporation's Motion to Allow the Filing
of a Proof of Claim After the Deadline for Filing Proofs of Claim
Pursuant to Bankruptcy Rule 9006(B)(1) ………………………………………..A260

DOCS_DE:114082.1

Page

Transcript of Motions Hearing Before the Honorable Judith K.
Fitzgerald on October 24, 2005 at 10:00 a.m. ...........................................A262

Order, Pursuant to 11 U.S.C. § 1121(d), Further Extending the
Exclusive Periods During Which the Debtors May File Plans of
Reorganization and Solicit Acceptances Thereto .......................................A324

Transcript of Proceedings Before the Honorable Judith K.
Fitzgerald on November 14, 2005 at 10:03 a.m. .......................................A330

Notice of Appeal ...........................................................................A392

Thirty-Eighth Omnibus (Substantive) Objection of Debtors
to Claims Pursuant to 11 U.S.C. Section 502(b) and
Bankruptcy Rule 3007 - Claims Improperly Asserted
Against One or More Debtors ...........................................................A397

Debtors' Motion to Strike Items Improperly Designated
by InaCom Corporation to be Included in the Record on Appeal
of Order Denying InaCom Corporation's Motion to Allow the
Filing of a Proof of Claim After the Deadline for Filing Proofs of
Claim Pursuant to Bankruptcy Rule 9006(b)(1) .......................................A464

Motion of Debtors for Order, Pursuant to 11 U.S.C. Section 1121(d),
Granting Further Extension of Exclusive Periods to File and
Solicit Acceptances of Plan of Reorganization ........................................A479

Pro-Tec Services, LLC v. Inacom Corp., et al.
(In re: Inacom Corp., et al.), Civ. A. 04-390-GMS,
2004 WL 2283599 (D. Del. Oct. 4, 2004) ...............................................A499

## APPENDIX TWO AND THREE

Disclosure Statement with Respect to Fifth Amended
Joint Plan of Reorganization for Owens Corning
and its Affiliated Debtors and Debtors-in-Possession (with Exhibits) ................A506

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| OWENS CORNING, et al., | ) | |
| | ) | Case No. 00-03837 (JKF) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

## DISCLOSURE STATEMENT WITH RESPECT TO FIFTH AMENDED JOINT PLAN OF REORGANIZATION FOR OWENS CORNING AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION

**SAUL EWING LLP**
Norman L. Pernick (I.D. # 2290)
J. Kate Stickles (I.D. # 2917)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6800

Charles O. Monk, II
Jay A. Shulman
Lockwood Place
500 E. Pratt Street
Baltimore, MD 21202
(410) 332-8600

Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-7777

Attorneys for the Debtors and
Debtors-in-Possession

**SIDLEY AUSTIN LLP**
James F. Conlan
Larry J. Nyhan
Jeffrey C. Steen
Dennis M. Twomey
Eric J. Pearson
1 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Attorneys for the Debtors and
Debtors-in-Possession

**COVINGTON & BURLING**
Mitchell F. Dolin
Anna P. Engh
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000

Special Insurance Counsel to Debtors
and Debtors-in-Possession

814526.7

Date 12/31/05
Docket # 16569

506

**KAYE SCHOLER LLP**
Andrew A. Kress
Jane W. Parver
Edmund M. Emrich
425 Park Avenue
New York, NY 10022
(212) 836-8000

**YOUNG CONAWAY**
**STARGATT & TAYLOR, LLP**
James L. Patton, Jr. (I.D. # 2202)
Edwin J. Harron (I.D. # 3396)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Attorneys for James J. McMonagle,
Legal Representative for Future Claimants


Dated as of: December 31, 2005

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
(212) 319-7125

Peter Van N. Lockwood
Julie W. Davis
One Thomas Circle, N.W.
Washington, D.C. 20005
(202) 862-5000

**CAMPBELL & LEVINE, LLC**
Marla Eskin (I.D. # 2989)
Mark T. Hurford (I.D. # 3299)
Kathleen Campbell Davis (I.D. #4229)
800 King Street
Wilmington, DE 19801
(302) 426-1900

Attorneys for the Official
Committee of Asbestos Claimants

814526.7

507

## TABLE OF CONTENTS

Page

PREFATORY SECTIONS

NOTICE WITH RESPECT TO INJUNCTIONS ............................................................................. i
DISCLAIMER ......................................................................................................................... ii
NOTE ON DEFINED TERMS .................................................................................................. iv
SUMMARY OF TREATMENT OF CLAIMS AND INTERESTS .....................................................v

