# EXHIBIT "B"

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) |  |
|  | ) | Chapter 11 |
| OWENS CORNING, et al. | ) |  |
|  | ) | Case No. 00-03837 (JKF) |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: March 27, 2006, 10:00 am EST** |
|  | ) | **Objection Date: March 10, 2006, 4:00 pm EST** |
|  | ) |  |

### NOTICE OF MOTION OF CROWN METALS FOR ENTRY OF AN ORDER EXTENDING THE TIME WITHIN WHICH CROWN METALS MAY FILE A PROOF OF CLAIM

TO:    See attached service list.

Crown Metals has filed a Motion For Entry of an Order Extending the Time Within Which Crown Metals May File a Proof of Claim.

You are required to file a response to the attached motion on or before 4:00 pm on March 10, 2006, prevailing Eastern Time.

At the same time, you must also serve a copy of the response upon movant's attorneys:

Brett D. Fallon
Thomas M. Horan
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

    -and-

Alan M. Grochal
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

HEARING ON THE MOTION WILL BE HELD ON MARCH 27, 2006 AT 10:00 AM PREVAILING EASTERN TIME, IN WILMINGTON, DELAWARE.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

DKT. NO. 16751

DT. FILED 1|20|06

DATED: January 20, 2006                    MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                                           _____
                                           Brett D. Fallon (# 2480)
                                           Thomas M. Horan (# 4641)
                                           222 Delaware Avenue, 10th Floor
                                           P.O. Box 2306
                                           Wilmington, Delaware 19899-2306
                                           Telephone: (302) 888-6800
                                           Facsimile: (302) 571-1750
                                           E-Mail: bfallon@morrisjames.com
                                           E-Mail: thoran@morrisjames.com

                                                        -and-

                                           Alan M. Grochal
                                           Tydings & Rosenberg LLP
                                           100 East Pratt Street, 26th Floor
                                           Baltimore, MD 21202
                                           Telephone: (410) 752-9715
                                           Facsimile: (410) 727-5460
                                           E-Mail: agrochal@tydingslaw.com

                                           *Attorneys for Crown Metals*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| OWENS CORNING, et al. | ) | |
| | ) | Case No. 00-03837 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: March 27, 2006, 10:00 am EST** |
| | ) | **Objection Date: March 10, 2006, 4:00 pm EST** |
| | ) | |
| | ) | |

### MOTION OF CROWN METALS FOR ENTRY OF AN ORDER EXTENDING THE TIME WITHIN WHICH CROWN METALS MAY FILE A PROOF OF CLAIM

Crown Metals, by its undersigned counsel, files this motion for entry of an Order extending the time within which Crown Metals may file a proof of claim for cause, pursuant to Bankruptcy Rules 3003(c)(3) and 9006(b)(1) (the "Motion"), and in support thereof, states as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue in this case and the Motion in this district is proper pursuant to 28 U.S.C. § 1409.

3.    The statutory predicate for the relief sought herein is 11 U.S.C. § 501 and Fed. R. Bankr. P. 3003(c)(3) and 9006(b)(1).

4.    This is a case matter pursuant to 28 U.S.C. § 157 (b)(2)(B).

1340123/1

**Factual Background**

5.      On October 5, 2000, Owens Corning and various related parties filed Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "Petition Date"), and since that time have been operating their businesses as Debtors-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.      On November 14, 2000, Crown Metals had its counsel enter its appearance in this case (D.I. 347). A copy of the entry of appearance is attached hereto as "Exhibit A".

7.      On December 31, 2005, the Debtors filed their Fifth Amended Joint Plan of Reorganization (D.I. 16569).

8.      As of the Petition Date, there was due and owing by the Debtors to Crown Metals the sum of $268,116.25. A summary of the invoices and the invoices themselves reflecting this claim are attached hereto as "Exhibit B".

9.      The Crown Metals' claim was subsequently reduced by a critical vendor payment in the amount of $134,000. A copy of the agreement between Owens Corning and Crown Metals pertaining to the critical vendor payment is attached hereto as "Exhibit C". After reducing the original claim for this payment, there remained a balance due and owing to Crown Metals by the Debtors of $134,116.25.

10.      On or about November 27, 2001, this Court entered an Order pursuant to Bankruptcy Rule 3003(c)(3) fixing a general claims bar date of April 15, 2002 (D.I. 3673).

11.      In order to comply with the Order setting bar date, counsel for Crown Metals prepared a proof of claim in the amount of $134,116.25. A copy of the proof of claim form is attached hereto as "Exhibit D".

12.      Counsel for Crown Metals has no present recollection as to whether the proof of

2

claim form was sent to the claims agent or the Clerk of this Court, but upon information and belief, as set forth in the Affidavit of Alan M. Grochal, attached hereto as "Exhibit E", the proof of claim was mailed to the Clerk's Office and either never received or misplaced by the Clerk.

13.    On or about January 12, 2006, Crown Metals was approached concerning selling its claim. This event caused Crown Metals' counsel to become aware of the fact that it never received a time-stamped copy of the filed proof of claim.

14.    At the request of Crown Metals, counsel for the Debtors has undertaken an investigation and has informed the undersigned that the claims agent has no record of having received a proof of claim on behalf of Crown Metals.

15.    The Debtors' schedule lists Crown Metals as having an unsecured unliquidated claim in the amount of $133,699.95.

**Relief Requested**

16.    As set forth in Exhibit E above, Crown Metals believes that it inadvertently mailed its proof of claim form to the Clerk of this Court and that said claim was apparently either never received or misplaced by the Clerk. In such circumstances, Crown Metals respectfully requests that cause exists to permit the late filing of its proof of claim.

17.    Pursuant to Rule 3003(c)(3), a court "...for cause shown may extend the time within which proofs of claim or interests may be filed..." Rule 3003(c)(3).

