# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re OWENS CORNING, INC., *et al.*, <br><br> Debtors. | Chapter 11 Case No. 00-3837 (JKF) <br> Jointly Administered |
| INACOM CORP., and its related debtors, by and through Executive Sounding Board Associates, Inc., as Plan Administrator, <br><br> Appellant, <br><br> v. <br><br> OWENS CORNING, INC., *et al.*, <br><br> Appellee. | Civil Action No. 05-852 (JPF) <br><br><br> Appeal from Order of the United States Bankruptcy Court For the District of Delaware |

## BRIEF OF APPELLEE, OWENS CORNING, *ET AL.*, IN SUPPORT OF MOTION FOR JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE RECORD PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 10(e)

SAUL EWING LLP
Norman L. Pernick (No. 2290)
Domenic E. Pacitti (No. 3989)
J. Kate Stickles (No. 2917)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6800

-and-

Adam H. Isenberg
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7777

Counsel for Appellee, Owens Corning, *et al.*

Dated: February 6, 2006

532439.1 2/6/06

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.   NATURE AND STAGE OF THE PROCEEDINGS ............................................... 1

II.  SUMMARY OF ARGUMENT ................................................................................. 1

III. STATEMENT OF FACTS ......................................................................................... 2

    A.   The Bankruptcy Case ....................................................................................... 2

    B.   The Bar Date ..................................................................................................... 3

    C.   The Additional Documents .............................................................................. 4

IV.  LEGAL ARGUMENT ................................................................................................ 5

    A.   This Court Should Take Judicial Notice of the Matters Requested Herein Pursuant to Federal Rule of Evidence 201 .................................................... 5

    B.   In the Alternative, Appellee Should Be Permitted To Supplement the Record Pursuant to Federal Rule of Appellate Procedure 10(e) ................... 8

V.   CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Dionne v. Shalala*, 209 F.3d 705 (8th Cir. 2000).................................................................6

*Federal Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270 (3d Cir. 1993).........................6

*Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A. (In re
Geriatrics Nursing Home, Inc.)*, 187 B.R. 128 (D.N.J. 1995)........................................8

*In re E.R. Fegert, Inc.*, 887 F.2d 955 (9th Cir. 1989) ..........................................................7

*In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314 (3d Cir. 2002)...............................6

*In re River Foal, Inc.*, 161 B.R. 568 (S.D.N.Y. 1993)........................................................8

*Johnson v. Goldstein*, 864 F. Supp. 490 (E.D. Pa. 1994), aff'd 66 F.3d 331
(3d Cir. 1995)..................................................................................................................8

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)...................................................7

*United States v. Mariscal*, 285 F.3d 1127 (9th Cir. 2002)..................................................6

*Nantucket Investors II v. California Fed. Bank (In re Indian Palms
Assocs., Ltd.)*, 61 F.3d 197 (3d Cir. 1995).....................................................................6

*Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155 (3d Cir. 2004) .........................6

*Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984) .......................................................6

## FEDERAL STATUTES

Fed. R. App. P. 10(e) ..................................................................................................1, 2, 8

Fed. R. Evid. 201(b) & (d).................................................................................................6, 8

Appellee, Owens Corning, *et al.*, submits this Brief in Support of its Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201 or, in the Alternative, to Supplement the Record (the "Motion")[3] with respect to Inacom's appeal of an order of the United States Bankruptcy Court [Bankruptcy D.I. #16289] (the "Bankruptcy Court Order") denying the Motion To Allow Inacom Corporation to File Proof of Claim After the Deadline Pursuant to Bankruptcy Rule 9006(b)(1) [Bankruptcy D.I. #15871] (the "Inacom Motion").

## I.     NATURE AND STAGE OF THE PROCEEDING

This matter is before the Court on Inacom's appeal from the Bankruptcy Court Order. On December 12, 2005, Inacom filed its Notice of Appeal [D.I. #1], designation of record on appeal [D.I. #2], and Statement of Issues To Be Presented on Appeal [D.I. # 3]. On January 3, 2006, this Court granted the parties' Stipulation To Extend Time to submit briefs [D.I. #7], which extends Appellant's deadline to submit its opening brief to January 9, 2006 and Appellee's opening brief 28 days later to February 6, 2006. Consistent with the Stipulation, Appellants filed their Opening Brief on January 9, 2006 [D.I. #8]. Appellee will file, contemporaneously herewith, its Opening Brief. In conjunction with its Opening Brief, Appellee submits the Motion and this Brief in support of the Motion for the court's consideration.

## II.     SUMMARY OF ARGUMENT

1. This Court should take judicial notice of the Additional Documents pursuant to Federal Rule of Evidence 201 because the Additional

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

> Documents provide the Court with facts that are "capable of accurate and ready determination."

2. Alternatively, this Court should permit Appellee to supplement the appellate record with the Additional Documents pursuant to Federal Rule of Appellate Procedure 10(e) because the Additional Documents will assist the Court in making its decision in this appeal.

