IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re OWENS CORNING, *et al.*,

| | |
|---|---|
| INACOM CORP., and its related debtors, by and through Executive Sounding Board Associates, Inc. as Plan Administrator,<br><br>           Appellant,<br><br>v.<br><br>Owens Corning, and its affiliated debtors and debtors in possession,<br><br>           Appellee. | Civil Action No. 05-852 (JPF)<br><br>Bankruptcy Case No. 00-3837<br><br>On Appeal from an Order of the United States Bankruptcy Court for the District of Delaware |

## REPLY BRIEF OF APPELLANT INACOM CORP., *ET AL.*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
 & WEINTRAUB P.C.
Laura Davis Jones (Bar No. 2436)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Electronic Mail: ljones@pszyjw.com
                    sselzer@pszyjw.com

Counsel for Appellant

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 3 |
| | A. | While Appellee May Try to Recast What Happened in the Proceedings Below, it is Clear, Based on the Record, that the Bankruptcy Court Failed to Conduct Any Comprehensive Analysis of Each and Every *Pioneer* Factor. | 3 |
| | B. | Appellee's *Pioneer* Analysis Is Flawed. | 4 |
| | | 1. Appellee's Claim Of Prejudice Is Not Supported By Any Probative Evidence. | 5 |
| | | 2. Appellee's Attempt To Place Primary Focus On The Lack Of Blamelessness On The Part of Appellant Is Not Supported By The Case Law. | 8 |
| | | 3. Appellee's Attempt To Focus The *Pioneer* Analysis On The Length Of The Delay Ignores The Fact That, Irrespective Of The Delay, There Will Be No Cognizable Effect On Appellee's Proceedings If Appellee's Motion Were To Be Granted. | 11 |
| | C. | Appellant Has Undisputedly Acted in Good Faith. | 12 |
| III. | CONCLUSION | | 13 |

## TABLE OF AUTHORITIES

Page

### CASES

Chemetron Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995) ............................................................. 4, 11

In re Beltrami Enterprises, Inc., 178 B.R. 389 (Bankr. M.D.Pa. 1994) ............................ 8, 10, 11

In re Ferguson, 204 B.R. 202 (Bankr. N.D.Ill. 1997) motion to vacate denied by
    210 B.R. 785 (Bankr. N.D.Ill. 1997) ................................................................................... 10

In re Mother Hubbard, Inc., 152 B.R. 189 (Bankr. W.D. Mich. 1993) ......................................... 3

In re National Steel Corp., 2004 U.S. Dist. LEXIS 16744 (N.D.Ill. August 25,
    2004) ................................................................................................................................. 4, 11

In re O'Brien Environmental Energy, Inc., 188 F.3d 116 (3d Cir. 1999) ................................. 2, 5

In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315 (3d Cir.
    2001) .................................................................................................................................. 8, 10

In re Premier Membership Services, LLC, 276 B.R. 709 (Bankr. S.D.Fla. 2002) ....................... 7

In re Sacred Heart Hospital of Norristown, 186 B.R. 891 (Bankr. E.D.Pa. 1995) .................. 8, 12

Pioneer Investment Services Co. v. Brunswick Associates, Ltd., 507 U.S. 380
    (1993) ....................................................................................................................................... 1

Pro-Tec Services, LLC v. Inacom Corp. (In re Inacom Corp.), 2004 WL 2283599
    (D.Del. Oct. 4, 2004) .......................................................................................................... 5, 11

### RULES

Bankruptcy Rule 9006(b)(1) ........................................................................................................... 3

## I. INTRODUCTION

As Appellant demonstrated in its Opening Brief, in denying Appellant's Motion for leave to late-file its claim, the Bankruptcy failed to apply the Pioneer factors[1] (or at most, may have considered only one of the factors, the reasons for Appellant's delay), thereby committing reversible error.[2] Alternatively, even if the Bankruptcy Court had considered all of the factors and relevant circumstances as mandated by Pioneer, the Bankruptcy Court abused its discretion in denying the Motion in that the Pioneer factors clearly and substantially weigh in finding excusable neglect on the part of Appellant.

