# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INACOM CORP. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-852 |
| | : | |
| OWENS CORNING, *et al.* | : | (Bankruptcy Case No. 00-3837) |

MEMORANDUM AND ORDER

Fullam, Sr. J.　　　　　　　　　　　　　　　　　　　　　　　　　March 30, 2006

　　　Inacom Corporation appeals from the November 9, 2005 Order of the Bankruptcy Court denying its "Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1)." The Order will be affirmed, although on different grounds than stated by the Bankruptcy Court.

　　　Inacom had filed for bankruptcy on June 16, 2000; most of its employees were terminated, and its records were left in disarray. Owens Corning filed its bankruptcy petition on October 5, 2000, and listed as disputed eight different Inacom-related claims, totaling $3.2 million, on its schedules. Inacom knew of the Owens Corning bankruptcy, and knew of claims Inacom had against Owens Corning. On November 21, 2001 the Bankruptcy Court set April 15, 2002 as the claims bar date in the Owens Corning bankruptcy. Inacom received notice of the claims bar date, but no proof of claim was filed. Inacom only realized its error in November 2004 when a third party claims trader sought to purchase Inacom's claims against Owens Corning. Inacom then attempted to reach agreement with Owens Corning to allow the late-filed

proof of claim; Owens Corning declined to agree. Inacom filed the motion at issue here nearly a year later, on September 19, 2005.

Inacom argued before the Bankruptcy Court that its failure to file a timely proof of claim was the result of "excusable neglect." The Bankruptcy Court heard argument on the motion on October 24, 2005 and determined that Inacom had made a mistake in thinking that it had filed a claim, but because "it certainly decided affirmatively not to file" a claim there was no neglect. Appx. at 279, 287. The motion therefore was denied. On appeal, Inacom again argues that its failure constituted excusable neglect. I agree that Inacom's actions constituted neglect, rather than deliberate action. But because the record amply supports finding that the neglect was not excusable, the motion was properly denied.

Bankruptcy Rule 9006(b)(1) states that "the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The Supreme Court has held that "neglect" includes "both simple, faultless omissions to act and, more commonly omissions caused by carelessness." Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 388 (1992). Determining whether the neglect is "excusable" requires the equitable evaluation of all relevant circumstances, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Clients must be held accountable for the acts and omissions of their attorneys; "the proper focus is upon whether the neglect of [appellant] *and [its] counsel* was excusable." Id. at 397.

2

From the record, it appears that Inacom did not decide not to file a claim; instead its employees and counsel mistakenly thought that a claim had been filed. Counsel represented at the hearing that:

> the most critical mistake here, was that the Owens claim was listed on the schedule, and that was a scheduled [*sic*] prepared by a paralegal at our firm and discussed with [Inacom's employee] on frequent occasions, almost on a weekly basis, critically on that schedule the Owens claim was listed, but unfortunately it was listed as a claim that had been filed in the Owens bankruptcy. So that claim was on a schedule, everybody thought it had been filed in the Owens bankruptcy, and as we all know it was not.

App. at 284. In this case, the failure to file a proof of claim is better viewed as an omission caused by carelessness, that is, neglect. Although Inacom acted in good faith, the neglect was not excusable.

The facts in evidence demonstrate a genuine risk of prejudice to Owens Corning from allowing Inacom's late-filed claim. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 127 (3d Cir. 1999). Because claims buyers constantly monitor and solicit potential claimants, allowing Inacom's claim would open the floodgates to other late-filed claims. According to Owens Corning, although approximately 25,000 claims were filed, more than 204,000 creditors and potential creditors were given notice of the bar date. Appellee's Brief at 16. Two other parties have filed motions to extend the time for filing claims since Inacom's motion was filed. Id.[1] Two claims do not a flood make, but they do demonstrate that the danger of prejudice is not simply speculative.

---

[1] The evidence of these other motions was not before the Bankruptcy Court. Owens Corning filed in this Court a "Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201, or in the Alternative, to Supplement the Record Pursuant to Federal Rule of Appellate Procedure 10(e)." The motion, which was not opposed, will be granted.

3

Inacom filed its motion three years and five months after the bar date, which it concedes is a long time, but argues that there because no plan has been confirmed, and no distributions made, there will be no impact on the proceedings. However, "thousands of individual claims are outstanding against Debtors; the sheer scale presents a formidable problem of management. The strict bar date provided by the Bankruptcy Court was intended, in part, to facilitate the equitable and orderly intake of those claims." In re American Classic Voyages Co., 405 F.3d 127 (3d Cir. 2005). Inacom's delay affects the orderly management of the case and is extreme in "absolute terms." O'Brien, 188 F.3d at 129.

Most compellingly against excusing the neglect, the cause of the delay lies entirely with the creditor. Unlike in Pioneer and O'Brien, the debtor did nothing to confuse Inacom. Owens Corning timely sent proof of claim forms to Inacom. Inacom received the forms and understood their import. The fault lies solely with Inacom and its counsel in relying upon a paralegal-prepared document that listed the claim as filed when it had not been. Inacom stresses its lack of employees and organizational structure, but offers no reason why counsel did not see to the timely filing of the proof of claim. The situation would not have arisen if counsel had: 1) checked their own files to verify that they had a copy of the filed proof of claim; 2) checked the claims matrix in the bankruptcy court to confirm Inacom's proof of claim had been filed; or 3) made any inquiries as to the status of the claim in the two and a half years between the bar date and the inquiry from the prospective claim purchaser in November of 2004. The Court in Pioneer specifically held that counsel's actions are relevant to a determination of excusable neglect, 507 U.S. at 388, and it was not reasonable simply to rely on a paralegal-prepared schedule. Then, after realizing that no claim had been filed, Inacom waited another 10 months,

4

until September 2005, before it moved for allowance of a late proof of claim. Even allowing time for an attempt to reach agreement with Owens Corning this further delay does not evince a determination to rectify its error promptly.

Inacom and its counsel were solely responsible for the failure to file a proof of claim by the bar date. In a bankruptcy, especially one as complex as Owens Corning's, creditors must take some responsibility for their claims. Inacom failed to do so. The Order of the Bankruptcy Court will be affirmed.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INACOM CORP. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-852 |
| | : | |
| OWENS CORNING, *et al.* | : | (Bankruptcy Case No. 00-3837) |

## ORDER

AND NOW, this 30th day of March 2006, IT IS ORDERED that:

1. Owens Corning's Motion for Judicial Notice Pursuant to Federal Rule of Evidence 201, or in the Alternative, to Supplement the Record Pursuant to Federal Rule of Appellate Procedure 10(e) is GRANTED.

2. The Order of Bankruptcy Judge Judith K. Fitzgerald dated November 9, 2005, denying Inacom Corporation's Motion to Allow the Filing of a Proof of Claim After the Deadline for Filing Proofs of Claim Pursuant to Bankruptcy Rule 9006(b)(1) is AFFIRMED for the reasons stated in the accompanying memorandum.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,      Sr. J.

6