I.      INTRODUCTION ........................................................................................................1
II.     PLAN VOTING INSTRUCTIONS AND PROCEDURES ...................................................2
        A.      Definitions.......................................................................................................2
        B.      Notice to Holders of Claims and Interests ......................................................2
        C.      Solicitation Package........................................................................................4
        D.      Voting Procedures, Ballots and Voting Deadline ...........................................4
        E.      Confirmation Hearing and Deadline for Objections to Confirmation .............5
III.    GENERAL INFORMATION CONCERNING THE DEBTORS.............................................5
        A.      History and Description of Business.................................................................5
        B.      Financial Structure of the Company at the Petition Date ...............................12
IV.     BACKGROUND OF ASBESTOS-RELATED LITIGATION..............................................19
        A.      Pre-Petition Claims Against OCD ..................................................................19
        B.      Pre-Petition Claims Against Fibreboard .......................................................19
        C.      National Settlement Program.........................................................................20
        D.      Establishment of Financial Reserves for Asbestos Liability; Estimation of
                Asbestos Liability .........................................................................................25
V.      CHAPTER 11 CASES.................................................................................................27
        A.      Events Leading to the Chapter 11 Filings.......................................................27
        B.      The Chapter 11 Filings...................................................................................29
        C.      Continuation of Business; Stay of Litigation..................................................29
        D.      Professionals Retained in the Chapter 11 Cases ..........................................30
        E.      "First Day" and Other Orders ........................................................................41
        F.      Significant Events During the Chapter 11 Cases............................................42
        G.      Avoidance Actions In the Chapter 11 Cases................................................105
VI.     FUTURE BUSINESS OF THE REORGANIZED DEBTORS ...........................................115
        A.      Structure and Business of the Reorganized Debtors......................................115
        B.      Board of Directors and Management of Reorganized Debtors.......................116
        C.      Terms of Certificate of Incorporation of Reorganized OCD.........................128
        D.      Projected Financial Information.....................................................................128
VII.    SUMMARY OF THE PLAN OF REORGANIZATION ...................................................130
        A.      Introduction..................................................................................................130
        B.      TREATMENT OF CLAIMS AND INTERESTS .................................................131
        C.      ACCEPTANCE OR REJECTION OF THE PLAN .............................................169
        D.      MEANS FOR IMPLEMENTATION OF THE PLAN..........................................171

814526.7

|      | E.   | TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED | |
|      |      | LEASES | 185 |
|      | F.   | PROVISIONS GOVERNING DISTRIBUTIONS | 189 |
|      | G.   | PROCEDURES FOR RESOLVING DISPUTED, CONTINGENT AND | |
|      |      | UNLIQUIDATED CLAIMS AND DISPUTED INTERESTS | 193 |
|      | H.   | THE ASBESTOS PERSONAL INJURY TRUST | 197 |
|      | I.   | FB ASBESTOS PROPERTY DAMAGE TRUST | 200 |
|      | J.   | CONDITIONS PRECEDENT TO CONFIRMATION AND | |
|      |      | CONSUMMATION OF THE PLAN | 204 |
|      | K.   | RETENTION OF JURISDICTION | 209 |
|      | L.   | MISCELLANEOUS PROVISIONS | 212 |
| VIII. | | THE ASBESTOS PERSONAL INJURY TRUST | 218 |
|      | A.   | General Description of the Asbestos Personal Injury Trust | 219 |
|      | B.   | Asbestos Personal Injury Trust Distribution Procedures | 224 |
|      | C.   | The Asbestos Personal Injury Permanent Channeling Injunction | 242 |
| IX.  | | THE FB ASBESTOS PROPERTY DAMAGE TRUST | 243 |
|      | A.   | General Description of the FB Asbestos Property Damage Trust | 243 |
|      | B.   | FB Asbestos Property Damage Claims Procedures | 247 |
|      | C.   | Injunction Channeling FB Asbestos Property Damage Claims | 249 |
| X.   | | THE LITIGATION TRUST | 249 |
|      | A.   | General Description of the Litigation Trust | 249 |
|      | B.   | Distributions of Litigation Trust Recoveries | 252 |
| XI.  | | REGISTRATION RIGHTS/RESTRICTIONS ON TRANSFERS OF CORPORATE | |
|      |      | SECURITIES AND CERTAIN CLAIMS | 252 |
| XII. | | APPLICABILITY OF FEDERAL AND OTHER SECURITIES LAWS | 253 |
|      | A.   | Offer and Sale of New OCD Securities Pursuant to the Plan: Bankruptcy Code | |
|      |      | Exemption from Registration Requirements | 253 |
|      | B.   | Subsequent Transfers of New OCD Securities | 253 |
| XIII. | | CERTAIN UNITED STATES FEDERAL INCOME TAX CONSEQUENCES | |
|      |      | OF THE PLAN | 256 |
|      | A.   | Federal Income Tax Consequences to the Debtors | 256 |
|      | B.   | Federal Income Tax Consequences to Claim Holders | 260 |
|      | C.   | Federal Income Tax Consequences to Holders of Class A12 Interests | |
|      |      | and Integrex Minority Interests | 266 |
|      | D.   | Importance of Obtaining Professional Tax Assistance | 267 |
|      | E.   | Reservation of Rights | 267 |
| XIV. | | FEASIBILITY OF THE PLAN AND BEST INTERESTS OF CREDITORS | 267 |
|      | A.   | Feasibility of the Plan | 267 |
|      | B.   | Acceptance of the Plan | 269 |
|      | C.   | Best Interests Test | 270 |
|      | D.   | Liquidation Analysis | 271 |
|      | E.   | Valuation of the Reorganized Debtors | 272 |
|      | F.   | Application of the "Best Interests" of Creditors Test to the | |
|      |      | Liquidation Analysis and the Valuation | 279 |
|      | G.   | Confirmation Without Acceptance of All Impaired Classes: "Cramdown" | 280 |