18.    Rule 9006(b)(1) of the Rules of Bankruptcy Procedure, further governs the computation, enlargement and reduction of periods of time prescribed in the Bankruptcy Rules, permitting a Bankruptcy Court to extend the time of filing a proof of claim after the time has expired, when the "failure to act was the result of excusable neglect". Rule 9006(b); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382 (1993); Chemetron

1340123/1

Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995).

19.    In Pioneer, the Supreme Court emphasized that determining whether a party's neglect of a deadline was excusable is, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer 507 U.S. at 395; Chemetron 72 F. 3d at 349.

20.    Under Pioneer, courts look to four factors: first, prejudice to the Debtors; second, length of delay and its potential impact on judicial proceedings; third, the reason for the delay, including whether it was within the reasonable control of the movant, and; fourth, whether the movant acted in good faith. Pioneer, 507 U.S. at 395. Crown Metals submits that the Pioneer factors weigh heavily in its favor as follows:

(a)    **Prejudice to the Debtors.** Although this proceeding has been pending for more than five (5) years, the Debtors have yet to confirm a plan and therefore no payments have been made to unsecured creditors such as Crown Metals. Although the Debtors recently filed a Fifth Amended Joint Plan of Reorganization, it does not appear to be a consensual plan and ultimately there may be competing plans in this case. Moreover, the asserted claim is in the amount of approximately $134,000. In the instant case, where there are roughly $10 billion in unsecured claims, this claim is statistically insignificant. Finally, the scheduled claim for Crown Metals in this case, although listed as "unliquidated," is within several hundred dollars of the amount of the claim that Crown Metals seeks to file at this time. In such circumstances, the Debtors can establish no actual prejudice.

(b)    **Length of Delay and Impact on Judicial Proceedings.** Although the claim bar date ran in April 2002, and this request is being made more than three (3) years later, as noted above, on December 31, 2005, the Debtors filed their Fifth Amended Joint Plan of

4

Reorganization. Accordingly, although there have been extensive proceedings over the past five (5) years in this case, prepetition unsecured creditors are in the identical position that they were in April 2002—awaiting an initial distribution. Although Crown Metals seeks to file the proof of claim three years after the bar date, this factor, on its own, "is not dispositive of whether a movant's neglect is excusable. The significance of delay, as well as each of the other Pioneer factors, will depend on the circumstances surrounding it." In re Agway, 313 B.R. 22, 29 (N.D.N.Y. 2003). Therefore, notwithstanding the passage of time, allowing Crown Metals to file its proof of claim out of time will have no impact whatsoever on the judicial proceedings.

(c)    **Reason for the Delay.** As set forth in Exhibit E, counsel prepared and executed a proof of claim on behalf of Crown Metals that reflected the amount of its prepetition claim reduced by the critical vendor payment. The original executed proof of claim was apparently mailed to the Clerk of this Court. Crown Metals was therefore under the belief that it had complied with the claims bar date by filing a proof of claim, and it was only when various claims traders approached Crown Metals regarding purchasing the claim, that Crown Metals became aware of the fact that the Claims Agent in this case had no record of having received it. Based upon this good faith belief that a claim had in fact been filed, Crown Metals took no further action.

(d)    **Movant's Good Faith.** As discussed previously, Crown Metals believes that it had in fact filed a proof of claim form prior to the bar date, which claim was apparently either never received or misplaced by the Clerk. Upon learning in January 2006 that the claims agent had no record of receiving the claim, Crown Metals immediately undertook an investigation and has promptly thereafter filed the instant Motion.

5

21.   Alternatively, Crown Metals should be permitted to file a formal claim at this time under the doctrine of informal claims. Under the doctrine of informal claims, if a creditor puts the Debtor on notice of an intent to assert a claim prior to the bar date, then that creditor is permitted to file a formal proof of claim subsequent to the bar date which relates back in time to prior to the bar date. As the Third Circuit recently noted, it has recognized the validity of informal proofs of claim for nearly one-hundred years. See Hefta v. Official Comm. of Unsecured Creditors, American Classic Voyages Co. (In re American Classic Voyages Co.), 405 F.3d 127 (3d Cir. 2005) (citing In re Thompson, 227 F. 981, 984 (3d Cir. 1915); see also Agassi Enters., Inc. v. Planet Hollywood Int'l, Inc., 269 B.R. 543, 550 (D. Del. 2001) (creditors' objections to debtor's motion to assume contracts constitute informal proof of claim); In re Joseph P. Petrucci, 256 B.R. 704, 706 (Bankr. D.N.J. 2001) (a creditor's adversary complaint constitutes an informal proof of claim); Hatzel & Buehler Inc. v. Station Plaza Assocs., L.P., 150 B.R. 560, 561 (Bankr. D. Del. 1993)  In Hefta, the Court stated that an informal proof of claim must (1) be in writing; (2) contain a demand by the creditor on the estate; (3) express an intent to hold the debtor liable for the debt; (4) be filed with the bankruptcy court; and (5) be justified in light of the facts and equities of the case. Hefta, 405 F.3d at 130–31 (citing Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.), 227 F.3d 604, 609 (6th Cir.2000); Nikoloutsos v. Nikoloutsos (In re Nikoloutsos), 199 F.3d 233, 236 (5th Cir.2000); Clark v. Valley Fed. Sav. & Loan Ass'n. (In re Reliance Equities, Inc.), 966 F.2d 1338, 1345 (10th Cir.1992). In this case, Crown Metals believes that there are three events that either alone or taken together, constitute an informal claim. These events are as follows:

(a)   Prior to the claims bar date, Crown Metals had its counsel enter its appearance, thereby specifically advising this Court and all parties in interest that Crown Metals

6

was a creditor and would be looking to the Debtors for repayment.

(b)    There were negotiations between the Debtors and Crown Metals concerning a critical vendor payment. Pursuant to this Court's October 6, 2000 Order Authorizing the Payment of Critical Prepetition Trade Vendor Claims, Crown Metals entered into a letter agreement with Owens Corning that among other things, recited that the payment was in partial satisfaction of Crown Metals' claims, again putting the Debtors on notice of an intention to hold the Debtors liable for the remaining debt.