## III. STATEMENT OF FACTS

### A. The Bankruptcy Case

On October 5, 2000 (the "Petition Date"), Owens Corning and 17 affiliated debtors and debtors-in-possession (collectively with Owens Corning, the "Debtors") filed voluntary petitions (as jointly administered, the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Owens Corning, together with its debtor and non-debtor affiliates (collectively, the "Company"), is a world leader in the manufacture and sale of building material systems and composites systems. The Company employs approximately 19,500 persons worldwide and is headquartered in Toledo, Ohio.

The Company produces and sells insulation, roofing systems, exterior systems for the home and glass fiber materials used in composites. The Debtors conduct their manufacturing, distribution and sales operations primarily in the United States, but the Company has operations worldwide.

By Order dated October 6, 2000, the Court authorized Robert L. Berger & Associates, LLC n/k/a OMNI Management Group, LLC, to serve as the Debtors' claims agent (the "Claims Agent").

**B.    The Bar Date**

On November 27, 2001, the Bankruptcy Court entered an Order Pursuant to Bankruptcy Rule 3003(c)(3): (i) Fixing General Claims Bar Date for Filing Certain Proofs of Claim; (ii) Approving Proposed Proof of Claim Form, General Claims Bar Date Notice and Related Publication Procedures; and (iii) Approving Proposed Employee and Retiree Claims Notification Procedures (the "Bar Date Order"). Pursuant to the Bar Date Order, the deadline for filing proofs of claim, other than certain "Excluded Claims," was April 15, 2002 (the "Bar Date"). Notice of the Bar Date was (a) mailed to all known creditors of the Debtors including Inacom, other than creditors asserting asbestos-related personal injury and asbestos-related wrongful death claims and (b) published in The Wall Street Journal (National Edition), The New York Times (National Edition) and numerous other newspapers and publications.

The Debtors listed Inacom as having a disputed claim of $3,274,9461.90 on its schedules of assets and liabilities filed with the Bankruptcy Court on November 20, 2001. As a result, Inacom was required pursuant to Bankruptcy Rule 3003(c)(2)[4] to file a

---

[4]    Bankruptcy Rule 3003(c)(2) states that:

> "Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

timely proof of claim in order to maintain a claim in the Bankruptcy Case. As expressly admitted in the Inacom Motion, Inacom failed to timely file a proof of claim.

To date, approximately 25,000 proofs of claim (the "Proofs of Claim") have been filed in the Bankruptcy Case. These Proofs of Claim are recorded on the official claims registry in the Bankruptcy Case (the "Claims Registry") which is maintained by the Claims Agent.

C.	**The Additional Documents**

On September 19, 2005, Inacom filed the Inacom Motion. The Inacom Motion states that Inacom was not aware that it had not timely filed a proof of claim in the bankruptcy case until a claims trader called to purchase its scheduled claim. See Inacom Motion, pg. 8.

On December 21, 2005, Festival filed the Festival Motion. The Festival Motion states that their counsel was contacted by a claims trader who offered to purchase Festival's scheduled claim and noted that Festival had not filed a proof of claim. See Festival Motion, para. 14. It was only then that Festival learned that it had not filed a timely proof of claim. Id. at para. 15.

On January 20, 2006, Crown Metals filed the Crown Metals Motion. The Crown Metals Motion states that it "was approached concerning selling its claim." See Crown Metals Motion, para. 13. That contact, presumably by a claims trader, prompted Crown Metals to investigate and ultimately determine that it had not timely filed a proof of claim. Id. at 14.

With respect to claims buying and trading, the docket in the Bankruptcy Case reflects that claims trading is very active.[5] In fact, in just the four months since Inacom filed its Motion, over 65 claims have been transferred to various claims trading entities.

In its Opening Brief filed contemporaneously herewith, Appellee argues, among other things, that if the Court grants Inacom's request to allow it to file a late proof of claim, the Debtors will likely face numerous additional and similar requests at a time in the Bankruptcy Case where the Debtors' full attention must be on confirming a plan and exiting from bankruptcy. By this Motion, Appellee submits that the Additional Documents will provide the Court with a fuller understanding of the events that have taken place in the Bankruptcy Case in general and more specifically, since the Inacom Motion was filed. The information that the Additional Documents provide, moreover, will ultimately assist the Court in making a determination in this appeal.

## IV.    LEGAL ARGUMENT

### A.    This Court Should Take Judicial Notice of the Matters Requested Herein Pursuant to Federal Rule of Evidence 201

Judicial notice is appropriate in accordance with Federal Rule of Evidence 201 which applies in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9017. Federal Rule of Evidence 201 requires federal courts that are "supplied with the necessary information" to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort

---

[5]    Pursuant to Bankruptcy Code 3003(e)(2), claims transfers must be filed with the Bankruptcy Court and reflected on the docket.

to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) & (d); In re NAHC, Inc. Securities Litigation, 306 F.3d 1314 (3d Cir. 2002); United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir. 2002). Moreover, "[j]udicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f).