In response to these basic and other points made by Appellant, Owens Corning makes several flawed arguments in its Opening Brief ("Appellee Opening Brief"):

(1) Owens Corning asserts at the outset that the Bankruptcy Court correctly denied Appellant's Motion and then proceeds to analyze how the Pioneer factors, in Owens Corning's view, weigh heavily against finding excusable neglect. Owens Corning's points regarding the Pioneer factors, however, are nowhere to be found in the evidentiary record; that is, there is nothing in the record indicating that the Bankruptcy Court ever considered such points or the Pioneer factors at all in making its determination. Instead, the Bankruptcy Court focused on and considered as dispositive that Inacom's agents purportedly made the "deliberate" or "affirmative" decision not to file a proof of claim. By doing so, the Bankruptcy Court ignored the fact that Inacom's "deliberate" decision was a mistake predicated on misinformation, neglect and other errors, and improperly refused to conduct the comprehensive analysis of all relevant

---

[1] See generally Pioneer Investment Services Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993).
[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the Appellee Opening Brief.

factors and circumstances as required by the Supreme Court and Third Circuit authority. Appellee's attempt to rationalize the Bankruptcy Court's determination as proper under the Pioneer analysis is after-the-fact and simply not supported by the record.

(2)     Owens Corning attempts to focus most of the Pioneer analysis on the fact that a number of "egregious" mistakes were made by Appellant and the "extraordinary" length of the delay. Notwithstanding Owens Corning's attempt to recast the analysis, it is clear that Pioneer mandates a consideration of all of the factors. That the delay at issue here was lengthy on face value or was, in Appellee's view, due to simply careless mistakes is not dispositive. Indeed, as discussed in Appellant's Opening Brief and herein, even in cases where the creditor-movant was far from blameless and the delay was actually many months or years, various courts have determined that there was excusable neglect in such cases in light of the other Pioneer factors.

(3)     Although, by its brief, Appellee attempts to add several new arguments to the mix, including that various claims have been traded since the filing of the Motion, Appellee again only conjectures about the possibility of some prejudice and harm that may come to it. Appellee has again failed to demonstrate that it would suffer any cognizable prejudice if Inacom were allowed to late-file its proof of claim. As explained by the Third Circuit Court of Appeals, "prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence."[3]

Appellant respectfully submits that a careful review of the evidentiary record and application of all of the Pioneer factors require this Court to find that the Bankruptcy Court

---

[3] In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999).

2

committed reversible error in ruling that there was no excusable neglect for purposes of Bankruptcy Rule 9006(b)(1) and denying Inacom's Motion to late-file claims.

## II.  ARGUMENT

### A. While Appellee May Try to Recast What Happened in the Proceedings Below, it is Clear, Based on the Record, that the Bankruptcy Court Failed to Conduct Any Comprehensive Analysis of Each and Every *Pioneer* Factor.

As noted above, Owens Corning in its Opening Brief argues how the Pioneer factors weigh in its favor. However, the Bankruptcy Court did not undertake such or any other comprehensive analysis of the Pioneer factors. Instead, as reflected in the transcript of the hearing on the Motion, the Bankruptcy Court hinged its ruling on the fact that Inacom "deliberately" or "affirmatively" decided not to file its claim, believing that, in such case, no analysis of the Pioneer factors was required. As a result of these rulings and its overly narrow construction of the excusable neglect standard, the Bankruptcy Court committed reversible error.