814526.7

509

XV.     CERTAIN RISK FACTORS TO BE CONSIDERED ....................................................281
        A.      Certain Factors Relating to the Chapter 11 Proceedings .....................................281
        B.      Certain Factors Relating to Securities to be Issued Pursuant to the Plan .............282
        C.      Certain Factors Relating to the Reorganized Debtors..........................................282
XVI.    ALTERNATIVES TO CONFIRMATION AND CONSUMMATION
        OF THE PLAN .................................................................................................285
        A.      Alternative Plan(s) of Reorganization or Liquidation ..........................................286
        B.      Liquidation Under Chapter 7 or Chapter 11 .......................................................286
XVII.   THE SOLICITATION; VOTING PROCEDURE.............................................................287
        A.      Parties in Interest Entitled to Vote....................................................................288
        B.      Classes Impaired under the Plan .......................................................................288
        C.      Waivers of Defects, Irregularities, etc. ...............................................................289
        D.      Withdrawal of Ballots; Revocation.....................................................................289
        E.      Further Information; Additional Copies ..............................................................289
XVIII.  RECOMMENDATION AND CONCLUSION.................................................................290

814526.7

NOTICE WITH RESPECT TO INJUNCTIONS

THE FIFTH AMENDED JOINT PLAN OF REORGANIZATION FOR OWENS CORNING AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION (THE "PLAN"), WHICH IS ATTACHED AS APPENDIX A TO THIS DISCLOSURE STATEMENT, CONTAINS AN ASBESTOS PERSONAL INJURY PERMANENT CHANNELING INJUNCTION UNDER 11 U.S.C. § 524(g). THE PLAN ALSO CONTAINS AN INJUNCTION UNDER 11 U.S.C. § 105, WHICH CHANNELS ALL ASBESTOS PROPERTY DAMAGE CLAIMS AGAINST FIBREBOARD CORPORATION, AN INJUNCTION UNDER 11 U.S.C. § 105 WITH RESPECT TO CLAIMS AGAINST CERTAIN INSURERS, AN INJUNCTION WITH RESPECT TO CLAIMS AGAINST RELATED PERSONS OF THE DEBTORS BY HOLDERS OF CLAIMS WHO VOTE IN FAVOR OF THE PLAN, AND AN INJUNCTION UNDER 11 U.S.C. § 105 WITH RESPECT TO CLAIMS AGAINST THE NON-DEBTOR, SUBSIDIARIES OF THE DEBTORS BY HOLDERS OF BANK HOLDER CLAIMS WHICH ARE INJUNCTIONS AGAINST CONDUCT NOT OTHERWISE ENJOINED UNDER THE BANKRUPTCY CODE. FOR A DESCRIPTION OF THE ACTS TO BE ENJOINED AND THE IDENTITY OF THE ENTITIES THAT WOULD BE SUBJECT TO EACH OF THESE INJUNCTIONS, SEE THE FOLLOWING SECTIONS OF THIS DISCLOSURE STATEMENT:

(1) THE ASBESTOS PERSONAL INJURY PERMANENT CHANNELING INJUNCTION: SECTION VIII.C OF THIS DISCLOSURE STATEMENT ENTITLED "THE ASBESTOS PERSONAL INJURY TRUST—THE ASBESTOS PERSONAL INJURY PERMANENT CHANNELING INJUNCTION" AND SECTION 5.15(b) OF THE PLAN;

(2) THE INJUNCTION CHANNELING FB ASBESTOS PROPERTY DAMAGE CLAIMS: SECTION IX.C OF THIS DISCLOSURE STATEMENT ENTITLED "THE FB ASBESTOS PROPERTY DAMAGE TRUST— INJUNCTION CHANNELING FB ASBESTOS PROPERTY DAMAGE CLAIMS" AND SECTION 3.4(e)(ii) OF THE PLAN;

(3) THE INJUNCTION WITH RESPECT TO CLAIMS AGAINST CERTAIN INSURERS: SECTION VII. D.14(d) OF THIS DISCLOSURE STATEMENT ENTITLED "INJUNCTION WITH RESPECT TO CLAIMS AGAINST CERTAIN INSURERS" AND SECTION 5.14(d) OF THE PLAN;

(4) THE INJUNCTION WITH RESPECT TO CLAIMS AGAINST RELATED PERSONS OF THE DEBTORS BY HOLDERS OF CLAIMS WHO SUBMIT A BALLOT AND DO NOT ELECT TO WITHHOLD CONSENT TO RELEASES OF THE RELEASED PARTIES BY MARKING THE APPROPRIATE BOX ON THE BALLOT: SECTION VII.J.2 OF THIS DISCLOSURE STATEMENT ENTITLED "CERTAIN RELEASES AND INJUNCTIONS UNDER THE PLAN — RELEASES BY HOLDERS OF CLAIMS AND INTERESTS" AND SECTION VII.D.14(c) ENTITLED "INJUNCTION RELATED TO RELEASES" AND SECTIONS5.14(b) AND 5.14(c) OF THE PLAN; AND