(c)    In March 2002, there were detailed negotiations between Crown Metals and the Debtors concerning Crown Metals' Reclamation claim. Again this was pursuant to an order of this Court related to reclamation procedures. These discussions, among other things, included the Debtors' preparation of a chart acknowledging all of Crown Metals' open invoices. While this chart was prepared in the context of whether a reclamation demand was timely made, it evidences the fact that the Debtors were well aware from these negotiations, of the existence of a claim in the approximate amount of $268,000. A copy of the Debtors' spreadsheet is attached to Exhibit E. Moreover, the fact that the Debtors scheduled Crown Metals as having an unliquidated claim in the amount of $133,699.95 evidences the fact that the Debtors had knowledge of this claim, such that invoking the informal claims doctrine will not in any manner prejudice the Debtors.

### Conclusion

For the foregoing reasons, Crown Metals prays that this Court enter an Order allowing the late filing of a proof of claim by Crown Metals based on excusable neglect. Alternatively, Crown Metals requests that its claim be permitted under the informal claims doctrine.

7

1340123/1

Dated: January 20, 2006           MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Brett D. Fallon, Esquire (#2480)
Thomas M. Horan, Esquire (#4641)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone:  (302) 888-6888
Facsimile:  (302) 571-1750
Email:  bfallon@morrisjames.com
Email:  thoran@morrisjames.com

                    -and

Alan M. Grochal
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone (410) 752-9715
*Attorneys for Crown Metals*

8

**EXHIBIT A**

Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | * | |
| OWENS CORNING, et al. | * | Bankruptcy No. 00-03837 (MFW) |
| | | (Chapter 11) |
| Debtors | * | Jointly Administered |
| | * | |

*******

### NOTICE OF ENTRY OF APPEARANCE AND REQUEST
### FOR SERVICE OF NOTICES AND OTHER PAPERS

**PLEASE TAKE NOTICE,** that the undersigned counsel hereby enters its

appearance on behalf of Crown Metals, a division of Almore Trading and Manufacturing

Company Limited, a creditor in the above-referenced case, and requests to be placed on the

Mailing Matrices filed by the Debtors, and that all notices given or required to be given in this

case, and all papers served or required to be served in this case, including, but not limited to,

chapter 11 plans, disclosure statements, orders, reports, pleadings, motions, applications,

petitions, requests, complaints or demands, be given to, and served upon, the undersigned

counsel at the address set forth below.

Alan M. Grochal
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone (410) 752-9715

Attorneys for Crown Metals, a division
of Almore Trading and Manufacturing
Company Limited

#229551

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this $\underline{14^{th}}$ day of November, 2000, a copy of the

foregoing Notice of Entry of Appearance and Request for Service of Notices and Other Papers,

was mailed, postage prepaid to all parties in interest listed on the attached matrix.


_____
Alan M. Grochal

#22955:                                        2

**EXHIBIT B**

# OWENS CORNING

| Invoce # | Ship date | Inv. Amt. | Check # | Check Date | Amount | Balance |
|---|---|---|---|---|---|---|
| 44968 | June 20/00 | $ 25,114.05 | 900590 | Nov.15/00 | $ 25,114.05 | $        - |
| 45464 | Sept.5/00 | $ 25,105.78 | 900590 | Nov.16/00 | $ 25,105.78 | $        - |
| 45474 | Sept.6/00 | $ 25,315.88 | 900590 | Nov.15/00 | $ 25,315.88 | $        - |
| 45490 | Sept.11/00 | $ 25,467.98 | 900590 | Nov.15/00 | $ 25,467.98 | $        - |
| 45491 | Sept.11/00 | $ 23,283.66 | 900590 | Nov.15/00 | $ 23,283.65 | $        - |
| 45512 | Sept.13/00 | $ 23,876.78 | 900590 | Nov.15/00 | $   9,712.66 | $ 14,164.12 |
| 45530 | Sept.18/00 | $ 23,350.28 | | | | $ 23,350.28 |
| 45550 | Sept.19/00 | $ 23,557.95 | | | | $ 23,557.95 |
| 45540 | Sept.19/00 | $ 24,595.15 | | | | $ 24,595.15 |
| 45573 | Sept.26/00 | $ 24,511.50 | | | | $ 24,511.50 |
| 45583 | Sept.25/00 | $ 23,937.25 | | | | $ 23,937.25 |
| | | $268,116.25 | | | $134,000.00 | $134,116.25 |



# CROWN METALS

serving Industry . . .

581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312

a division of almore trading & manufacturing company limited

44968

Nº **44968**
Jun 20 00

| SOLD TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 | SHIP TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br><br>23237 |
|---|---|---|---|

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
|  | 33339 | MCCONNELL | 81597-E | Jun 20 00 | Jun 21 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 42,930   LB | ALUMINUM MLC SCRAP | 0.5850   LB | 25,114.05 |
|  | GST |  | 0.00<br>0.00<br>0.00 |
|  | PLEASE PAY THIS AMOUNT | US FUNDS | 25,114.05 |

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP • FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R10016021

Nº 44968        ◀ SALES INVOICE



# CROWN METALS

serving industry . . .

581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312

a division of almore trading & manufacturing company limited

45464

№ 45464.00
Sep 5

| SOLD TO | SHIP TO |
|---|---|
| OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 |

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33774 | US EXPRESS | 84519-A | Sep 5 00 | Sep 6 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 44,435 LB | ALUMINUM PAINTED SIDING | 0.5650 LB | 25,105.78 |
| | GST | | 0.00<br>0.00<br>0.00 |
| | PLEASE PAY THIS AMOUNT | US FUNDS | 25,105.78 |

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.

INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE

GST #R100160217

№ 45464          ◀ SALES INVOICE



# CROWN METALS

**serving industry . . .**
581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312
**a division of elmore trading & manufacturing company limited**

45474

№ 45474
Sep 6 00

| SOLD TO | | SHIP TO | |
|---|---|---|---|
| OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 | | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 | |

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33793 | US EXPRESS | 84519-B | Sep 6 00 | Sep 7 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 43,275 LB | ALUMINUM MLC | 0.5850 LB | 25,315.88 |
| | GST | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | PLEASE PAY THIS AMOUNT | US FUNDS | 25,315.88 |

**Terms: Net 30 Days**
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100180217

№ 45474          ◀ SALES INVOICE



# CROWN METALS

serving industry . . .

581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312

a division of almore trading & manufacturing company limited

45490

N⁰ 45490 ₀₀
Sep 11 00

SOLD TO
OWENS-CORNING METALS
ATTN: ACCOUNTS PAYABLE D
1701 REYMET ROAD
RICHMOND, VIRGINIA
23237

SHIP TO
OWENS-CORNING METALS
ATTN: ACCOUNTS PAYABLE D
1701 REYMET ROAD
RICHMOND, VIRGINIA

23237

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33812 | US EXPRESS | R4519-D | Sep 11 00 | Sep 12 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 43,535  LB | ALUMINUM MLC SCRAP | 0.5850    LB | 25,467.98 |
| | GST | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | PLEASE PAY THIS AMOUNT | US FUNDS | 25,467.98 |

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100160217

N⁰ 45490        ◀ SALES INVOICE



# CROWN METALS

serving Industry . . .
581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312
a division of almore trading & manufacturing company limited

45491

№ 45401 00

| | | |
|---|---|---|
| SOLD TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 | SHIP TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 |

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33811 | SCHNEIDER | 84519-C | Sep 11 00 | Sep 12 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | | AMOUNT |
|---|---|---|---|---|
| 41,210  LB | ALUMINUM N/P PAINTED SIDING | 0.5650 | LB | 23,283.65 |
| | GST | | | 0.00 |
| | | | | 0.00 |
| | | | | 0.00 |
| | PLEASE PAY THIS AMOUNT | US FUNDS | | 23,283.65 |

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100160217

№ 45491                ◀ SALES INVOICE



# CROWN METALS

**Serving Industry . . .**

581 Rivermede Road, Concord, Ontario L4K 2G8 · Telephone (905) 669-4199 · Fax: (905) 669-9312

**a division of almore trading & manufacturing company limited**

45512

№ 45512
Sep 13 00

| SOLD TO | OWENS-CORNING METALS ATTN: ACCOUNTS PAYABLE D 1701 REYMET ROAD RICHMOND, VIRGINIA 23237 | SHIP TO | OWENS-CORNING METALS ATTN: ACCOUNTS PAYABLE D 1701 REYMET ROAD RICHMOND, VIRGINIA 23237 |
|---|---|---|---|

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
|  | 33833 | US EXPRESS | 84519-E | Sep 13 00 | Sep 14 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 40,815  LB | ALUMINUM MLC SCRAP | 0.5850   LB | 23,876.78 |
| | GST | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | PLEASE PAY THIS AMOUNT ▷ | US FUNDS | 23,876.78 |

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100160217

№ 45512          ◀ SALES INVOICE

# CROWN METALS

serving industry . . .

581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312

a division of almore trading & manufacturing company limited

45530

№ 45530₀₀
Sep 18 00

| SOLD TO | OWENS-CORNING METALS ATTN: ACCOUNTS PAYABLE D 1701 REYMET ROAD RICHMOND, VIRGINIA 23237 | SHIP TO | OWENS-CORNING METALS ATTN: ACCOUNTS PAYABLE D 1701 REYMET ROAD RICHMOND, VIRGINIA 23237 |

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33854 | SCHNEIDER | 84519-F | Sep 18 00 | Sep 19 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 39,915  LB | ALUMINUM MLC SCRAP | 0.5850   LB | 23,350.28 |
| | GST | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |

| | | PLEASE PAY THIS AMOUNT | US FUNDS | 23,350.28 |
|---|---|---|---|---|

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.

**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100160217

№ 45530          ◀ SALES INVOICE



# CROWN METALS

serving Industry . . .
581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312
a division of almore trading & manufacturing company limited

45550

№ 45550
Sep 19 00

| SOLD TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 | SHIP TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 |
|---|---|---|---|

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
|  | 33863 | SCHNEIDER | 84519-H | Sep 19 00 | Sep 19 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 40,270  LB | ALUMINUM MLC SCRAP | 0.5850    LB | 23,557.95 |
|  | GST | | 0.00 |
|  | | | 0.00 |
|  | | | 0.00 |
|  | PLEASE PAY THIS AMOUNT | US FUNDS | 23,557.95 |

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100160217

№ 45550          ◀ SALES INVOICE



# CROWN METALS

**serving industry . . .**

581 Rivermede Road, Concord, Ontario L4K 2G8 · Telephone (905) 669-4199 · Fax: (905) 669-9312

**a division of almore trading & manufacturing company limited**

45540

Nº 45540
Sep 19 00

| | |
|---|---|
| **SOLD TO** | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 |
| **SHIP TO** | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 |

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33859 | MGM | 84519-G | Sep 19 00 | Sep 20 00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 16,420  LB<br>26,530  LB | ALUMINUM MLC SCRAP<br>N/P ALUMINUM PAINTED SIDING SCRAP | 0.5850   LB<br>0.5650   LB | 9,605.70<br>14,989.45 |
| | GST | | 0.00<br>0.00<br>0.00 |
| | PLEASE PAY THIS AMOUNT | US FUNDS | 24,595.15 |