Appellee submits that this Court may take judicial notice of the Additional Documents which are already of record in the underlying bankruptcy case. "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." See Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs., Ltd.), 61 F.3d 197, 205 (3d Cir. 1995) (the filing of documents in the case record provides competent evidence of certain facts - that a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made); see also Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 164 n15 (3d Cir. 2004) (courts of appeal "have the power to take judicial notice of subsequent developments in related proceedings since the appeal... was filed.") (quoting Federal Ins. Co. v. Richard I. Rubin & Co., 12 F.3d 1270, 1284 (3d Cir. 1993)); Swanger v. Zimmerman, 750 F.2d 291, 297 n9 (3d Cir. 1984) (taking judicial notice of motions, briefs, opinions and other documents in state court record).

Appellate courts, no less than trial courts, may take judicial notice of matters that properly are the subject of such notice. See In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995) (noting that it is proper to take judicial notice of public documents for the first time on appeal). Appellate courts are particularly willing to take judicial notice of evidence for the first time on appeal where judicial efficiency or the interests of justice would be served by doing so. See Dionne v. Shalala, 209 F.3d 705,

708 (8th Cir. 2000) (because lower court considered wrong agency policy with respect to employment, reviewing court took judicial notice of appropriate statement of employment policy).

It is hornbook law that a court may take judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The existence and contents of documents that are docketed or filed in the Bankruptcy Court are proper subjects for judicial notice. In re E.R. Fegert, Inc., 887 F.2d 955, 957-958 (9th Cir. 1989) (circuit court hearing appeal in adversary proceeding by bankruptcy trustee took judicial notice of records in underlying bankruptcy proceeding). On this basis, it is beyond dispute that this Court may take judicial notice of the existence and contents of the Additional Documents.

In this case, the Additional Documents will assist the Court in developing a fuller background of the Bankruptcy Case as it relates to this appeal and Appellee's position thereon. First, Exhibits A and B, the Festival Motion and the Crown Metals Motion (together, the "Motions") show that, in the few short months since the filing of the Inacom Motion, two other creditors have already filed substantially similar motions. It is likely, as set out more fully in Appellee's Opening Brief submitted contemporaneously herewith, that if the Court grants Inacom's request to file a late proof of claim, additional similar motions are sure to follow.

Second, Exhibit C, the Docket, reflects that there is substantial and active claims trading in the bankruptcy case. The more than 65 claims transfers on the docket since the filing of the Inacom Motion reflects that claims traders are actively pursuing creditor claims and supports the Debtors' argument that it is likely that claims traders will

prompt creditors who have failed to timely file a proof of claim to file a motion to extend the bar date in order to sell their claim.

As explained above, judicial notice is mandatory if the Court is "requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d); Johnson v. Goldstein, 864 F. Supp. 490 (E.D. Pa. 1994), aff'd 66 F.3d 331 (3d Cir. 1995) (court must take judicial notice if requested by party and supplied with information). Because Appellees have supplied the relevant documents, explained their relevance, and requested that the Court take judicial notice, Appellee's request should be granted.

**B.   In the Alternative, Appellee Should Be Permitted To Supplement the Record Pursuant to Federal Rule of Appellate Procedure 10(e)**

Even if this Court refuses to grant judicial notice as requested above, the Court should permit Appellee to supplement the record pursuant to Federal Rule of Appellate Procedure 10(e). It is within the Court's discretion to supplement the record if the additional material will "assist it in deciding th[e] appeal." Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A. (In re Geriatrics Nursing Home, Inc.), 187 B.R. 128, 131 (D.N.J. 1995); see also Fed. R. App. P. 10(e). Consistent with and in conjunction with Federal Rule of Appellate Procedure 10(e), Bankruptcy Rule 8006 "does not restrict supplementation to material presented below where such a restriction would be inappropriate under the circumstances." In re River Foal, Inc., 161 B.R. 568, 570 (S.D.N.Y. 1993). Appellee submits that, should the Court decline to grant judicial notice, in the alternative, it is appropriate for the Court to allow Appellee to supplement the record with the Additional Documents because the Additional Documents will provide the Court with a fuller understanding of the Bankruptcy Case and assist the Court in making a determination in this appeal.

### V.    CONCLUSION

For the reasons set forth above, Appellees request that this Court take judicial notice of the Additional Documents and the matters addressed herein, or in the alternative, permit Appellee to supplement the appellate record to include the Additional Documents.

Dated: February 6, 2006

SAUL EWING LLP

By: *[signature]*

Norman L. Pernick (No. 2290)
Domenic E. Pacitti (No. 3989)
J. Kate Stickles (No. 2917)
222 Delaware Avenue
P.O. Box 1266
Wilmington, DE  19899-1266
(302) 421 - 6800

and

Adam H. Isenberg, Esquire
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972 - 7777

Counsel to Appellee, Owens Corning, *et al.*,