As discussed in Appellant's Opening Brief, there was, in fact, "neglect" on the part of Appellant causing its failure to timely file its claim. As detailed in the Opening Brief, a combination of exceptionally adverse events, circumstances and mistakes, many of which were outside of Appellant's control, and not simply a "heavy workload" as portrayed by Appellee, contributed to and in resulted in Appellant's current situation. Compare with, e.g., In re Mother Hubbard, Inc., 152 B.R. 189, 193-94 (Bankr. W.D. Mich. 1993) (finding no excusable neglect where creditor admitted he knew of bar date but initially "made a conscious decision not to file a proof of claim assertedly believing a waiver of his unfiled claim would be the best alternative") (emphasis in original). Appellant presented on the record these adverse events, circumstances

3

and mistakes, but nevertheless, the Bankruptcy Court construed the excusable neglect standard in an overly narrow manner, improperly focusing on the "affirmative" aspect of Appellant's failure, and refused to conduct the requisite analysis of the Pioneer factors. Indeed, there is no consideration or analysis by the Bankruptcy Court of each of the Pioneer factors reflected in the evidentiary record.[4] For this reason alone, the Court should find that the Bankruptcy Court erred. See generally Chemetron Corp. v. Jones, 72 F.3d 341, 349-50 (3d Cir. 1995) (remanding to bankruptcy court where both bankruptcy court and district court had failed to undertake a comprehensive analysis of all of the Pioneer factors; "the bankruptcy court failed to make additional relevant factual findings, including the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith"); In re National Steel Corp., 2004 U.S. Dist. LEXIS 16744 (N.D.Ill. August 25, 2004) (finding that, where the bankruptcy court had only made passing reference to the Pioneer factors and had not discussed each factor individually, and the record indicated that the court had considered in effect only one of the factors, the lower court abused its discretion by failing to fully conduct Pioneer analysis).

**B.    Appellee's *Pioneer* Analysis Is Flawed.**

Owens Corning's application of the Pioneer factors, as set forth in the Appellee Opening Brief, is flawed in a number of respects. Considered altogether and applied properly, these factors bear out that there was excusable neglect in the instant case.

---

[4] As discussed in Appellant's Opening Brief, the Bankruptcy Court made certain statements on the record possibly suggesting that the Bankruptcy Court may have considered (at most) one Pioneer factor -- the reasons for the delay. Appellee appears to advocate this reading of the record. See Appellee Opening Brief, pp. 11-12. Even assuming arguendo that this reading is correct, in all events the Bankruptcy Court failed to consider the other Pioneer factors, thereby committing reversible error.

4

### 1. Appellee's Claim Of Prejudice Is Not Supported By Any Probative Evidence.

In its Opening Brief, Owens Corning attempts to bolster its claim as to the prejudice that it allegedly stands to suffer. However, the "evidence" presented by Appellee (the little there is of it) is not probative of any true harm or prejudice, and once again, Appellee only theorizes about the potential harm that may befall it.

First, Owens Corning points out that since the filing of Inacom's Motion, two other parties have filed motions to extend time for filing claims and that apparently over 65 claims against Owens Corning have been sold and transferred,[5] suggesting that a flood of parties trying to late-file claims will surely come. Appellee Opening Brief, p. 16. Appellant notes that such occurrences – attempts to late-file claims and claims selling and buying – are generally not uncommon in bankruptcy cases, especially mega-cases such as the Owens Corning cases. Moreover, that (only) two other creditors have moved for extension of time since Inacom filed its Motion is not, in Appellant's view, a harbinger of any impending flood. And, certainly these two other pending motions will rise or fall depending on the individual and peculiar merits of each, given that the Pioneer analysis varies and hinges on the specific circumstances of the applicable case. Ultimately, Appellee still presents merely unsubstantiated fears of potential harm. Such conjecture is simply not enough to demonstrate prejudice. See In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999) (prejudice is not "hypothetical harm"); Pro-Tec Services, LLC v. Inacom Corp. (In re Inacom Corp.), 2004 WL 2283599 (D.Del. Oct. 4, 2004), at *4.

---

[5] Owens Corning has not asserted that any of these 65 claims were late-filed.