814526.7

i

(5) THE INJUNCTION UNDER 11 U.S.C. § 105 WITH RESPECT TO CLAIMS AGAINST THE NON-DEBTOR SUBSIDIARIES OF THE DEBTORS BY HOLDERS OF BANK HOLDER CLAIMS: SECTION 5.14(E) OF THE PLAN AND SECTION VII.D.14(e) ENTITLED "SUPPLEMENTARY SECTION 105(A) INJUNCTION."

## DISCLAIMER

THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT IS INCLUDED HEREIN FOR PURPOSES OF SOLICITING ACCEPTANCES OF THE FIFTH AMENDED JOINT PLAN OF REORGANIZATION FOR OWENS CORNING AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION (THE "PLAN"), FILED BY OWENS CORNING ("OCD") AND THOSE ENTITIES LISTED ON SCHEDULE I OF THE PLAN (COLLECTIVELY, THE "SUBSIDIARY DEBTORS" AND, TOGETHER WITH OCD, THE "DEBTORS"), JAMES J. MCMONAGLE, THE LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS ("FUTURE CLAIMANTS' REPRESENTATIVE"), AND THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS ("ASBESTOS CLAIMANTS' COMMITTEE") (THE DEBTORS, THE FUTURE CLAIMANTS' REPRESENTATIVE, AND THE ASBESTOS CLAIMANTS' COMMITTEE, COLLECTIVELY, THE "PLAN PROPONENTS"). THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN TO DETERMINE HOW TO VOTE ON THE PLAN. NO PERSON MAY GIVE ANY INFORMATION OR MAKE ANY REPRESENTATIONS, OTHER THAN THE INFORMATION AND REPRESENTATIONS CONTAINED IN THIS DISCLOSURE STATEMENT, REGARDING THE PLAN OR THE SOLICITATION OF ACCEPTANCES OF THE PLAN.

ALL CREDITORS ARE ADVISED AND ENCOURAGED TO READ THIS DISCLOSURE STATEMENT AND THE PLAN IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN. PLAN SUMMARIES AND STATEMENTS MADE IN THIS DISCLOSURE STATEMENT ARE QUALIFIED IN THEIR ENTIRETY BY REFERENCE TO THE PLAN AND THE EXHIBITS AND SCHEDULES ANNEXED TO THE PLAN AND THIS DISCLOSURE STATEMENT. THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT ARE MADE ONLY AS OF THE DATE HEREOF, AND THERE CAN BE NO ASSURANCE THAT THE STATEMENTS CONTAINED HEREIN WILL BE CORRECT AT ANY TIME BEFORE OR AFTER THE DATE HEREOF.

THIS DISCLOSURE STATEMENT HAS BEEN PREPARED IN ACCORDANCE WITH SECTION 1125 OF THE UNITED STATES BANKRUPTCY CODE, 11 U.S.C. §§ 101-1330 (AS AMENDED, THE "BANKRUPTCY CODE") AND RULE 3016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (THE "BANKRUPTCY RULES") AND NOT NECESSARILY IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER NON-BANKRUPTCY LAWS.

ii

EXCEPT WHERE SPECIFICALLY NOTED, THE FINANCIAL INFORMATION CONTAINED HEREIN HAS NOT BEEN AUDITED BY A CERTIFIED PUBLIC ACCOUNTING FIRM AND HAS NOT BEEN PREPARED IN ACCORDANCE WITH GENERALLY ACCEPTED ACCOUNTING PRINCIPLES.

THIS DISCLOSURE STATEMENT HAS NEITHER BEEN APPROVED NOR DISAPPROVED BY THE SECURITIES AND EXCHANGE COMMISSION (THE "SEC") OR THE SECURITIES REGULATORS OF ANY STATE, AND NEITHER THE SEC NOR ANY STATE REGULATORS HAS PASSED UPON THE ACCURACY OR ADEQUACY OF THE STATEMENTS CONTAINED HEREIN. PERSONS OR ENTITIES TRADING IN OR OTHERWISE PURCHASING, SELLING OR TRANSFERRING SECURITIES OF OR CLAIMS AGAINST OCD OR ANY OF THE SUBSIDIARY DEBTORS AND DEBTORS-IN-POSSESSION IN THESE CASES SHOULD EVALUATE THIS DISCLOSURE STATEMENT AND THE PLAN IN LIGHT OF THE PURPOSE FOR WHICH THEY WERE PREPARED.