**Terms: Net 30 Days**
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100180217

Nº 45540          ◀ SALES INVOICE



# CROWN METALS

**serving Industry . . .**

581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312

**a division of almore trading & manufacturing company limited**

№ 45583
№ 45583

Sep 25 00

SOLD TO

OWENS-CORNING METALS
ATTN: ACCOUNTS PAYABLE D
1701 REYMET ROAD
RICHMOND, VIRGINIA
23237

SHIP TO

OWENS-CORNING METALS
ATTN: ACCOUNTS PAYABLE D
1701 REYMET ROAD
RICHMOND, VIRGINIA
23237

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33898 | SCHNEIDER | 84519 | Sept 25 | SEPT 26/00 |

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 41,630  LB | ALUMINUM PAINTED SIDING SCRAP | 0.5650   LB | 23,520.95 |
| | | s.b. 57.50¢ | 23,937.25 |
| | | | |
| | GST | | 23,937.25 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | PLEASE PAY THIS AMOUNT | US FUNDS | 23,520.95 |

GST #R100160217

Terms: Net 30 Days
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

№ 45583                    ◀ SALES INVOICE



# CROWN METALS

**serving industry . . .**

581 Rivermede Road, Concord, Ontario L4K 2G8 • Telephone (905) 669-4199 • Fax: (905) 669-9312

**a division of elmore trading & manufacturing company limited**

45573

№ 45573 00

| SOLD TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br>23237 | SHIP TO | OWENS-CORNING METALS<br>ATTN: ACCOUNTS PAYABLE D<br>1701 REYMET ROAD<br>RICHMOND, VIRGINIA<br><br>23237 |
|---|---|---|---|

| YOUR RECEIVING MEMO | OUR SHIPPING MEMO | SHIP VIA | PURCHASE ORDER NO. | DATE OF SHIPMENT | INVOICE DATE |
|---|---|---|---|---|---|
| | 33905 | SCHNEIDER | 84519-J | Sep 26 00 | Sep 28 00 |

| QUANTITY | | DESCRIPTION | UNIT PRICE | | AMOUNT |
|---|---|---|---|---|---|
| 41,900 | LB | ALUMINUM MLC SCRAP | 0.5850 | LB | 24,511.50 |
| | | GST | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | PLEASE PAY THIS AMOUNT | US FUNDS | 24,511.50 |

**Terms: Net 30 Days**
Overdue invoices subject to interest at 2% per month.
**INDUSTRIAL SCRAP - FERROUS & NON FERROUS - ALUMINUM WASTE**

GST #R100160217

№ 45573          ◄ SALES INVOICE

**EXHIBIT C**

Exhibit C



November 3, 2000


Crown Metals
581 Rivermeade Rd
Concord Canada  L4K2G8
Attn: Mike Horowitz

Dear Vendor:

As you are aware, on October 5, 2000 (the "Petition Date"), Owens Corning and certain of its subsidiaries (collectively, "Owens Corning" or the "Debtors"), each filed voluntary petitions for protection under chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.  Bankruptcy law provides that a debtor may not pay prepetition claims (i.e., claims for payments arising from goods delivered or services performed prior to the Petition Date) without Bankruptcy Court authority.  Such relief, if sought, is not always granted and is generally only granted when it is deemed to be "necessary" for the successful restructuring of the Debtor's business.



Recognizing how important certain vendors are to our business, contemporaneous with the bankruptcy filing, Owens Corning sought emergency relief in order to pay prepetition claims of its "critical" vendors. On October 6, 2000, the Bankruptcy Court entered an order (the "Critical Vendor Order") authorizing (but not requiring) Owens Corning to pay the prepetition claims of critical vendors up to an aggregate cap, so long as the relevant critical vendor agrees to continue to provide Owens Corning with the credit terms provided prepetition, or those that are otherwise agreed to with Owens Corning.

Because Owens Corning considers your company's continued support important to our operations, we have determined that your company is a "critical" vendor.  However, the total amount of prepetition claims from vendors that Owens Corning considers "critical" far exceed the aggregate cap established by the Court, and we are therefore unable to pay these claims in full.

Owens Corning will, however, pay your company $134,000.00 in partial satisfaction of any claims your company may hold against one or more of the Debtors for prepetition goods or services.  Your company will be entitled to later file a proof of claim in the bankruptcy case for the remainder of your prepetition claim that is not paid here.  As required by the Critical Vendor Order, by accepting this payment, your company agrees to continue to provide goods or services on the credit terms that are at least as favorable as those that existed immediately prior to the Petition Date.  Your company also agrees not to seek payment of these amounts from any sources (including, without limitation, Owens Corning customers) other than through the Owens Corning bankruptcy process.  In addition, the Critical Vendor Order also provides that if your company fails to continue to provide goods or services on the same credit terms after receiving the payment provided for hereunder, all such payments will be recoverable by Owens Corning immediately.

Lastly, you agree that the terms and conditions of this Letter, and each and every document and communication related to Owens Corning's payment to you as a critical vendor ("Confidential Information"), shall be confidential and you shall not produce, disclose or reveal this Letter or its terms to any person or entity other than your attorneys or accountants, and you shall not otherwise comment on the facts or the terms of the payment made hereunder to any other person or entity.  However, you shall not be considered to have breached your obligations under this paragraph for disclosing Confidential Information to satisfy any legal requirement of a competent government body provided that, immediately upon receiving any such request, you advise us promptly in order that we may interpose an objection to such disclosure or take such other action as we deem appropriate to protect the Confidential Information.  If you breach your confidentiality obligations, Owens Corning will actively pursue recovery of the payment paid to you hereunder.



Any payments provided for herein will be entire understanding of the parties and...
Corning receives from your company, a contract...
forth the entire understanding of the parties and...
and dealings between the parties hereto with respect to the subject matter...
understanding, oral or written, in any way purporting to modify the terms...
either party hereto unless contained in a written document expressly...
extension of this Letter and duly executed by both parties.

Please feel free to contact me at your earliest convenience to discuss this matter...
please have an authorized officer of your company make an election and sign...
below on behalf of your company. The offer contained herein shall remain...
time, on November 8, 2000. If Owens Corning does not receive a valid...
offer shall be deemed revoked. Please fax this signed agreement to Debbie...
878-1659.