Second, Owens Corning argues that, if Inacom were permitted to late-file its claim, Owens Corning would be prejudiced in that it "has ceased operations, has no employees and has liquidated" and thus, "critical documentary and testimonial evidence necessary to contest the claim may be lost ...." Appellee Opening Brief, p. 17 (emphasis added). Owens Corning alleges no specific example of such evidence no longer being available with respect to Inacom's asserted claims. It only alleges that such evidence "may" be lost; however, that is basically the same case with respect to any other prepetition claims to which Owens Corning has already filed or may file an objection. Appellee filed its bankruptcy petition more than five years ago, and as to the countless more objections to pre-petition claims that Appellee will have to litigate in any event, these may also be affected by the lapse of time and evidentiary issues.[6] Such issues will be sorted out and determined in the normal claims administration and objection process.

It has not been and cannot be asserted that Inacom strategically delayed, or acted in bad faith with respect to, its claims filing in order to gain any litigation advantage, which, as noted, Appellee has neither specifically alleged nor presented any evidence thereon. In fact, Appellee has long been aware of Inacom's potential claims. As explained in the Appellant's Opening Brief, Owens Corning scheduled (in its Schedules of Assets and Liabilities filed in 2001) over $3.27 million in disputed claims (more than the amount currently sought by Inacom), as well as undisputed claims, of Inacom and its affiliates. Based on such circumstances, if there has been any loss of evidence due to the passage of time (which Owens Corning has not even specifically

---

[6] As noted in Appellant's Opening Brief, evidently, Owens Corning will file and litigate numerous claims objections in an attempt to whittle over $1 billion in general unsecured claims filed against Owens Corning, down to only $76 million to $100 million in such claims. See Proposed Disclosure Statement, Appendix E-1.

alleged), that was within the general control of Owens Corning who has been on notice with respect to Inacom's claims.

Finally, Owens Corning asserts in its brief that "permitting Appellant to file a late claim is unfair to the thousands of Owens Corning creditors who managed ... to file their claims on time." Appellee Opening Brief, p. 16. This claim is not only unfounded but beside the point. As noted in Appellant's Opening Brief, Appellant debates whether the potential prejudice, if any, to other unsecured creditors or any other third parties should be included in the Pioneer analysis. As properly observed by one court, "Pioneer ... requires prejudice to the 'debtor,' not prejudice to other creditors. Most courts that have addressed the issue of prejudice conclude that the only relevant inquiry is whether the debtor, not other creditors, would be prejudiced as the result of permitting a late claim. [citations omitted] .... Obviously, every late claim, if ultimately allowed, will dilute the recovery to other creditors. If such circumstances were to be recognized as constituting prejudice which could prevent enlargement of time, then it would be virtually impossible to ever grant relief to extend the time to file proofs of claim." In re Premier Membership Services, LLC, 276 B.R. 709, 714 (Bankr. S.D.Fla. 2002). But even if considered as part of the analysis, this element does not support Appellee's position, given that no reorganization plan of the Appellee has yet been confirmed, no distributions to general unsecured creditors have yet been made, and such creditors in this case have no reasonable expectation with respect to the amount of actual recovery on account of their claims in that the currently proposed plan has no assurances as to ultimate recovery. See, e.g., id., at 714-15 ("The addition of an additional disputed claim, representing a relatively small portion of the total of unsecured claims pending, can hardly be said to prejudice the Committee or unsecured creditors."). As a general

7

matter, if potentially inequitable to other unsecured creditors, by the same token, it would be equally inequitable to, in effect, consider the potential harm, if any, to them as more deserving of prevention than the prejudice to Appellant (acting in good faith but nonetheless having failed to earlier file a claim due to excusable neglect) if it were not allowed to late-file its claim. See, e.g., In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 324 (3d Cir. 2001); In re Beltrami Enterprises, Inc., 178 B.R. 389, 393 (Bankr. M.D.Pa. 1994) ("We have a [creditor] who possesses a claim against [the debtors]. Under the circumstances there is no reason why a claim should not rise or fall on its merits rather than on the timing of its filing.").