AS TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS AND OTHER ACTIONS OR THREATENED ACTIONS, THIS DISCLOSURE STATEMENT SHALL NOT CONSTITUTE OR BE CONSTRUED AS AN ADMISSION OF ANY FACT OR LIABILITY, STIPULATION OR WAIVER, BUT RATHER AS A STATEMENT MADE IN SETTLEMENT NEGOTIATIONS. THIS DISCLOSURE STATEMENT SHALL NOT BE ADMISSIBLE IN ANY NON-BANKRUPTCY PROCEEDING NOR SHALL IT BE CONSTRUED TO BE CONCLUSIVE ADVICE ON THE TAX, SECURITIES OR OTHER LEGAL EFFECTS OF THE PLAN AS TO HOLDERS OF CLAIMS AGAINST, OR EQUITY INTERESTS IN, OCD OR ANY OF THE SUBSIDIARY DEBTORS AND DEBTORS-IN-POSSESSION IN THESE CASES.

THIS DISCLOSURE STATEMENT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT AT THIS TIME. A HEARING TO CONSIDER THE ADEQUACY OF THIS DISCLOSURE STATEMENT UNDER SECTION 1125 OF THE BANKRUPTCY CODE HAS BEEN SET BY THE BANKRUPTCY COURT FOR _____, 2006 AT _____, AS IT MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT. THE PLAN PROPONENTS RESERVE THE RIGHT TO MODIFY OR SUPPLEMENT THIS DISCLOSURE STATEMENT PRIOR TO AND UP TO THE TIME OF THE CONCLUSION OF SUCH HEARING.

513

## NOTE ON DEFINED TERMS

For purposes of this Disclosure Statement, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article I of the Plan, attached to the Disclosure Statement as Appendix A, except as expressly provided or unless the context clearly requires otherwise. Whenever the context requires, such meanings shall be equally applicable to both the singular and plural form of such terms, and the masculine gender shall include the feminine and the feminine gender shall include the masculine. Any term used in initially capitalized form in this Disclosure Statement that is not defined herein but that is used in the Bankruptcy Code shall have the meaning ascribed to such term in the Bankruptcy Code.

514

## DISCLAIMER

ALTHOUGH EVERY REASONABLE EFFORT WAS MADE TO BE ACCURATE, THE PROJECTIONS OF ESTIMATED RECOVERIES ARE ONLY AN ESTIMATE. ANY ESTIMATES OF CLAIMS OR INTERESTS IN THIS DISCLOSURE STATEMENT MAY VARY FROM THE FINAL AMOUNTS ALLOWED BY THE BANKRUPTCY COURT. AS A RESULT OF THE FOREGOING AND OTHER UNCERTAINTIES WHICH ARE INHERENT IN THE ESTIMATES, THE ESTIMATES OF RECOVERIES IN THIS DISCLOSURE STATEMENT MAY VARY FROM THE RECOVERIES RECEIVED. IN ADDITION, THE ABILITY TO RECEIVE DISTRIBUTIONS UNDER THE PLAN DEPENDS UPON THE ABILITY OF THE PLAN PROPONENTS TO OBTAIN CONFIRMATION OF THE PLAN AND MEET THE CONDITIONS TO CONFIRMATION AND EFFECTIVENESS OF THE PLAN, AS DISCUSSED IN THIS DISCLOSURE STATEMENT.

## SUMMARY OF TREATMENT OF CLAIMS AND INTERESTS
The estimated recoveries for each of the Classes is summarized as follows:

| CLASS | DESCRIPTION | TREATMENT | ESTIMATED ALLOWED CLAIMS (in millions) | ESTIMATED RECOVERY[1] |
|---|---|---|---|---|
| Unclassified Claims | DIP Facility Claims | N/A | $0 | 100% |
| Unclassified Claims | Administrative Claims | N/A | $45-50 (excluding Intercompany Claims) | 100% |
| Unclassified Claims | Priority Tax Claims | N/A | $64-99 | 100% |
| Classes A1 to U1 Claims | Other Priority Claims | Unimpaired | $.4-2.8 | 100% |
| Classes A2-A to U2-A Claims | Other Secured Tax Claims | Unimpaired | $3.4-3.7 | 100% |
| Classes A2-B to U2-B Claims | Other Secured Claims | Unimpaired | $9.5-9.8 | 100% |
| Classes A3 to U3 Claims | Convenience Claims | Impaired | $9 | 100% |
| Classes A4 to I4 Claims | Bank Holders Claims | See Estimated Recovery column | $1.467 billion (excluding (i) approximately $69 million of undrawn pre-petition letters of credit and (ii) certain pre-petition interest, subject to further reconciliation[2] | (i) if unimpaired, or if deemed impaired and the class accepts the Plan, 150.3% (includes post-petition interest at Base Rate plus 2%, calculated on a compounding basis (computed quarterly), plus accrued and unpaid post-petition letter of credit and facility fees), in the form of Cash; or (ii) if deemed impaired and the class rejects the Plan, an amount as determined by the Bankruptcy Court, in Cash and cash pay Senior Notes (in form and substance satisfactory to the Debtors). |
| Class A5 Claims | Bondholders Claims | Impaired | $1,389 | (i) if Class A5 and Class A6-B accept the Plan, 48.4% in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock; or (ii) if Class A5 or Class A6-B rejects the Plan, potentially 38.9% in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock. |

[1] Each of these estimated recovery amounts is based on the low end of the range of current estimates and these estimates remain subject to further changes. The actual recovery amounts will be based on a number of considerations set forth in the Plan which cannot be determined with certainty at this time. Moreover, the terms of the Plan will govern the actual recoveries for the various Classes.