Thank you for your anticipated cooperation in this regard. We look forward...
relationship between our respective companies.

Very truly yours,

Allan Garner

Acknowledged and agreed by:
**CROWN METALS**

By: _Crown metals_

Name: _Michael Horowtc — michael Horwg_

Title: _Metal Trader_

Date: _Nov. 8, 2000_

**EXHIBIT D**

FORM B10 (Official Form 10) (4/01)   EXHIBIT D

| United States Bankruptcy Court – **District of Delaware** | | |
|---|---|---|
| Name of Debtor<br>**Owens Corning, et al.** | Case Number<br>**00-03837** | |

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**Crown Metals** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>**Crown Metals**<br>**c/o Alan M. Grochal, Esquire**<br>**Tydings & Rosenberg, LLP**<br>**100 East Pratt Street, 26th Floor**<br>**Baltimore, MD 21202**<br><br>Telephone number:  **(410) 752-9700** | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here<br>if this claim  ☐ replaces  a previously filed claim dated:_____<br>☐ amends |
|---|---|

| 1. **Basis for Claim**<br>■ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other_____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>  Your SS #: _____<br><br>Unpaid compensation for services performed<br>from _____ to _____<br>  (date)              (date) |
|---|---|

| 2. **Date debt was incurred:** | 3. **If court judgment, date obtained:** |
|---|---|

4. **Total Amount of Claim at Time Case Filed:**    $____134,116.25_____

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>  ☐ Real Estate    ☐ Motor Vehicle<br>  ☐ Other _____<br><br>Value of Collateral:    $_____<br><br><br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____ | 6. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>  Amount entitled to priority $ _____<br>  Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to 4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C.§507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C.§507(a)(4)<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C.§507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C.§507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C.§507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C.§507(a)(___).<br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.<br>9. **Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| Date<br><br>1/21/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>_____<br>**Alan M. Grochal, Esquire** | |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**EXHIBIT E**

## EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | * | |
| OWENS CORNING, et al. | * | Bankruptcy No. 00-03837 (JKF) |
| | | (Chapter 11) |
| Debtors | * | Jointly Administered |
| | * | |

*******

## AFFIDAVIT OF ALAN M. GROCHAL

STATE OF MARYLAND

COUNTY OF BALTIMORE

    Alan M. Grochal, being duly sworn, deposes and states as follows:

    1.    I am an attorney admitted to practice in the State of Maryland and in the District of Columbia and am a member of the law firm of Tydings & Rosenberg LLP ("T&R"), which firm maintains its primary office for the practice of law at 100 East Pratt Street, Baltimore, Maryland 21202.

    2.    I am in charge of the Creditors' Rights Department at T&R and supervise five attorneys and one paralegal.

    3.    In November 2000, T&R was retained by Crown Metals to represent it as a pre-petition creditor in the Owens Corning Chapter 11 bankruptcy proceeding.

    4.    On November 8, 2000, I reviewed and approved a letter agreement between Owens Corning and Crown Metals with respect to a critical vendor payment in the amount of $134,000.

    5.    On or about November 14, 2000, I entered my appearance in the case on behalf of

#498382v.1

Crown Metals.

6.    In March 2002, I became involved in negotiations with Debtors' counsel concerning a reclamation claim by Crown Metals. These negotiations involved the exchange of various documents, including the Debtors' analysis of Crown Metals' open invoices, a copy of which is attached to this Affidavit as "Exhibit 1".

7.    On or about November 27, 2001, the undersigned received an Order pursuant to Bankruptcy Rule 3003(c)(3) fixing a general claims bar date of April 15, 2002 (the "Bar Date Order").

8.    All proofs of claim that T&R file for clients are handled by Cherita R. Martin ("Martin"), the paralegal in the Creditors' Right Department, and are supervised by one of the attorneys in the Creditors' Rights Department.

9.    T&R's standard procedures with respect to the filing of proofs of claim are (a): to obtain back-up documentation from the client; (b) to prepare the proof of claim; (c) to file the proof of claim along with an extra copy with a request that it be time-stamped and returned to Martin.

10.    Upon receipt of the Bar Date Order, the undersigned sought and obtained information from Crown Metals concerning the amount of its unpaid invoices and had Martin, prepare a proof of claim form.

11.    T&R's file reflects that Martin reviewed the documentation provided by Crown Metals and prepared the proof of claim.

12.    The file also reflects that on January 21, 2002, the undersigned executed a proof of claim reflecting the amounts due and owing by the Debtors to Crown Metals, net of the critical vendor payment.

13.    Upon information and belief, the original of this Proof of Claim and a copy were mailed by Martin, in accordance with the Creditors' Rights Department's standard procedures, to the Clerk of this Court. The undersigned has searched its file and has been unable to locate a time-stamped acknowledgment of the proof of claim.

14.    Upon information and belief, the proof of claim, a copy of which is attached hereto as "Exhibit 2" was either never received by the Clerk of the Court or was misplaced by the Clerk.

15.    On or about January 12, 2006, the undersigned learned from Crown Metals, in the context of an offer to purchase the claim of Crown Metals, that the claims agent has no record of a claim having been filed on behalf of Crown Metals.

16.    The undersigned contacted the Debtors' attorneys, and requested an investigation as to whether the claim was filed with the Clerk of the Court in lieu of being filed with the Claims Agent.

Alan M. Grochal
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone (410) 752-9715


I HEREBY CERTIFY, that on this 19th day of January, 2006, before me a Notary Public in and for the State aforesaid, personally appeared **ALAN M. GROCHAL** and acknowledged the foregoing Affidavit to be his act.

AS WITNESS, my hand and Notarial Seal.