Overall, there is and will be no cognizable prejudice to Owens Corning in respect to its reorganization efforts, its bankruptcy case or otherwise, if Inacom were allowed to late-file its claim. Based on the foregoing, this Pioneer factor clearly and substantially weighs in favor of finding excusable neglect. See also In re Sacred Heart Hospital of Norristown, 186 B.R. 891, 896, 897 (Bankr. E.D.Pa. 1995) (court explaining that various other courts "have ... allowed late claims to be filed despite doubtful arguments of inadequate notice and objective justification for respective late filings because little, if any, prejudice to the debtor was identified [citations omitted]," and that, in its view, "the issue of prejudice to the Debtor as a result of the late filing is the primary consideration which must be made in the Pioneer analysis").

### 2. Appellee's Attempt To Place Primary Focus On The Lack Of Blamelessness On The Part of Appellant Is Not Supported By The Case Law.

Contrary to Appellee's unsupported characterization of Inacom's conduct as a "gross disregard of the bar date" (a characterization in large part belied by Appellee's acknowledgement that "[t]here is nothing in the record to conclude that Appellant acted in bad faith" (Appellee

8

Opening Brief, p. 17)), the delay in Appellant asserting its claims was the result of an exceptional combination of adverse events and circumstances, many of which were outside of the control of Appellant (acting in good faith at all relevant times), and which, considered altogether, should excuse Inacom's failure to timely file its claim. As explained in the Opening Brief, Inacom itself was unexpectedly thrust into bankruptcy and lost most of its employees with valuable knowledge regarding the Owens Corning claims; with a myriad of factors exacerbating the poor condition of its records, Inacom's skeleton crew and agents were confronted with many problems and other pressing tasks and, in this state of disarray, made mistakes contributing to and causing Inacom's failure to timely file a proof of claim.

Notwithstanding Appellant's express acknowledgements that mistakes were made, Appellee discusses at length in its Opening Brief how Inacom was careless and how it should have taken certain actions or steps to avoid the present situation. By doing so, Appellee seeks to suggest that, in effect, these mistakes are the start and end of the analysis. See, e.g., Appellee Opening Brief, pp. 11-12 ("a mere mistake by Appellant's attorneys does not rise to the level of excusable neglect contemplated by the Supreme Court"). Such suggestion, however, is not supported by the case law. The Pioneer court made clear that all relevant circumstances must be weighed, and blamelessness on the part of the movant is not a prerequisite to finding excusable neglect; indeed, "the concept of excusable neglect clearly anticipates ... neglect on the part of the one seeking to be excused." O'Brien, 188 F.3d at 128 (applying Pioneer). As properly explained by one court,

> "In Pioneer it was counsel's inattentiveness that resulted in a late filed proof of claim. This Court finds that, similarly, it was counsel's inattentiveness in the case at bar that resulted in the

9

> claims not being filed in a timely fashion. While it is true that the Black's Law Dictionary definition of excusable neglect does not apply when client or counsel was inattentive, the Pioneer Court specifically rejected that definition in favor of a balancing test ...."

Beltrami Enterprises, 178 B.R. at 391-92. See also Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 322 (3d Cir. 2001) (Pioneer analysis "eschews any per se rule that excusable neglect is unavailable to a party whose untimely filing was due to circumstances within his or her control").