[2] This estimate of Class A4 Claims represents the amount outstanding under the 1997 Credit Agreement as of the Petition Date, including certain amounts related to letters of credit drawn or expected to be drawn prior to the Effective Date, less the application of certain frozen funds. It does not include any amounts for post-petition interest or fees.

814526.7

vi

516

| Class A6-A Claims | OCD General Unsecured Claims | Impaired | $76.8-100.4 | (i) if Class A5 and Class A6-B accept the Plan, 41.3%, in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock; or (ii) if Class A5 or Class A6-B rejects the Plan, potentially 35.7%, in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock. |
|---|---|---|---|---|
| Class A6-B Claims | OCD General Unsecured/Senior Indebtedness Claims | Impaired | $207.1-213.6 | (i) if Class A5 and Class A6-B accept the Plan, 48.4% in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock; or (ii) if Class A5 or Class A6-B rejects the Plan, potentially 38.9% in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock. |
| Classes A7 and I7 Claims | OC Asbestos Personal Injury Claims (including administrative escrows) | Impaired | Class A7 Aggregate Amount equal to $7,000 less certain amounts described in the Plan | (i) if Class A5 or Class A6-B rejects the Plan, potentially 45.1% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock); or (ii) if Class A5 and Class A6-B accept the Plan, 42.8% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class B8 Claims | FB Asbestos Personal Injury Claims | Impaired | Class B8 Aggregate Amount equal to $3,200 | 49.0% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class B9 Claims | FB Asbestos Property Damage Claims | Impaired | $0-3.3 | 100% |
| Class B6 Claims | FB General Unsecured Claims | Impaired | $4.3 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class C6 Claims | ESI General Unsecured Claims | Impaired | $60.6-78.0 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class D6 Claims | Vytec General Unsecured Claims | Impaired | Not currently applicable* | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class E6 Claims | Soltech General Unsecured Claims | Impaired | $1.4-1.6 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |

* As Vytec, OC Sweden, and IPM have not filed under Chapter 11 as of the date of the Plan, the classification and treatment provisions described herein are presently for illustrative purposes, and shall only apply in the event that such entities file for bankruptcy prior to the Confirmation Hearing.

| Class F6 Claims | OCFT General Unsecured Claims | Impaired | $.2 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
|---|---|---|---|---|
| Class G6 Claims | OC Sweden General Unsecured Claims | Impaired | Not currently applicable* | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class H6 Claims | IPM General Unsecured Claims | Impaired | Not currently applicable* | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class I6 Claims | Integrex General Unsecured Claims | Impaired | $4.3-4.7 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class J6 Claims | CDC General Unsecured Claims | Impaired | $.5 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class K6 Claims | OCHT General Unsecured Claims | Impaired | $.8 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class L6 Claims | OC Remodeling General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class M6 Claims | Engineered Yarns General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class N6 Claims | Falcon Foam General Unsecured Claims | Impaired | $.1-.8 | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class O6 Claims | HOMExperts General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class P6 Claims | Professional Services General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class Q6 Claims | Testing Systems General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class R6 Claims | Supply Chain Solutions General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class S6 Claims | Ventures General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
| Class T6 Claims | Jefferson Holdings General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |

| Class U6 Claims | OC Overseas General Unsecured Claims | Impaired | de minimis | 100% (in the form of approximately 16.2% Cash and 83.8% New OCD Common Stock) |
|---|---|---|---|---|
| Class A10 Claims | OCD Intercompany Claims | Impaired | $2,563 | N/A[3] |
| Class B10 Claims | FB Intercompany Claims | Impaired | $763 | N/A |
| Class C10 Claims | ESI Intercompany Claims | Impaired | $678 | N/A |
| Class D10 Claims | Vytec Intercompany Claims | Impaired | Not currently applicable* | N/A |
| Class E10 Claims | Soltech Intercompany Claims | Impaired | $58 | N/A |
| Class F10 Claims | OCFT Intercompany Claims | Impaired | $511 | N/A |
| Class G10 Claims | OC Sweden Intercompany Claims | Impaired | Not currently applicable* | N/A |
| Class H10 Claims | IPM Intercompany Claims | Impaired | Not currently applicable* | N/A |
| Class I10 Claims | Integrex Intercompany Claims | Impaired | $318-1,151 | N/A |
| Class J10 Claims | CDC Intercompany Claims | Impaired | $.4 | N/A |
| Class K10 Claims | OCHT Intercompany Claims | Impaired | $6.5 | N/A |
| Class L10 Claims | OC Remodeling Intercompany Claims | Impaired | $1.7 | N/A |
| Class M10 Claims | Engineered Yarns Intercompany Claims | Impaired | de minimis | N/A |
| Class N10 Claims | Falcon Foam Intercompany Claims | Impaired | de minimis | N/A |
| Class O10 Claims | HOMExperts Intercompany Claims | Impaired | de minimis | N/A |
| Class P10 Claims | Professional Services Intercompany Claims | Impaired | de minimis | N/A |
| Class Q10 Claims | Testing Systems Intercompany Claims | Impaired | de minimis | N/A |
| Class R10 Claims | Supply Chain Solutions Intercompany Claims | Impaired | de minimis | N/A |
| Class S10 Claims | Ventures Intercompany Claims | Impaired | de minimis | N/A |
| Class T10 Claims | Jefferson Holdings Intercompany Claims | Impaired | de minimis | N/A |
| Class U10 Claims | OC Overseas Intercompany Claims | Impaired | de minimis | N/A |
| Class A11 Claims | OCD Subordinated Claims | Impaired | $277 | 0% |
| Class A12 Interests | OCD Interests | Impaired | N/A | Cancelled and Extinguished |
| Class B12 Interests | FB Interests | Unimpaired | N/A | Retained |
| Class C12 Interests | ESI Interests | Unimpaired | N/A | Retained |
| Class D12 Interests | Vytec Interests | Unimpaired | N/A | Retained |
| Class E12 Interests | Soltech Interests | Unimpaired | N/A | Retained |
| Class F12 Interests | OCFT Interests | Unimpaired | N/A | Retained |
| Class G12 Interests | OC Sweden Interests | Unimpaired | N/A | Retained |
| Class H12 Interests | IPM Interests | Unimpaired | N/A | Retained |
| Class I12 Interests | Integrex Interests | Impaired | N/A | Cancelled and Extinguished |

[3] The holders of Allowed Intercompany Claims in Classes A10 through U10 will be credited with value in the amounts set forth in the Plan. Accordingly, holders of such Allowed Intercompany Claims will not receive actual distributions of Cash or New OCD Common Stock on account of such Claims.

519

| Class J12 Interests | CDC Interests | Unimpaired | N/A | Retained |
|---|---|---|---|---|
| Class K12 Interests | OCHT Interests | Unimpaired | N/A | Retained |
| Class L12 Interests | OC Remodeling Interests | Unimpaired | N/A | Retained |
| Class M12 Interests | Engineered Yarns Interests | Unimpaired | N/A | Retained |
| Class N12 Interests | Falcon Foam Interests | Unimpaired | N/A | Retained |
| Class O12 Interests | HOMExperts Interests | Unimpaired | N/A | Retained |
| Class P12 Interests | Professional Services Interests | Unimpaired | N/A | Retained |
| Class Q12 Interests | Testing Systems Interests | Unimpaired | N/A | Retained |
| Class R12 Interests | Supply Chain Solutions Interests | Unimpaired | N/A | Retained |
| Class S12 Interests | Ventures Interests | Unimpaired | N/A | Retained |
| Class T12 Interests | Jefferson Holdings Interests | Unimpaired | N/A | Retained |
| Class U12 Interests | OC Overseas Interests | Unimpaired | N/A | Retained |

**THE PLAN PROPONENTS BELIEVE THAT THE PLAN PROVIDES THE BEST RECOVERIES POSSIBLE FOR HOLDERS OF CLAIMS AGAINST THE DEBTORS AND THUS <u>STRONGLY RECOMMEND</u> THAT YOU VOTE TO <u>ACCEPT</u> THE PLAN.**

814526.7

x

520

## I.     INTRODUCTION

Owens Corning, a Delaware corporation ("<u>OCD</u>"), certain of its direct and indirect Subsidiaries that are also debtors and debtors-in-possession (the "<u>Subsidiary Debtors</u>" and, together with OCD, the "<u>Debtors</u>") in the reorganization cases (the "<u>Chapter 11 Cases</u>") under Chapter 11 of the Bankruptcy Code ("<u>Chapter 11</u>"), James J. McMonagle, the Legal Representative for Future Claimants (the "<u>Future Claimants' Representative</u>"), and the Official Committee of Asbestos Claimants (the "<u>Asbestos Claimants' Committee</u>") (the Debtors, the Future Claimants' Representative, and the Asbestos Claimants' Committee, collectively, the "<u>Plan Proponents</u>") submit this disclosure statement (the "<u>Disclosure Statement</u>") pursuant to Section 1125 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for use in the solicitation of votes on the Fifth Amended Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-in-Possession, dated as of December 31, 2005 (the "<u>Plan</u>"), as it may be further amended from time to time in accordance with its terms and in accordance with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, proposed by the Plan Proponents and filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"). The steering committee of Bank Holders (the "<u>Steering Committee</u>") supports the Plan, pursuant to the terms of the letter, dated December 30, 2005, appended to the Disclosure Statement as <u>Appendix K</u>. A copy of the Plan is attached as <u>Appendix A</u> to this Disclosure Statement.