Notary Public

My Commission Expires: 10/01/06

Exhibit 1



ADAM H. ISENBERG
Phone: (215) 972-8662
Fax: (215) 972-1853
aisenberg@saul.com
www.saul.com

March 4, 2002

**_FEDERAL EXPRESS_**

Alan M. Grochal, Esquire
Tydings & Rosenberg LLP
100 East Pratt Street
Baltimore, MD  21202

>     Re: Owens Corning, et al, Bankr. No. 00-03837 (MFW)

Dear Alan:

Per your request, please find enclosed a detailed analysis of the reclamation claim of Crown Metals, in connection with the Owens Corning bankruptcy cases.

Please note that most of Crown Metals' reclamation claim relates to goods delivered outside the reclamation period.  Only two invoices (numbers 45583 and 45573) appeared to have been received within the reclamation period; of these, most of the goods at issue were consumed.

Please let me know if you have any questions regarding this matter or if I can be of any further service.  Thank you.

Very truly yours,

Adam H. Isenberg

AHI/cts
Enclosure
cc:     Ms. Leslie Schott
        Mr. Mark Mayer

Centre Square West • 1500 Market Street, 38th Floor • Philadelphia, PA 19102-2186
Phone: (215) 972-7777 • Fax: (215) 972-7725

656950113/4/02 BALTIMORE    CHESTERBROOK    HARRISBURG    NEW YORK    PHILADELPHIA    PRINCETON    WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP

| Vendor | Invoice/Product Number/ Description | Amount Claimed | PO | Invoiced Shipped Date | Adjusted Amount | Reclaim level Date | Net Adjustment | Timely | QC Recvd Date Formulation(s/2)on | % of unconsumed product | Final $ amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Crown Metals | 44593 | $25,114.05 | 81597 | 09/20/00 | $ 25,114.05 | 10/1/00 $ | - | n | 06/12/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44564 | $25,105.78 | 84519 | 08/00/00 | $ 25,105.78 | 10/1/00 $ | - | n | 08/04/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44574 | $25,315.88 | 84519 | 08/07/00 | $ 25,315.88 | 10/1/00 $ | - | n | 08/08/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44560 | $25,467.08 | 84519 | 08/12/00 | $ 25,467.08 | 10/1/00 $ | - | n | 08/12/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44561 | $25,283.65 | 84519 | 08/12/00 | $ 23,283.65 | 10/1/00 $ | - | n | 08/12/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44612 | $23,676.78 | 84519 | 08/14/00 | $ 23,676.78 | 10/1/00 $ | - | n | 08/15/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44550 | $23,360.28 | 84519 | 08/16/00 | $ 23,360.28 | 10/1/00 $ | - | n | 08/20/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44550 | $23,557.85 | 84519 | 08/19/00 | $ 23,557.85 | 10/1/00 $ | - | n | 08/21/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44590 | $24,595.11 | 84519 | 08/26/00 | $ 24,595.11 | 10/1/00 $ | - | y | 08/26/00 | 0% | $ - Demand did not meet timeliness |
| Crown Metals | 44563 | $23,520.55 | 84519 | 08/28/00 | $ 23,520.55 | 10/1/00 $ | 23,520.95 | y | 08/29/00 | 0% | $ - Consumption |
| Crown Metals | 44573 | $24,511.50 | 84513 | 09/26/00 | $ 24,511.50 | 10/1/00 $ | 24,511.50 | y | 09/26/00 | 14% | $ 3,375.45 Consumption |
| Crown Metals | | $301,898.95 | | | | | | | | | $ 3,375.45    134,000.00   partial payment amount |

FORM B10 (Official Form 10) (4/01)    _Exhibit 2_

| United States Bankruptcy Court - **District of Delaware** | |
|---|---|

| Name of Debtor<br>**Owens Corning, et al.** | Case Number<br>**00-03837** |
|---|---|

*(obscured text)*

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**Crown Metals** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br>**Crown Metals**<br>**c/o Alan M. Grochal, Esquire**<br>**Tydings & Rosenberg, LLP**<br>**100 East Pratt Street, 26th Floor**<br>**Baltimore, MD 21202**<br><br>Telephone number:   **(410) 752-9700** | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court.    THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces   a previously filed claim dated:_____<br>if this claim ☐ amends |
|---|---|

**1. Basis for Claim**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: _____

Unpaid compensation for services performed
from _____ to _____
        (date)                  (date)

| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** |
|---|---|

**4.  Total Amount of Claim at Time Case Filed:**        $    134,116.25
    If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.   Attach itemized statement of all interest or additional charges.

**5.  Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to 4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C.§507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C.§507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C.§507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C.§507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C.§507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C.§507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7.  Credits:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8.  Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

**9.  Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br><br>1/21/02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>**Alan M. Grochal, Esquire** |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

*Exhibit 1*



ADAM H. ISENBERG
Phone: (215) 972-8662
Fax: (215) 972-1853
aisenberg@saul.com
www.saul.com

March 4, 2002

**_FEDERAL EXPRESS_**

Alan M. Grochal, Esquire
Tydings & Rosenberg LLP
100 East Pratt Street
Baltimore, MD 21202

   Re: **Owens Corning, et al, Bankr. No. 00-03837 (MFW)**

Dear Alan:

   Per your request, please find enclosed a detailed analysis of the reclamation claim of Crown Metals, in connection with the Owens Corning bankruptcy cases.

   Please note that most of Crown Metals' reclamation claim relates to goods delivered outside the reclamation period. Only two invoices (numbers 45583 and 45573) appeared to have been received within the reclamation period; of these, most of the goods at issue were consumed.

   Please let me know if you have any questions regarding this matter or if I can be of any further service. Thank you.