Application of the Pioneer analysis, viewed properly as a balancing test, in the instant matter tilts substantially in favor of finding excusable neglect: Because Inacom's delay was not due to bad faith or improper motive but was the result of good faith mistakes made under exceptionally adverse circumstances confronting Inacom, taken together with the other Pioneer factors, the admitted mistakes in this case were excusable. See also In re Ferguson, 204 B.R. 202, 210 (Bankr. N.D.Ill. 1997) (finding excusable neglect with respect to plaintiff attorneys' failure to timely serve summons after filing complaint, where staffing and record relocation problems had contributed to the failure, plaintiff and attorneys had acted in good faith, and there was no prejudice to debtor), motion to vacate denied by 210 B.R. 785 (Bankr. N.D.Ill. 1997); Beltrami Enterprises, Inc., 178 B.R. at 391-92 (finding excusable neglect after weighing all Pioneer factors, even though creditor's counsel had received proper notice but failed to timely file claim due to "counsel's inattentiveness").

3.  **Appellee's Attempt To Focus The *Pioneer* Analysis On The Length Of The Delay Ignores The Fact That, Irrespective Of The Delay, There Will Be No Cognizable Effect On Appellee's Proceedings If Appellee's Motion Were To Be Granted.**

In its Opening Brief, Owens Corning asserts that the delay by Inacom was "extraordinary." Appellee Opening Brief, p. 14. Admittedly, the length of the delay at here is not insubstantial, but courts applying the Pioneer factors have made clear that the length of the subject delay is not dispositive. See, e.g., Chemetron, 72 F.3d at 349-50 (remanding excusable neglect issue to bankruptcy court where, even though creditors sought to file claims more than four years after bar date, lower courts had not undertaken the requisite comprehensive analysis required under Pioneer); In re National Steel Corp., 2004 U.S. Dist. LEXIS 16744, at *8 ("courts have made clear that there is no specific amount of time after which delay is inexcusable"). In fact, various courts in the Third Circuit have found excusable neglect in cases involving delays of a couple of years or more. See, e.g., Pro-Tec Services, 2004 WL 2283599, at *6-*7 (finding excusable neglect based on consideration of all factors, even though creditor did not seek relief until two years and ten months after the original claim objection had been filed and two years and nine months after the order disallowing creditor's claim); Beltrami, 178 B.R. at 392-93 (finding excusable neglect although creditor and his counsel were at all relevant times aware of the bankruptcy case and received notice of claims bar date and there was no dispute as to the propriety of the notice, but failed to file claim until approximately two years and three months after bar date).

Further, Appellee acknowledges in its brief that no reorganization plan has been confirmed in its case (thus, of course, no distributions to general unsecured creditors have yet

11

been made). In such circumstance, irrespective of the length of the delay, there will be no harm to Appellee. See, e.g., Mother Hubbard, 152 B.R. at 193 n. 9 ("because no plan of reorganization has been confirmed and the Debtor continues in chapter 11 as a debtor in possession, this court views the delay to the debtor and any impact on efficient court administration as nonfactors"); Beltrami, 178 B.R. at 392 (where no plan had yet been confirmed, "[w]e conclude that the length of the delay is not a factor in this case at this time with regard to the court administration of this case"). See also Sacred Heart Hospital of Norristown, 186 B.R. at 895 ("[A] tactical, bad faith delay which adversely affects the debtor's interests and reorganizational efforts, and a delay which has the same effect due to the length of time of the delay, would be likely to result in a denial of an extension [to file a claim]. However, a long and logically unjustified delay which nevertheless has no significant impact on the debtor's case should, in our view, often be deemed excusable.").

### C. Appellant Has Undisputedly Acted in Good Faith.

At all relevant times, through the entire series of events and circumstances (discussed in detail in the Opening Brief) contributing to Appellant's failure to timely file its proof of claim, Inacom has acted in good faith, and Owens Corning has acknowledged that "[t]here is nothing in the record to conclude that Appellant acted in bad faith." Appellee Opening Brief, p. 17.

### III. CONCLUSION

For the reasons set forth in Appellant's Opening Brief and herein, the Bankruptcy Court's Order denying Appellant's Motion should be reversed and Appellant should be permitted to late-file its proof of claim as sought by the Motion.

Dated: February 16, 2006

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/ Sandra G. M. Selzer*

Laura Davis Jones (Bar No. 2436)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel to Appellant