This Disclosure Statement sets forth certain information regarding the Debtors' operating and financial history prior to October 5, 2000, the Petition Date, the reasons for seeking protection and reorganization under Chapter 11, significant events that have occurred since the Chapter 11 Cases were commenced, and the anticipated organization, operations and financing of the Debtors upon emergence from Chapter 11 (the "<u>Reorganized Debtors</u>"). This Disclosure Statement also describes certain terms and provisions of the Plan, including certain alternatives to the Plan, certain effects of confirmation of the Plan, certain risk factors associated with securities to be issued under the Plan, and the manner in which distributions will be made under the Plan. In addition, this Disclosure Statement discusses the confirmation process and the voting procedures that holders of Claims entitled to vote under the Plan must follow for their votes to be counted.

Unless otherwise noted herein, all dollar amounts provided in this Disclosure Statement and in the Plan are given in United States dollars.

FOR A DESCRIPTION OF THE PLAN AND VARIOUS RISKS AND OTHER FACTORS PERTAINING TO THE PLAN, PLEASE <u>SEE</u> SECTION VII OF THIS DISCLOSURE STATEMENT, ENTITLED "SUMMARY OF THE PLAN OF REORGANIZATION," AND SECTION XV OF THIS DISCLOSURE STATEMENT, ENTITLED "CERTAIN RISK FACTORS TO BE CONSIDERED."

ALTHOUGH THE PLAN PROPONENTS BELIEVE THAT THE SUMMARIES OF THE PLAN AND RELATED DOCUMENT SUMMARIES ARE FAIR AND ACCURATE, SUCH SUMMARIES ARE QUALIFIED TO THE EXTENT THAT THEY DO NOT SET FORTH THE ENTIRE TEXT OF SUCH DOCUMENTS OR STATUTORY PROVISIONS. FACTUAL INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS

814526.7

BEEN PROVIDED BY THE DEBTORS' MANAGEMENT, EXCEPT WHERE OTHERWISE SPECIFICALLY NOTED. THE PLAN PROPONENTS DO NOT WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN, INCLUDING THE FINANCIAL INFORMATION, IS WITHOUT ANY MATERIAL INACCURACY OR OMISSION.

**THE PLAN PROPONENTS BELIEVE THAT THE PLAN WILL ENABLE THE DEBTORS TO SUCCESSFULLY REORGANIZE AND ACCOMPLISH THE OBJECTIVES OF CHAPTER 11 AND THAT ACCEPTANCE OF THE PLAN IS IN THE BEST INTERESTS OF THE DEBTORS AND THE HOLDERS OF CLAIMS AND INTERESTS. THE PLAN PROPONENTS URGE ALL HOLDERS OF CLAIMS WHOSE VOTES ARE BEING SOLICITED TO VOTE TO ACCEPT THE PLAN.**

**NOTHING CONTAINED HEREIN SHALL BE DEEMED TO CONSTITUTE AN ADMISSION OF ANY FACT OR LIABILITY BY ANY PARTY, BE ADMISSIBLE IN ANY NON-BANKRUPTCY PROCEEDING INVOLVING THE DEBTORS OR ANY OTHER PARTY, OR BE DEEMED CONCLUSIVE ADVICE ON THE TAX OR OTHER LEGAL EFFECTS OF THE REORGANIZATION AS TO HOLDERS OF ALLOWED CLAIMS OR INTERESTS. YOU SHOULD CONSULT YOUR PERSONAL COUNSEL OR TAX ADVISOR ON ANY QUESTIONS OR CONCERNS RESPECTING TAX, SECURITIES, OR OTHER LEGAL CONSEQUENCES OF THE PLAN.**

## II.    PLAN VOTING INSTRUCTIONS AND PROCEDURES

### A.    Definitions

All capitalized terms used herein and not otherwise defined herein have the meanings given to them in Article I of the Plan, which is attached hereto as Appendix A, if defined in the Plan, except as expressly provided or unless the context clearly requires otherwise. Whenever the context requires, such meanings shall be equally applicable to both the singular and plural form of such terms, and the masculine gender shall include the feminine and the feminine gender shall include the masculine. Any term used in initially capitalized form in this Disclosure Statement that is not defined herein but that is used in the Bankruptcy Code shall have the meaning ascribed to such term in the Bankruptcy Code. Additionally, the rules of construction contained in Section 102 of the Bankruptcy Code apply to the construction of this Disclosure Statement.

### B.    Notice to Holders of Claims and Interests

This Disclosure Statement is being transmitted to holders of Impaired Claims that are entitled under the Bankruptcy Code to vote on the Plan, as well as other parties. See Section XVII of this Disclosure Statement entitled "The Solicitation; Voting Procedure" for a description of the Classes of Claims that are entitled to vote on the Plan. Holders of Interests do not receive any distributions under the Plan on account of their Interests, are deemed to have rejected the Plan and are not entitled to vote on the Plan. The primary purpose of this Disclosure Statement is to provide adequate information to enable holders of Claims against the Debtors to make a reasonably informed decision whether to vote to accept or reject the Plan.

814526.7                              2