                        Very truly yours,

                        Adam H. Isenberg

AHI/cts
Enclosure
cc:   Ms. Leslie Schott
      Mr. Mark Mayer

Centre Square West • 1500 Market Street, 38ᵗʰ Floor • Philadelphia, PA 19102-2186
Phone: (215) 972-7777 • Fax (215) 972-7725

655950 1 3/4/02 BALTIMORE    CHESTERBROOK    HARRISBURG    NEW YORK    PHILADELPHIA    PRINCETON    WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP

| Vendor | Invoice#/Product Number/Description | Amount Claimed | PO | Invoice/Shipped Date | Adjusted Amount | Reclaim letter Date | Net Adjustment | Timely | CC Receipt Date (1=timely/2=2nd/2=3rd) | % of uncosumed | Final $ Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Crown Metals | 44608 | 25,114.06 | 51587 | 06/28/00 $ | 25,114.05 | 10/11/00 $ | - | n | 09/12/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45464 | 25,105.78 | 84519 | 09/06/00 $ | 25,105.78 | 10/11/00 $ | - | n | 09/06/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45474 | 25,315.88 | 84519 | 09/07/00 $ | 25,315.88 | 10/11/00 $ | - | n | 09/05/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45480 | 25,447.98 | 84519 | 09/12/00 $ | 25,447.98 | 10/11/00 $ | - | n | 09/12/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45481 | 33,230.85 | 84519 | 09/12/00 $ | 23,230.85 | 10/11/00 $ | - | n | 09/12/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45512 | 33,878.76 | 84519 | 09/14/00 $ | 23,878.76 | 10/11/00 $ | - | n | 09/16/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45530 | 23,360.28 | 84519 | 09/18/00 $ | 23,360.28 | 10/11/00 $ | - | n | 09/16/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45550 | 23,587.96 | 84519 | 09/18/00 $ | 23,587.96 | 10/11/00 $ | - | n | 09/15/00 | 0% $ | - | Demand did not meet timeliness |
| Crown Metals | 45540 | 24,596.15 | 84519 | 09/20/00 $ | 24,596.15 | 10/11/00 $ | - | Y | 09/20/00 | 0% $ | - | Consumption |
| Crown Metals | 45543 | 23,520.85 | 84519 | 09/26/00 $ | 23,520.85 | 10/11/00 $ | 23,520.95 | Y | 09/26/00 | 14% $ | 3,375.45 | Consumption |
| Crown Metals | 45573 | 24,511.50 | 84519 | 09/26/00 $ | 24,511.50 | 10/11/00 $ | 24,511.50 | Y | 09/26/00 | 0% $ | 3,375.45 | Consumption |
| | | $267,899.95 | | | | | | | | $ 134,000.00 | partial payment amount |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                )    Chapter 11
                                      )
OWENS CORNING, et al.                 )    Case No. 00-03837 (JKF)
                                      )    (Jointly Administered)
        Debtors.                      )
                                      )
                                      )    Hearing Date: March 27, 2006, 10:00 am EST
                                      )    Objection Date: March 10, 2006, 4:00 pm EST
                                      )

## ORDER GRANTING CROWN METALS EXTENSION
## OF TIME WITHIN WHICH TO FILE A PROOF OF CLAIM

This matter having come before the Court on a motion filed by Crown Metals for entry of

an Order extending the time within which Crown Metals may file a Proof of Claim, and it

appearing to the Court that excusable neglect in accordance with Pioneer Inv. Servs. Co. v.

Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382 (1993) has been shown,

IT IS HEREBY ORDERED that, pursuant to Fed. R. Bank. P. 3003(c)(3), Crown Metals

be and hereby is granted an extension of time to file its Proof of Claim through and including

April 3, 2006.


Dated: March ___, 2006                    _____
                                          The Honorable Judith K. Fitzgerald
                                          United States Bankruptcy Judge


#498479v.1
1340152/1

**Saul Bankruptcy**

| | | |
|---|---|---|
| **From:** | DEBdb_ECF_Reply@deb.uscourts.gov | **Sent:**Fri 1/20/2006 6:00 PM |
| | [DEBdb_ECF_Reply@deb.uscourts.gov] | |
| **To:** | dummail@deb.uscourts.gov | |
| **Cc:** | | |
| **Subject:** | Ch-11 00-03837-JKF Motion to Extend Time (B) - OWENS CORNING, A D | |
| **Attachments:** | | |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without ch:
download a copy of each document during this first viewing.**

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Fallon, Brett entered on 1/20/2006 at 5:59 PM EST and fi
**Case Name:**          OWENS CORNING, A DELAWARE CORPORATION
**Case Number:**     00-03837-JKF
**Document Number:** 16757

**Docket Text:**
Motion to Extend Time --*Motion of Crown Metals For Entry of an Order Extending the Time Within W
Proof of Claim* Filed by OWENS CORNING, ET AL. Hearing scheduled for 3/27/2006 at 10:00 AM a
of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801. Objections due by 3/10/2006.. (Att
(2) Exhibit A# (3) Exhibit B# (4) Exhibit C# (5) Exhibit D# (6) Exhibit E# (7) Proposed Form of Order
(Fallon, Brett)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\wsm\My Documents\mot_owen.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/20/2006] [FileNumber=4568350-0]
[785d7100598ad6cc0f2385cd19d4bf75f200093b005f6a76e90b9ef2a1fff3a1894b
6911a71b6a8331a4a3642e2866b78a69d4c8d9b677a4ef5b094cfc98f20c]]
**Document description:**Notice of Motion
**Original filename:**C:\Documents and Settings\wsm\My Documents\notice_o.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/20/2006] [FileNumber=4568350-1]
[00d94d81b0d8793f9ebd7081840e2b46146164297cbfa848f916aee257c86d0333e2
6c37504491805be6283bb005bfdd2c60c2f15d02ec1938c65347dd17a1e7]]
**Document description:**Exhibit A
**Original filename:**C:\Documents and Settings\wsm\My Documents\ex_a_owe.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=1/20/2006] [FileNumber=4568350-2]
[3b48d284f9514e75bf8d8501b25df71f82e06396c3fba9d97536a46bdb37e7aed4d2
e8baeccb51e95195c137894fc32484b1cd203bf90b736b97a9e4a40b3610]]